IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

UNITED STATES OF AMERICA

v.                                          Case number: 2:21-cr-00127

RAYMOND DUGAN

**MEMORANDUM OPPOSING BLANKET PROTECTIVE ORDER**

Now comes the defendant, Raymond Dugan in opposition to a blanket protective order encompassing all discovery disclosures and placing burdensome and unwarranted restrictions on the defense's attorney-client relationship and the handling and use of discovery disclosures. The defendant does not object to a reasonable protective order. The government does not seek a reasonable protective order. Counsel for the government has informed the defense that it will seek an unreasonably and unnecessarily overbroad protective order without good cause as required by Rule 16 (d) of the Federal Rules of Criminal Procedure. Therefore, this Court should deny any motion of the government to place **all** discovery disclosures under a restrictive protective order.

Counsel and defendant understand and agree that **some** discovery disclosures in this case will likely be proper subjects of a reasonable protective order. The defense does not oppose this court placing appropriate restrictions on specifically identified items disclosed in discovery for which the government can establish good cause to forbid copying or delivery to the defendant or any other person, and to require counsel to be present with the defendant when defendant

reviews the items. For reasons known only to the government, it has declined to seek an order limited to discovery disclosures for which good cause exists to inhibit and restrict the defense's ability to prepare for trial in a timely fashion.

Among the items the government is required to disclose, the following items are not proper subjects of protective order: (1) Defendant's Oral Statement; (2) Defendant's Written or Recorded Statement; (3) Defendant's Prior Record; (4) Defendant's Prior Record; (5) Reports of Examinations and Tests; (6) Identity of Expert Witnesses and a written summary of any testimony the government intends to use under Rules 702, 703, or 705 of the Federal Rules of Evidence. No good cause exists to forbid counsel to make copies of the items above and to provide them to his client so they can be read outside the presence of counsel.

As for items the government is mandated to disclose pursuant to Rule 16 (a)(1)(E) F.R. Crim. P. (2021), counsel can readily envision that certain "books, papers, documents, data, photographs, tangible objects, buildings or places, or copies or portions of any of these items," may be proper subject for a protective order restricting the defense and imposing handling requirements. Counsel cannot envision why the government asserts it is unable to specifically identify which of the items it believes require protection. The government used to be able to accomplish such tasks. In counsel's experience, language such as excerpted here has been routinely included in protective orders:

> **.... It is ORDERED that counsel for the United States clearly identify to defense counsel those discovery materials that it deems in need of protection**. Such materials shall be clearly marked, "Restricted Access." If a compact disc or DVD is marked "Restricted Access," the term "Restricted Access" applies to the entire contents of the compact disc or DVD.

>It is further ORDERED that items marked "Restricted Access" which are disclosed to the defendant's counsel, must be maintained in a secure location in the counsel's office. Counsel for the defendant may not photocopy, photograph or make any other facsimile, electronic or otherwise, of the "Restricted Access" discovery items. Counsel is further ordered not to remove "Restricted Access" materials from his office except to review said materials with his client under counsel's supervision, or for use in court hearings. Counsel is further ORDERED to handle said materials in such a manner that no person shall photocopy, photograph or make any other facsimile, electronic or otherwise, of the "Restricted Access" discovery or remove "Restricted Access" discovery from counsel's office or any other authorized location.
>
>It is further ORDERED that counsel for the defendant herein, including representatives, agents, or staff of counsel, are prohibited from providing access to "Restricted Access" discovery to the defendant, any representative or agent of the defendant, or any person that is not directly associated with the legal representation of the defendant, except under the terms set forth in this Order.
>
>It is further ORDERED that counsel for the defendant herein is personally responsible for ensuring that "Restricted Access" discovery is not disseminated in a manner in violation of this Order.
>
>The Court also ORDERS that at the conclusion of this case and any direct appeal, defense counsel shall file all materials marked "Restricted Access" with the clerk's office under seal....

(Excerpted from a prior protective order of the United States District Court for the Southern District of West Virginia)

      The defendant does not object to a protective order that is appropriately tailored to protect information which legitimately needs to be protected and shielded from dissemination. The defendant does object to the government's unreasonable attempt to obtain a blanket protective order encompassing all discovery disclosures including those for which no good cause exists to impose such restrictions on the defense. Counsel for the defendant suggested to counsel for the

3

government that the proposed order be revised to accomplish that end and was summarily rebuffed necessitating this filing. Therefore, the defendant asks the court to deny any government motion for a blanket protective order.

                                  Respectfully Submitted,
                                  Raymond Dugan
                                  By counsel,

                                  **s/ David Schles**
                                  David Schles (WV Bar #6375)
                                  815 Quarrier Street
                                  Suite 306
                                  Charleston, WV 25301
                                  (304) 344-1559
                                  Schleslaw@gmail.com

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
# AT CHARLESTON

**UNITED STATES OF AMERICA**

v.  Case number: 2:21-cr-00127

**RAYMOND DUGAN**

CERTIFICATE OF SERVICE

I, David Schles, counsel for defendant, Raymond Dugan do hereby certify that on this 17th day of August 2021, the foregoing MEMORANDUM OPPOSING BLANKET PROTECTIVE ORDER was served upon the following by CM/EMF electronic filing to:

Julie M. White
Assistant United States Attorney
P. O. Box 1713
Charleston, WV 25326-1713

s/ David Schles
David Schles, WV Bar #6375
815 Quarrier Street
Suite 306
Charleston, WV 25301
(304) 344-1559
Schleslaw@gmail.com