IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON

UNITED STATES OF AMERICA

v.                                          CRIMINAL NO. 2:21-cr-00127

RAYMOND DUGAN

PROTECTIVE ORDER

This matter, having come to the Court's attention on the Stipulation for Entry of a Discovery Protective Order submitted by the United States of America and Defendant Raymond Dugan, and the Court, having considered the motion, and being fully advised in this matter, hereby enters the following PROTECTIVE ORDER:

1. This Protective Order governs all investigative reports and search warrant documents, in any format (written or electronic), and information contained therein, that is produced by the government in protected discovery in the above captioned case.

2. The United States will make available copies of protected discovery materials, including those filed under seal, to defense counsel to comply with the government's discovery obligations. The United States will clearly label materials covered by this Discovery Protective Order as PROTECTED.

3. Possession of copies of the protected discovery materials is limited to the attorneys of record, and investigators, paralegals, law clerks, experts and assistants for the

      attorneys of record (hereinafter collectively referred to as members of the defense team).

4. The attorneys of record and members of the defense team may display and review the protected discovery materials with the Defendant. The attorneys of record and members of the defense team acknowledge that providing copies of the protected discovery materials to the Defendant and other persons is prohibited, and agree not to duplicate or provide copies of protected discovery materials to the Defendant and other persons.

5. Nothing in this order should be construed as imposing any discovery obligations on the government or the defendant that are different from those imposed by case law and/or Rule 16 of the Federal Rules of Criminal Procedure.

6. Any discovery material, or information contained therein, that is filed with the Court in connection with pre-trial motions, trial, sentencing, or other matter before this Court, shall be filed under seal and shall remain sealed until otherwise ordered by this Court. This does not entitle either party to seal their filings as a matter of course. The parties are required to comply in all respects to the relevant local and federal rules of criminal procedure pertaining to the sealing of court documents.

7. The provisions of this Order shall not terminate at the conclusion of this prosecution.

8. Any violation of any term or condition of this Order by the Defendant, the Defendant's attorney(s) of record, any member of the defense team, or any attorney for the United States Attorney's Office for the Southern District of West Virginia, may be held in contempt of court, and/or may be subject to monetary or other sanctions as deemed appropriate by this Court.

9. Any protected discovery materials provided pursuant to this Order shall be returned to the United States Attorney's Office, including all copies, within ten days of the completion of the case before the Court or, if an appeal is taken, within ten days of the completion of the case in the United States Court of Appeals for the Fourth Circuit or Supreme Court of the United States.

10. If the Defendant violates any term or condition of this Order, the United States reserves its right to seek a sentencing enhancement for obstruction of justice, or to file any criminal charges relating to the Defendant's violation.

DATED this 27 day of August, 2021.

JOSEPH R. GOODWIN
UNITED STATES DISTRICT COURT JUDGE