```
        IN THE UNITED STATES DISTRICT COURT FOR THE
             SOUTHERN DISTRICT OF WEST VIRGINIA
                          CHARLESTON
```

UNITED STATES OF AMERICA

v.                                    CRIMINAL NO. 2:21-cr-00127

RAYMOND DUGAN

```
         RESPONSE OF THE UNITED STATES OF AMERICA
       TO DEFENDANT'S STANDARD DISCOVERY REQUESTS AND
     REQUEST OF THE UNITED STATES FOR RECIPROCAL DISCOVERY
```

Pursuant to Rule 16 of the Federal Rules of Criminal Procedure, Rule 16.1(a) of the Local Rules of Criminal Procedure, the Arraignment Order and Standard Discovery Request entered by the Court in this case on August 17, 2021, and the Protective Order entered by the Court in this case on August 27, 2021, the United States of America, by counsel, herewith responds to each of defendant's Standard Discovery Requests as follows:

**Request A: Disclose to defendant the substance of any relevant oral statement made by defendant, whether before or after arrest, in response to interrogation by a person the defendant knew was a government agent if the government intends to use the statement at trial. [Fed. R. Crim. P. 16(a)(1)(A)]**

**Response:** On July 21, 2020, the defendant made statements to law enforcement. These statements are detailed in the ROIs, disclosed at DUGAN-PROTECTED-000008-000012 and DUGAN-PROTECTED-000015-000016. A statement was recorded and a copy is provided with the discovery packet.

**Request B:** Disclose to defendant and make available for inspection, copying or photographing, all of the following:

(i) Any relevant written or recorded statement by the defendant if the statement is within the government's possession, custody, or control; and the attorney for the government knows-- or through due diligence could know--that the statement exists. [Fed. R. Crim. P. 16(a)(1)(B)(i)]

**Response:** A copy of one recorded statement is provided with the discovery packet.

(ii) The portion of any written record containing the substance of any relevant oral statement made before or after arrest if the defendant made the statement in response to interrogation by a person the defendant knew was a government agent. [Fed. R. Crim. P. 16(a)(1)(B)(ii)]

**Response:** See responses to Requests A and B.

(iii) The defendant's recorded testimony before a grand jury relating to the charged offense. [Fed. R. Crim. P. 16(a)(1)(B)(iii)]

**Response:** Defendant did not testify before the Grand Jury.

**Request C:** Where the defendant is an organization, e.g., a corporation, partnership, association or labor union, disclose to the defendant any statement described in Fed. R. Crim. P. 16(a)(1)(A) and (B), if the government contends that the person making the statement (i) was legally able to bind the defendant regarding the subject of the statement because of that person's position as the defendant's director, officer, employee, or agent; or (ii) was personally involved in the alleged conduct constituting the offense and was legally capable to bind the defendant regarding that conduct because of that person's position as the defendant's director, officer, employee, or agent. [Fed. R. Crim. P. 16(a)(1)(C)]

**Response:** Not applicable.

**Request D:** Furnish the defendant with a copy of defendant's prior criminal record that is within the government's possession, custody, or control if the attorney for the government knows--or through due diligence could know--that the record exists. [Fed. R. Crim. P. 16(a)(1)(D)]

**Response:** Defendant's criminal history is attached hereto as DUGAN-000057-000059.

**Request E:** Permit the defendant to inspect and to copy or photograph books, papers, documents, data, photographs, tangible objects, building or places, or copies or portions of any of those items, if the item is within the government's possession, custody or control, and (i) the item is material to preparing the defense; (ii) the government intends to use the item in its case-in-chief at trial; or (iii) the item was obtained from or belongs to defendant. [Fed. R. Crim. P. 16(a)(1)(E)]

**Response:** The United States will arrange for inspection of any physical evidence at a time mutually convenient for the parties. Please contact AUSA Julie M. White to arrange a date and time. The United States further discloses the following:

a. Reports of Investigation (DUGAN-PROTECTED-000001-PROTECTED-000024);

b. Custody Receipt (DUGAN-000025-000028);

c. Inventory Log (DUGAN-000029);

d. Diagram (DUGAN-000030-000032);

e. Miranda Form (DUGAN-000033);

f. West Virginia State Police Laboratory Report (DUGAN-000034-000039);

g. American Electric Power Company Subpoena (DUGAN-000040-000048);

h. Suddenlink Communications Subpoena (DUGAN-000049-000056);

i. NNSV Query Result (DUGAN-000057-000059); and

j. Raymond Dugan Interview Audio File (no bates).

**Request F: Permit the defendant to inspect and to copy or photograph the results or reports of any physical or mental examination and of any scientific tests or experiment if (i) the item is within the government's possession, custody, or control; (ii) the attorney for the government knows--or through due diligence could know--that the item exists; and (iii) the item is material to preparing the defense or the government intends to use the item in its case-in-chief at trial. [Fed. R. Crim. P. 16(a)(1)(F)]**

**Response:** Law enforcement is in possession of various computer equipment seized as part of this investigation. Many of these items have been examined forensically. The forensic report contains images and videos of child pornography and child erotica. Upon request and at a time mutually convenient to counsel for the defendant and the government, counsel for the defendant may inspect the contents of the unredacted forensic report. The United States will not permit copying by the defense of any images or videos containing child pornography. Please contact Assistant United States Attorney Julie M. White to arrange a convenient time to view the evidence.

