IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON

UNITED STATES OF AMERICA

v.                                    CRIMINAL NO. 2:21-cr-00127

RAYMOND DUGAN

RESPONSE OF THE UNITED STATES
TO DEFENDANT'S MOTION TO SUPPRESS

The United States of America, by Julie M. White, Assistant United States Attorney for the Southern District of West Virginia, objects to Defendant's motion to suppress.

Defendant moves to suppress images of child pornography seized from his residence located at 187 Lewis Lawson Branch Road, Logan, West Virginia 25601, on or about June 11, 2020. Based on his claims, Defendant alleges the items were unlawfully seized because the search warrant lacked probable cause. Defendant further moves to suppress his statement made to Special Agent Michael Fleener as fruit of the poisonous tree. Defendant's motion should be denied because the physical evidence was lawfully seized pursuant to a federal search warrant with sufficient probable cause.

I.   Procedural Background

On July 29, 2021, a federal grand jury indicted Defendant in a single-count indictment, charging him with possession of child

pornography, in violation of 18 U.S.C. §§ 2252A(a)(5)(B) and (b)(2). ECF No. 1.

After obtaining a protective order,[1] the United States provided discovery, including the search warrant and affidavit authorizing agents to search Defendant's residence and seize certain items. ECF Nos. 27, 28, 31, 35.

Defendant has filed a motion to suppress the items seized during the execution of the search warrant at Defendant's residence, to include any digital image or video file containing child pornography. Defendant further requests that his statement to law enforcement be suppressed as fruit of the poisonous tree.

II.  Relevant Facts ███



---

[1] The details of this investigation are highly sensitive and, accordingly, the governm ███



III. <u>The Search Warrant</u>

Based upon this information, Agent Fleener took the next logical step and requested permission to search Defendant's home for evidence. Agent Fleener prepared and signed a lengthy and detailed Affidavit, which contained a plethora of information known to him and related to the investigation. This included:

- Information about Agent Fleener's background and experience with investigations involving the sexual exploitation of children (¶ 1);
- A description of the place to be searched (¶ 2, Attachment A);





On June 8, 2020, United States Magistrate Judge Dwane L. Tinsley determined that the Affidavit set forth sufficient probable cause that child pornography related evidence would be found at Defendant's residence and issued a warrant to search the premises.

The search warrant was executed on June 11, 2020. While executing the warrant, Agent Fleener made contact with Defendant. He was advised of his Miranda rights and signed a waiver of rights form. The subsequent interview was audio recorded and a copy was previously provided to defense counsel. ECF No. 27. During the interview, Defendant admitted to ███████████████████████ ████████████████████████████████████████ Defendant explained that he was ███████████████

███████████████████████████████████

IV.   Relevant Law

The Fourth Amendment ensures a person's right to be "secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." U.S. Const. amend. IV. Typically, a warrant supported by probable cause is required to search a person's residence. See *Maryland v. Buie*, 494 U.S. 325, 331 (1990). "The ultimate touchstone of the Fourth Amendment is 'reasonableness.'" *Kentucky v. King*, 563 U.S. 452, 459 (2011) (citing *Brigham City v. Stuart*, 547 U.S. 398, 403 (2006)).

A. Search Warrant

After a search warrant has been issued, "great deference" is given to the probable cause determination of the judicial officer who signed the warrant. *United States v. Montieth*, 662 F.3d 660, 664 (4th Cir. 2011) (quoting *United States v. Blackwood*, 913 F.2d 139, 142 (4th Cir. 1990)); *United States v. Blackwood*, 913 F.2d 139, 142 (4th Cir. 1990). Probable cause has been described as "a fair probability that contraband or evidence of a crime will be found in a particular place." *Illinois v. Gates*, 462 U.S. 213, 238 (1983). The probable cause standard does not "require officials to possess an airtight case before taking action," *Taylor v. Farmer*, 13 F.3d 117, 121 (4th Cir. 1993), but rather probable cause is

found "where the known facts and circumstances are sufficient to warrant a man of reasonable prudence in the belief that contraband or evidence of a crime will be found." *Ornelas v. United States*, 517 U.S. 690, 696 (1996). Probable cause is not intended to be a high bar for law enforcement to meet. *United States v. Bosyk*, 933 F.3d 319, 325 (4th Cir. 2019) (internal quotations omitted).

A review of a magistrate judge's probable cause determination is therefore limited to whether the judge had a "substantial basis for determining the existence of probable cause." *Montieth*, 662 F.3d at 664 (quoting *Gates*, 462 U.S. at 239).

