IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON

UNITED STATES OF AMERICA

v.                                    CRIMINAL NO. 2:21-cr-00127

RAYMOND DUGAN

RESPONSE OF THE UNITED STATES
TO DEFENDANT'S MOTION TO COMPEL DISCOVERY

The United States of America, by Julie M. White, Assistant United States Attorney for the Southern District of West Virginia, responds to Defendant's motion to compel discovery, and respectfully requests that it be considered moot in part and be denied in remaining part.

I.   Procedural Background

On July 29, 2021, a federal grand jury indicted Defendant in a single-count indictment, charging him with possession of child pornography, in violation of 18 U.S.C. §§ 2252A(a)(5)(B) and (b)(2). ECF No. 1.

After obtaining a protective order,[1] the United States provided discovery in a timely manner. ECF Nos. 27, 28, 31, 35. The discovery packets included copies of the search warrant and

_____

[1] The details of this investigation are highly sensitive and, accordingly, the governm█████████████████████████████████
█████████████████████████████████████████████████
████████████████████████████████████          ▁▁▁

affidavit, documents prepared by HSI during the course of its investigation into Defendant, photographs and a video taken during the execution of the search warrant, a recording of Defendant's interview, a laboratory report, administrative subpoenas, ██████████████████████████████████████████. The United States has also informed Defendant that it has physical evidence and evidence containing child pornography that it can make available for review at the appropriate government facility.

Defendant has now filed a motion to compel additional discovery pursuant to Rule 16 of the Federal Rules of Criminal Procedure and *Brady v. Maryland* and its progeny.

II.   Relevant Facts





III. Defendant's Discovery Requests

Defendant makes his first request for additional discovery in the form of a Motion to Compel, filed under seal April 11, 2022. This motion requests (11) separate pieces of information. The United States will address each request in turn.

(1) ██████████████████████████████████████
██████████████████████ in the government's prior discovery disclosures.

Response: The United States has previously disclosed the ██████████████████████████████████████
████████ at DUGAN-PROTECTED-000396-000397. This was provided to defense counsel on November 9, 2021.

(2) ██████████████████████████████████████ in the government's prior discovery disclosures.

4

Response: The United States has previously disclosed the

█████████████████████████████████████████ at

DUGAN-PROTECTED-000398-000402. This was provided to defense

counsel on November 9, 2021.

(3)   ████████████████████████████████████████████

████████████████████████

Response: The United States does not have ████████████

████████████    The United States has previously provided ████

████████████████████████ at DUGAN-PROTECTED-000398-000402

on November 9, 2021.

(4)   All evidence which supports the government's claim ████████

███████████████████████████████████████.

Response: The United States has previously provided the

information ████████████████████████████████████████

██████████████ at DUGAN-PROTECTED-000030-000123. This was

provided to defense counsel on September 1, 2021.

(5)   ████████████████████████████████████████████

████████████████████████████████████████████

██████████████████████████.

Response: The United States does not have in its possession

the requested materials. Further, Defendant is not entitled

to this information, as it has no bearing on the conduct for

which he is charged, that is, possession of child pornography

on June 11, 2020, at his residence in Logan County, West
Virginia.

(6)


Response: The United States does not have in its possession
the requested materials. Further, Defendant is not entitled
to this information, as it has no bearing on the conduct for
which he is charged, that is, possession of child pornography
on June 11, 2020, at his residence in Logan County, West
Virginia.

(7)

Response: The United States does not have in its possession
the requested materials. Further, Defendant is not entitled
to this information, as it has no bearing on the conduct for
which he is charged, that is, possession of child pornography

6

on June 11, 2020, at his residence in Logan County, West
Virginia.

(8) 

    Response: This request is overly broad, unreasonable in
scope, and beyond the scope of the crime for which the
Defendant stands accused.

(9)

    Response: This request is overly broad, unreasonable in
scope, and beyond the scope of the crime for which the
Defendant stands accused.

(10)



Response: The United States does not have information about

████████████████████████ beyond what has previously been

disclosed.

(11) ████████████████████████████████████████████

████████████████████████████████████████████

███████████ ██████████ ███ █████████ █████ ██ █████████

████████████████████████████████████████████

███████████

Response: The United States does not have information about

████████████████████████ beyond what has previously been

disclosed.