**Request G: Give to the defendant a written summary of any testimony the government intends to use under Rules 702, 703 or 705 of the Federal Rules of Evidence during its case-in-chief at trial. If the government requests discovery under Federal Rules of Criminal Procedure 16(b)(1)(C)(ii) and the defendant complies, the government must, at the defendant's request, give to the defendant a written summary of testimony that the government intends to use under Rules 702, 703, or 705 of the Federal Rules of Evidence as evidence at trial on the issue of the defendant's mental condition. The summary must describe the witness's opinions, the bases and reasons for those opinions, and the witness's qualifications. [Fed. R. Crim. P. 16(a)(1)(G)]**

**Response:** The United States intends to call Corporal Robert J. Boggs of the West Virginia State Police Forensic Laboratory to testify regarding the forensic analysis of the electronics in the case. The testimony will be consistent with the report provided herein at DUGAN-000034-000039. Cpl. Boggs' opinions will be based

on his training and experience, as well as the information provided by NCMEC. Cpl. Boggs' CV will be provided under separate cover.

**Request H: Disclose to defendant all evidence favorable to defendant, including impeachment evidence, and allow defendant to inspect, copy or photograph such evidence.**

**Response**: The United States is unaware of any such evidence, except what may be provided herein.

**Request I: Notify defendant of all evidence the government intends to introduce pursuant to Rule 404(b) of the Federal Rules of Evidence.**

**Response**: The United States intends to introduce into evidence any and all images and videos of child pornography and child erotica distributed, received, or possessed by defendant. These images and videos are available for inspection by counsel for the defendant as referenced in response to Request F. It is the position of the United States that this evidence is necessary to establish elements of the crimes with which the defendant is charged and is "evidence of . . . conduct [arising] out of the same series of transactions as the charged offense, or [evidence that] is necessary to complete the story of the crime on trial" that can be admitted without analysis under Rule 404(b). United States v. Kennedy, 32 F.3d 876, 886 (4th Cir. 1994); see also United States v. Towne, 870 F.2d 880, 886 (2d Cir.), cert. denied, 490 U.S. 1101 (1989) (Evidence is admissible when it is "inextricably intertwined with the evidence regarding the charged offense, or . . . is necessary to complete the story of the crime [on] trial"). Thus, it is the position of the United States that, although this evidence meets the standard for admission under Rule 404(b) of the Federal Rules of Evidence, notice is not required. Notice is hereby given nonetheless. United States v. Chin, 83 F.3d 83, 87-88 (4th Cir. 1996) (acts intrinsic to charged crime do not fall under Rule 404(b)).

**Request J: Disclose to defendant all reports of government "mail cover," insofar as the same affects the government's case against the defendant or any alleged aiders and abettors or co-conspirators.**

**Response:**  Not applicable.

**Request K:**  Disclose to defendant any matter as to which the government will seek judicial notice.

**Response:**  The United States will seek judicial notice that Logan County, West Virginia is within the Southern District of West Virginia.

**Request L:**  Disclose to defendant and make available for inspection, copying or photographing, the results of any interception of a wire, oral or electronic communication in the possession, custody or control of the government, the existence of which is known, or by the exercise of due diligence could become known, to the attorney for the government, which contains any relevant statement made by the defendant or which is material to the preparation of the defendant's defense or which is intended for use by the government as evidence in its case-in-chief at the trial.  For each such interception, disclose (1) any application for an order authorizing the interception of a wire or oral communication; (2) any affidavits filed in support thereof; and (3) any court order authorizing such interception.

**Response:**  Not Applicable.

**Request M:**  Provide notice to defendant of the government's intention to use evidence pursuant to Rule 12(b)(4)(B) of the Federal Rules of Criminal Procedure.

**Response:**  The United States reserves the right to use all information and evidence disclosed herein or made available for inspection and copying pursuant to this Response and such information and evidence which may be discovered and finally provided to defendant.

Any discovery provided that is not mandated by Court order, the Federal Rules of Criminal Procedure, federal statute or federal

case law, is provided voluntarily as a matter of discretion solely to expedite and facilitate litigation of this case.

### REQUEST OF THE UNITED STATES FOR RECIPROCAL DISCOVERY

Pursuant to Rules 16.1(b) and 16.1(d) of the Local Rules of Criminal Procedure, the United States of America requests that defendant provide all applicable reciprocal discovery within 14 days of the service of this response and the provision of materials requested by defendant in the Standard Discovery Request.

Respectfully submitted,

LISA G. JOHNSTON
Acting United States Attorney

By: /s/ Julie M. White
JULIE M. WHITE
Assistant United States Attorney
WV Bar No. 13971
300 Virginia Street, East Room 4000
Charleston, WV 25301
Telephone: 304-345-2200
Fax: 304-347-5104
Email: Julie.white@usdoj.gov

CERTIFICATE OF SERVICE

It is hereby certified that the foregoing "RESPONSE OF THE UNITED STATES OF AMERICA TO DEFENDANT'S STANDARD DISCOVERY REQUESTS AND REQUEST OF THE UNITED STATES FOR RECIPROCAL DISCOVERY" has been electronically filed and service has been made on opposing counsel by virtue of such electronic filing this 30th day of August, 2021 to:

>David Schles, Esq.
>815 Quarrier Street, Suite 306
>Charleston, West Virginia 25301
>Email: Schleslaw@gmail.com

>/s/ Julie M. White
>JULIE M. WHITE
>Assistant United States Attorney
>WV Bar No. 13971
>300 Virginia Street, East Room 4000
>Charleston, WV 25301
>Telephone:  304-345-2200
>Fax: 304-347-5104
>Email:  Julie.white@usdoj.gov