B. Good Faith Exception

Even when a court finds that a search warrant is so lacking that it must be invalidated, under the good faith exception, "evidence obtained from an invalidated search warrant will be suppressed only if the officers were dishonest or reckless in preparing their affidavit or could not have harbored an objectively reasonable belief in the existence of probable cause." *United States v. Lalor*, 996 F.2d 1578, 1583 (4th Cir. 1993) (internal quotation marks omitted). In other words, the good faith exception applies unless "a reasonably well-trained officer ... [should] have known that the search was illegal despite the [judicial officer]'s authorization." *United States v. Leon*, 468 U.S. 897, 922 n.23 (1984).

When assessing whether the good faith exception is applicable, "[u]sually, searches conducted pursuant to a warrant will rarely require any deep inquiry into reasonableness, for a warrant issued by a magistrate normally suffices to establish that a law enforcement officer has acted in good faith in conducting the search." *United States v. Perez*, 393 F.3d 457, 461 (4th Cir. 2004) (internal citations omitted). However, four exceptions apply in which an officer's reliance upon a warrant is objectively unreasonable:

> (1) when the issuing judge "was misled by information in an affidavit that the affiant knew was false or would have known was false except for his reckless disregard of the truth"; (2) when "the issuing magistrate wholly abandoned his judicial role in the manner condemned in Lo-Ji Sales, Inc. v. New York, 442 U.S. 319, 60 L. Ed. 2d 920, 99 S. Ct. 2319 (1979)"; (3) when "an affidavit [is] so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable"; or (4) when "a warrant [is] so facially deficient - i.e., in failing to particularize the place to be searched or the things to be seized - that the executing officers cannot reasonably presume it to be valid."

*Id*.

Looking to the third factor, which requires that the affidavit is so lacking in factual support so as to render it completely unreasonable to believe it establishes probable cause, such a "bare bones" affidavit is "one that contains wholly conclusory statements which lack the facts and circumstances from which a

magistrate can independently determine probable cause." *United States v. Wilhelm*, 80 F.3d 116, 123 (4th Cir. 1996). Typically, such an affidavit is one that "merely recites the conclusions of others – usually a confidential informant – without corroboration or independent investigation of the facts alleged." *United States v. Johnson*, 4 F. App'x 169, 172 (4th Cir. 2001). To determine if it would have been objectively reasonable for the officer executing the search warrant to rely upon it as supported by probable cause, a court may look beyond the warrant itself and consider any "uncontroverted facts known to the officers but inadvertently not disclosed to the magistrate." *United States v. McKenzie-Gude*, 671 F.3d 452, 459 (4th Cir. 2011).

The "*sole* purpose of the exclusionary rule is to deter misconduct by law enforcement." *Davis v. United States*, 564 U.S. 229, 246 (2011). Exclusion is thus a "last resort" to be used only where it "results in appreciable deterrence" of police misconduct. *Herring v. United States*, 555 U.S. 135, 140 (2009). "[W]hen the police act with an objectively reasonable good-faith belief that their conduct is lawful, or when their conduct involves only simple, isolated negligence, the deterrence rationale loses much of its force and exclusion cannot pay its way." *Davis*, 564 U.S. at 238 (internal citations omitted).

C. *Franks* Hearing

While a defendant "is generally not entitled to challenge the veracity of a facially valid" affidavit, the Supreme Court has "carved out a narrow exception to this rule, whereby an accused is entitled to an evidentiary hearing[.]" *United States v. Allen*, 631 F.3d 164, 171 (4th Cir. 2011) (citing *Franks v. Delaware*, 438 U.S. 154, 155–56 (1978)). The purpose of a *Franks* hearing is to "prevent the admission of evidence obtained pursuant to warrants that were issued only because the issuing magistrate was misled into believing that there existed probable cause." *United States v. Friedemann*, 210 F.3d 227, 229 (4th Cir. 2000). In order to demonstrate the need for a *Franks* hearing, Defendant must satisfy a two-part test – (1) the intentionality prong and (2) the materiality prong. Defendant has a heavy burden of establishing a need for a *Franks* hearing. *United States v. Jeffus*, 22 F.3d 554, 558 (4th Cir. 1994). In order to make the "rigorous" showing necessary for a *Franks* hearing, a defendant must provide more than conclusory assertions or a desire to cross-examine the affiant; he "should include affidavits or other evidence to overcome the presumption of the warrant's validity." *United States v. Clenney*, 631 F.3d 658, 663 (4th Cir. 2011).