IV. <u>Argument: Items 5-11 are Beyond the Scope of Discovery</u>.

"Generally, criminal defendants do not have a constitutional

right to discovery, absent a statute, rule of criminal procedure,

or some other entitlement." *United States v. Palacios*, 677 F.3d

234, 246 (4th Cir. 2012) (internal citations omitted). The United

States is aware of its Rule 16, *Jencks*, *Brady*, and other discovery

obligations and has complied with, and will continue to comply

with, both the letter and spirit of those obligations. In his

motion, however, Defendant seeks to compel the government to turn

over additional, irrelevant information to which he is not

entitled. Rather than seeking discovery that is related to the

8

offense charged – the possession of child pornography by Defendant on June 11, 2020, at his residence in Logan, West Virginia – Defendant is setting out on an improper fishing expedition to attempt to bolster his speculative claims regarding the underlying probable cause for the federal search warrant issued in his case. Defendant's motion fails to demonstrate that the wide-ranging evidence he seeks is material and discoverable under any of the relevant rules, standards, or caselaw, and it should therefore be denied.

A. Defendant Has Failed to Show that the Requested Evidence is Material to his Defense Under Rule 16 and *Franks*.

Under Rule 16 of the Federal Rules of Criminal Procedure, a defendant has a right to inspect documents, data, or tangible objects "if the item is within the government's possession, custody, or control and: (i) the item is material to preparing the defense; (ii) the government intends to use the item in its case-in-chief at trial; or (iii) the item was obtained from or belongs to the defendant." Fed. R. Crim. P. 16(a)(1)(E). With respect to the materiality prong, "in the context of Rule 16, 'the defendant's defense' means the defendant's response to the Government's case in chief." *United States v. Armstrong*, 517 U.S. 456, 462 (1996). In interpreting Rule 16, the Fourth Circuit has stated that the defendant bears the burden of proving that the information sought "would . . . actually help[] prove his defense." *United States v.*

*Caro*, 597 F.3d 608, 621 (4th Cir. 2010) (internal citations omitted).

The Fourth Circuit has also stated that a defendant can satisfy his burden of proving the materiality of information requested under Rule 16 by showing that "there is a strong indication that it will 'play an important role in uncovering admissible evidence, aiding witness preparation, corroborating testimony, or assisting impeachment or rebuttal'." *Id.* (quoting *United States v. Lloyd*, 992 F.2d 348, 351 (D.C. Cir. 1993)). Put differently, to prove materiality under Rule 16, the defendant must provide "some indication that the pretrial disclosure of the disputed evidence would . . . enable[] the defendant significantly to alter the quantum of proof in his favor." *Id.* (quoting *United States v. Ross*, 511 F.2d 757, 763 (5th Cir. 1975), *cert. denied* 423 U.S. 836)).

According to a Ninth Circuit decision favorably cited by the Fourth Circuit in *Caro*, 597 F.3d at 621, a defendant cannot meet this burden through "general description[s] of the information sought" nor through "conclusory allegations of materiality"; rather, "a defendant must present facts which would tend to show that the Government is in possession of information helpful to the defense." *United States v. Mandel*, 914 F.2d 1215, 1219 (9th Cir. 1990). Indeed, "ordering production by the government without any preliminary showing of materiality is inconsistent with Rule 16."

*Mandel*, 914 F.2d at 1219. As courts have explained, doing so would allow a defendant "to carry out an impermissible 'fishing expedition,'" in which the defendant does not know what evidence he is looking for from the government until he finds it. *United States v. McLamb*, 220 F. Supp. 3d 663, 676 (E.D. Va. 2016) (denying motion to compel where defendant's requests were based on "mere speculation" of materiality); <u>see also</u> *United States v. Maranzino*, 860 F.2d 981, 985-86 (10th Cir. 1988) (explaining that "Rule 16 does not authorize a blanket request to see the prosecution's file" or a "fishing expedition" by the defense) (citing *Jencks v. United States*, 353 U.S. 657, 667 (1957)); *United States v. Wilford*, 961 F. Supp. 2d 740, 756 (D. Md. 2013) ("Rule 16 does not authorize a shotgun fishing expedition." (internal citations and quotation marks omitted.)); *United States v. Delacruz*, No. 14 Cr. 815 (KBF), 2015 WL 2211943, at *1 (S.D.N.Y. May 12, 2015) ("Rule 16 does not entitle a criminal defendant to a broad and blind fishing expedition among [items] possessed by the Government on the chance that something impeaching might turn up." (internal citations and quotation marks omitted)).