Defendant must first fulfill the intentionality prong. This prong requires that Defendant make a "substantial preliminary showing that a false statement knowingly and intentionally, or

with reckless disregard for the truth, was included by the affiant in the warrant affidavit." *Franks*, 438 U.S. at 155-56 (quotations omitted). To warrant a *Franks* hearing, Defendant must do more than show ambiguity or lack of clarity in the affidavit; instead he must show that the officer *affirmatively tried to mislead* the magistrate judge. *United States v. Chavez*, 902 F.2d 259, 265 (4th Cir. 1990).

Defendant must next meet the materiality prong, which requires a showing that the information at issue must be essential to finding probable cause. *Franks*, 438 U.S. at 155-56. In other words, if the offending information is removed from the affidavit and sufficient probable cause exists from the remaining information, no *Franks* hearing is triggered. *United States v. Lull*, 824 F.3d 109, 111-12 (4th Cir. 2016).

Importantly, when a defendant claims that an affidavit is misleading based on omissions, he faces an even higher burden. He must show that omissions were "*designed to mislead*, or . . . [were] made *in reckless disregard of whether they would mislead*." *Clenney*, 631 F.3d at 664 (emphasis in original) (quoting *United States v. Colkley*, 899 F.2d 297, 301 (4th Cir. 1990)). He also must show that including the omissions in the affidavit "would defeat probable cause." *Id.* This heightened burden exists because "invalidating warrants for omissions potentially opens officers to endless conjecture about the investigative leads, fragments of

12

information, or other matters that might, if included, have redounded to the defendant's benefit," leading to "endless rounds of *Franks* hearings to contest facially sufficient warrants." *United States v. Young*, 260 F. Supp. 3d 530, 555 (E.D. Va. 2017) (citing *Colkley*, 899 F.2d at 301).

D. Fruit of the Poisonous Tree

A statement made by a suspect after an invalid search warrant may be subject to exclusion because "physical entry of the home is the chief evil against which the wording of the Fourth Amendment is directed." *Payton v. New York*, 445 U.S. 573, 585-86 (1980) (quoting *United States v. U.S. Dist. Ct. for E. Dist. of Mich., S. Div.*, 407 U.S. 297, 313 (1972)). The law is clear that physical evidence obtained during illegal entry is subject to the exclusionary rule. *Wong Sun v. United States*, 371 U.S. 471, 485-86 (1963). The Fourth Amendment may also protect against verbal statements as well, if they are made "so immediately from an unlawful entry ... as the officers' action in the present case is no less the 'fruit' of the official illegality than the more common tangible fruits of the unwarranted intrusion." *Id.* (internal citations omitted).

V.    Discussion

    A.   The Search Warrant is Supported by Sufficient Probable
        Cause.

The search warrant signed by United States Magistrate Judge Tinsley contained sufficient probable cause to justify its issuance. The affidavit explains ███████████████████████ ████████████████████████████████████████████████ ████████████████████████████████████████████████ ████████████████████████████████████████████████ ████████████████████████████████████████████████ ████████████████████████████████████████████████ ████████████████████████████████████████████████ ████████████████████████████████████████████████ ████████████████████████████████████████████████ ████████████████████████████████████████████████ ████████████████████████████████████████████████ ████████████ ████████████████████████████████████████████ ████████████████████████████████████████████████ ████████████████████████████████████████████████ ████████████████████████████████████████████████ ████████████████████████████████████████████████ ████████████████████████████████████████████ As the law requires, the affidavit linked criminal activity — ██████

14

████████████████████████████████████████████

████████████████████████████████████████████

████████████████ — to the place to be searched, and provided the
neutral magistrate judge with a reasonable basis to conclude that
there was a "fair probability" that contraband would be found
there.

Courts across the country agree that probable cause exists to
search a home when an ████████████████████████████████
████████████████████████████   ██████████████████
████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████   ████████████   ██████████

3 ████████   ████████████   ████████████████████
████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████

15



---

[4] See also



While Defendant makes bold assertions that the United States ███████████████████████████████████████████████████, Defendant provides no proof to support his claim. Instead, he has simply concocted this story to support his motion without any truthful basis for it. ███████████ ███████████████████████████████████████████████ ███████████████████████████████████████████████ ██████████████████ This unsupported, inflammatory argument

should be disregarded completely by the Court as it is wholly without basis or merit.

Similarly, Defendant argues that ████████████████████
████████████████████████████████████████████████████
████████████████████████████████████████████████████
████████████████████████████████████████████████████
████████████████████████████████████████████

This argument is likewise without basis or merit. Defendant offers no evidence to support this farfetched theory that some ████████████████████████████████████████████████████
████████████████████████████████████████████████████
██████████████████████████     ██████████████████████
████████████████████████████. It appears that Defendant is arguing ████████████████████     ██████████████████
████████████████████████, and Defendant seeks to suppress any evidence recovered ████████████████████ as a violation of the Fourth Amendment. There is simply no evidence that this happened, that Defendant would have any standing ████
████████████████████████████████████████████████████
████████████████████████████████████ Quite simply, Defendant is making up accusations without any factual or legal support in a last-ditch attempt to avoid being held accountable for the crime with which he is charged.