Here, Defendant's primary claim to materiality under Rule 16 is that his broad requests might provide some additional information beyond the discovery he already has that he might be able to use in support of his previously filed motion to suppress, which also contains a motion for a hearing on the search warrant

pursuant to *Franks v. Delaware*, 438 U.S. 154 (1978). Where defendants have couched discovery requests under the need to mount a *Franks* challenge, courts have cautioned that such requests "should be denied where a defendant has failed to make the preliminary showing necessary for a *Franks* hearing."[2] *United States v. Messalas*, --- F. Supp. 3d ---, 2020 WL 1666162 (E.D.N.Y. April 4, 2020); see also *United States v. Garrison*, 147 F. Supp. 3d 1173, 1183 (D. Colo. 2015) ("[I]n the context of attempting to prepare a *Franks* challenge, the defendant must offer a specific, articulable basis for believing that the Government possesses particular evidence or information, not otherwise available to the defendant, that would support a claim that a warrant affiant intentionally or recklessly misstated or omitted material information[.]"); *United States v. Harding*, 273 F. Supp. 2d 411, 430 (S.D.N.Y. 2003) (denying defendant's request for all documents

---

[2] In *Franks*, the Supreme Court held that if a "defendant makes a substantial preliminary showing that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit, and if the allegedly false statement is necessary to the finding of probable cause, the Fourth Amendment, as incorporated in the Fourteenth Amendment, requires that a hearing be held at the defendant's request." *Franks*, 438 U.S. at 154, 155-56. No hearing is required, however, if after the "material that is the subject of the alleged falsity or reckless disregard is set to one side, there remains sufficient content in the warrant affidavit to support a finding of probable cause." *Id.* at 171-72.

from a confidential informant relied on in a warrant where
defendant failed to meet the threshold showing required by *Franks*,
and explaining that Rule 16 does not entitle a defendant "to wide-
ranging discovery to canvass for evidence in support of his motion
to suppress"). In *Roybal*, the court explained that "allowing the
Defendants to obtain this evidence to mount a *Franks* challenge
without making the requisite preliminary showing would vitiate the
purpose of *Franks*." *United States v. Roybal*, 46 F. Supp. 3d 1127,
1162 (D.N.M. 2014) (further noting that the court "could not find
. . . a case in which a court has granted such a request").

The Fourth Circuit has made clear that, "[g]iven the
presumption of validity with respect to the affidavit supporting
[a] search warrant," satisfying the standard required for a *Franks*
hearing is a "heavy burden" to bear. *United States v. Moody*, 931
F.3d 366, 370 (4th Cir. 2019) (internal citations and quotations
omitted).[3] As the Supreme Court explained, one purpose of requiring

---

[3] There is a dearth of caselaw in this Circuit on the application
of Rule 16 at the suppression or *Franks* stage of a case. At least
one court has suggested that the Rule 16 materiality standard can
simply be transposed to the suppression stage by assessing whether
the defendant has requested specific, clearly-defined evidence
that would, if provided, "alter the quantum of proof in [the
defendant's] favor" by enabling him to prevail on a motion to
suppress. *United States v. Wilford*, 961 F. Supp. 2d 740, 756 (D.
Md. 2013) (internal citations and quotations omitted). Still, this
court cautioned, "Rule 16 does not authorize a shotgun fishing
expedition" through all information in the government's
possession. *Id.* (rejecting as too broad a request for a wide-
ranging category of information without clearly explaining why all
information in that category would be pertinent to a pretrial

a defendant to make "a substantial preliminary showing" is "to prevent the misuse of a veracity hearing for the purposes of discovery and obstruction." *Franks*, 438 U.S. at 170.