18

B. <u>Defendant Has Failed to Meet his Burden to Trigger a *Franks* Hearing.</u>

Defendant has failed to meet his heavy burden of demonstrating Agent Fleener intentionally falsified information or acted in reckless disregard of the truth in swearing out his affidavit, and he is therefore not entitled to a *Franks* hearing. Defendant first claims that Agent Fleener included false and misleading information into ██████████████████████████████████

Defendant next claims that Agent Fleener obscured the truth ████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████

While Defendant makes bold assertions maligning Agent Fleener's character, he does not support his false claims with evidence, as required to justify a *Franks* hearing. Instead, a reading of the affidavit makes it clear that the investigation

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

19

Defendant is aware of this information from the previously provided discovery.

Seemingly unsatisfied with his ability to challenge the search warrant with respect to



As an initial matter, Defendant does not — and, indeed, cannot — assert that this portion of the affidavit intentionally misrepresented or omitted any information from the pertinent documents ▮▮▮▮▮, which he has received. Rather, to justify a future *Franks* hearing, he suggests that something contradictory or impeaching might exist based on his conjecture that this investigation must have had nefarious activity on the part of law enforcement. This patchwork of assorted information unrelated to the facts and circumstances of Defendant's actual case fails to amount to a "substantial preliminary showing" under *Franks*.

As Defendant cannot demonstrate that Agent Fleener included any false or misleading information in his affidavit, much less included it intentionally, Defendant has failed to meet his heavy burden. His request for a *Franks* hearing should be denied.

C. Even if the Court Finds Insufficient Probable Cause for the Search Warrant, the Good Faith Exception Applies.

Further, even if the Court were to find that the affidavit lacked probable cause, Agent Fleener's recovery of the electronics should fall within the good faith exception. Agent Fleener accurately presented all relevant information to the magistrate judge. The affidavit was ███████████████████████████ ████████████████████████████████████████████ ████████████████████████████████████ ████████████████████████████ Therefore, Agent Fleener was acting in good faith when he relied upon the signed search warrant when seizing the electronics from Defendant's home.

Defendant has failed to demonstrate that the warrant falls into any of the four exceptions to good faith. First, there is no allegation that Judge Tinsley was misled by information that Agent Fleener knew to be false. Instead, Agent Fleener accurately presented the information ██████████████████████ Second, there is no claim that Judge Tinsley abandoned his judicial role. Third, the affidavit is clearly supported by probable cause, as previously discussed above. Finally, the warrant states with

particularity the place to be searched and items to be seized, thus the fourth exception is inapplicable as well.

Instead, this is clearly a situation where law enforcement received a reliable lead, investigated it, and obtained a federal search warrant to proceed. This is not the type of behavior we are trying to deter, rather, it is exactly the behavior we hope to encourage in law enforcement. The exclusionary rule does not apply in these situations.

For these reasons, Defendant's motion should be denied even if the Court were to find that the search warrant affidavit lacked sufficient probable cause.

D. The Defendant's Statement is Admissible and Not Fruit of the Poisonous Tree.

Defendant challenges the admissibility of his statement solely as an extension of his search warrant argument. Because the search warrant is supported by probable cause, Defendant's statement made during the search warrant execution is not fruit of the poisonous tree. The United States asserts, as discussed above, that the warrant was properly issued with probable cause; thus Defendant's statement is not subject to suppression.

VI.   <u>Conclusion</u>

For the foregoing reasons, this Court should deny Defendant's motion to suppress.

Respectfully submitted,

WILLIAM S. THOMPSON
United States Attorney

/s/Julie M. White
Assistant United States Attorney
WV Bar No. 13971
300 Virginia Street East Room 4000
Charleston, WV 25301
Telephone:  304-345-2200
Email:  Julie.white@usdoj.gov

<u>CERTIFICATE OF SERVICE</u>

It is hereby certified that the foregoing "Response of the United States to Defendant's Motion to Suppress" has been electronically filed and service has been made on opposing counsel by virtue of such electronic filing this the 25th day of April, 2022, to:

David Schles, Esq.
815 Quarrier Street
Suite 306
Charleston, WV  25301

/s/Julie M. White
Assistant United States Attorney
WV Bar No. 13971
300 Virginia Street East Room 4000
Charleston, WV 25301
Telephone:  304-345-2200
Fax:  304-347-5104
Email:  Julie.white@usdoj.gov