Based on the above, Defendant's requests for ████████████ ███████████████████████████████████████████████ ███████████████████████████████████████████████ ███████████████████████████████████████████████ ██████████████████████████████████████████ must be denied. Defendant does not assert that this information is material to his defense against the government's case at trial. Rather, he contends that it is material because it may bolster his unsupported theory that the search warrant affidavit intentionally misrepresented or omitted material facts. Further, Defendant hopes to gain some information that could support his claim that ██ ███████████████████████████████████████████████ ███████████████████████████████████████████████ ███████████████████████████████████████████████ ████████████████████████ There is simply no evidence to support such a far-fetched claim, and Defendant should not be

suppression argument). Neither this Court nor the Fourth Circuit appear to have firmly addressed whether and how Rule 16's materiality standard should be applied at the suppression or *Franks* stage of a case, but the guidance from *Caro* and *Franks* make clear that, at a minimum and consistent with the authority cited herein, a defendant must make a preliminary showing of materiality based on specific, non-conclusory facts to compel the production of any evidence he seeks at the suppression stage under Rule 16.

permitted to use a motion to compel discovery to fish for such non-existent evidence.

B. ████████████████████████████████████████████
████████████████████████████████████

Defendant claims that he is entitled to a *Franks* hearing, and thus to the requested additional information, because the affidavit contains either a deliberate falsehood or a statement made in reckless disregard for the truth. ████████████████████
████████████████████████████████████████████████
████████████████████████████████████████████████
████████████████████████████████████ This unsubstantiated claim is a far cry from the kind of "substantial preliminary showing" required for this Court to grant a *Franks* hearing. See *United States v. Matish*, 193 F. Supp. 3d 585, 605 (E.D. Va. 2016) ("Because affidavits supporting search warrants are presumed valid, in order to mandate an evidentiary hearing [under *Franks*], the challenger's attack must be more than conclusory and must be supported by more than a mere desire to cross-examine." (internal citations and quotation marks omitted)).

████████████████████████████████
████████████████████████████████████████████████
████████████████████████████████████████████████
████████████████████████████████████████████████
████████████████████████████████████████████████



Without a far more substantial showing from Defendant — who already has in his possession ████████████████████████████ ████████████████████████████████████ — his wide-ranging request for all material, documents, and communications ████████ ███████████████████████ would "vitiate the purpose of *Franks*, which is 'to prevent the misuse of a veracity hearing for the purposes of discovery and obstruction.'" *Roybal*, 46 F. Supp. 3d at 1162 (quoting *Franks*, 438 U.S. at 170). Because Defendant has not

16

satisfied the heavy burden required for a *Franks* hearing to take place, his motion to compel discovery to support a *Franks* challenge should be denied.  <u>See, e.g.</u>, *Messalas* --- F. Supp. 3d ---, 2020 WL 1666162, at *11.

Even assuming that Defendant was entitled to discovery to satisfy a preliminary showing under *Franks*, his motion fails to make even the most basic showing of materiality to support his discovery request under Rule 16. He has provided no indication, let alone a strong one, that the material he seeks "will play an important role in uncovering admissible evidence, aiding witness preparation, corroborating testimony, or assisting impeachment or rebuttal." *Caro*, 597 F.3d at 621 (4th Cir. 2010). Defendant's claim that ███████████████████████████████████████████████████ ███████████████████████████████████████████████████ ███████████████████████████████████████████████████ ████████████████████████████

Defendant is also unable to articulate with any specificity or certainty what information he believes this discovery request will produce that would significantly improve his chances of prevailing on a critical pretrial motion. Rather, he simply claims that the affidavit is inaccurate and that ██████████████████ ███████████████████████████████████████████████████ ████████████████████████████ This unfounded theory of discovery, based upon absolutely nothing but conjecture and sheer

17

speculation, would turn the criminal discovery process on its head and has, unsurprisingly, been rejected by this Court in the past. See _Matish_, 193 F. Supp. 3d at 598 (rejecting a discovery request based only on speculation as to what the requested material might show and "the _ipse dixit_ that the [evidence] is needed because its declarants opine that it is needed."); see also _United States v. Darby_, Case No. 2:16-CR-36 (RGD), Dkt. No. 49 (E.D. Va. Aug. 12, 2016) (rejecting discovery request based on defendant's claim that the government is "lying to him about its operation" and "he should not have to trust the sworn statements of government agents"). Indeed, if the mere assertion that a sworn representation from the government is false or incomplete, without any factual support and despite the existence of evidence proving its veracity, was sufficient to entitle a defendant to fish through every piece of information in the government's possession to look for something that might impeach that representation, there would be no limitation to criminal discovery in any case. At the very least, this approach to discovery is inconsistent with the disclosure obligations under Rule 16 articulated by the Fourth Circuit and other courts. _Caro_, 597 F.3d at 621; see also _Mandel_, 914 F.2d 1219 ("Neither a general description of the information sought nor conclusory allegations of materiality suffice; a defendant must present facts which could tend to show that the Government is in possession of information helpful to the defense."). Accordingly,

Defendant's motion to compel the production of items 5-11 should be denied.

   C. Defendant is not entitled to the requested evidence under *Brady*.

   While Defendant's motion is primarily a discovery request, he also frames as it as a request for *Brady* materials. Under either rubric, it fails. "In *Brady*, the Supreme Court announced that the Due Process Clause requires the government to disclose 'evidence favorable to an accused upon request . . . where the evidence is material either to guilt or to punishment.'" *Caro*, 597 F.3d at 619 (quoting *Brady*, 373 U.S. at 87). Favorable evidence is considered material if there exists a reasonable probability "that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." *Bagley*, 473 U.S. at 682. A "reasonable probability," exists if there "is a probability sufficient to undermine confidence in the outcome" of a case. *Caro*, 597 F.3d at 619 (quoting *Bagley*, 473 U.S. at 682). "[A]s the Fourth Circuit has made clear, *Brady* requests cannot be used as discovery devices to obtain evidence the defendant believes would be helpful." *United States v. Ducore*, 309 F. Supp. 3d 436, 439 (E.D. Va.) (internal citations and quotation marks omitted). Accordingly, when a defendant "can only speculate as to what the requested information might reveal, he cannot satisfy *Brady's* requirement of showing that the requested evidence would be

19

favorable to the accused." *Caro*, 597 F.3d at 619 (internal citation and quotation marks omitted); <u>see also</u> *United States v. Agurs*, 427 U.S. 97, 109–10 (1976) ("The mere possibility that an item of undisclosed information might have helped the defense, or might have affected the outcome of the trial, does not establish 'materiality' in the constitutional sense.").

Applying the above principles here, Defendant's motion to compel ████████████████████████████████████ should be denied. Defendant's sole interest in accessing this additional material is to fish for information that might support a request for a *Franks* hearing. *Id.* But, as previously noted, the government has already provided ███████████████████████████████

████████████████████████████████████████████
██████████████████████████ █████████████████
████████████████████████████████████████████
████████████████████████████████████████████
████████████████████ ███████ ████████████████

In other words, the defendant is only guessing as to what other material exists, and this guesswork is based primarily on his views about what the government could have or should have done ███████
███████████████ This sort of purely hypothetical argument fails the threshold *Brady* requirement that a defendant must provide more than mere speculation as to what the requested information might reveal to show that it would be favorable to him. *Caro* 597

F.3d at 619.   Since Defendant has not made that showing here, his request for this additional material under *Brady* should be denied.

  D. Conclusion

    For the foregoing reasons, this Court should mark Defendant's requests 1-4 as moot and deny the requests in items 5-11.


                          Respectfully submitted,

                          WILLIAM S. THOMPSON
                          United States Attorney

                          /s/Julie M. White
                          Assistant United States Attorney
                          WV Bar No. 13971
                          300 Virginia Street East Room 4000
                          Charleston, WV 25301
                          Telephone:  304-345-2200
                          Email:  Julie.white@usdoj.gov

<u>CERTIFICATE OF SERVICE</u>

It is hereby certified that the foregoing "Response of the United States to Defendant's Motion to Compel Discovery" has been electronically filed and service has been made on opposing counsel by virtue of such electronic filing this the 25th day of April, 2022, to:

> David Schles, Esq.
> 815 Quarrier Street, Suite 306
> Charleston, WV  25301

> /s/Julie M. White
> Assistant United States Attorney
> WV Bar No. 13971
> 300 Virginia Street East Room 4000
> Charleston, WV 25301
> Telephone:  304-345-2200
> Fax:  304-347-5104
> Email:  Julie.white@usdoj.gov