## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF WEST VIRGINIA
## CHARLESTON

**UNITED STATES OF AMERICA**

**v.**                                    **CRIMINAL NO. 2:21-cr-00127**

**RAYMOND DUGAN**

## <u>UNITED STATES PROPOSED JURY INSTRUCTIONS</u>

Now comes the United States of America, by Julie M. White, Assistant United States Attorney for the Southern District of West Virginia, and submits the following proposed jury instructions.

Respectfully submitted,

WILLIAM S. THOMPSON
United States Attorney

By:  *Julie M. White*

/s/ Julie M. White
JULIE M. WHITE
Assistant United States Attorney
WV Bar No. 13971
300 Virginia Street, East Room 4000
Charleston, WV 25301
Telephone:  304-345-2200
Fax: 304-347-5104
Email:  Julie.white@usdoj.gov

**UNITED STATES PROPOSED INSTRUCTION NO. 1**

**COUNT ONE: POSSESSION OF CHILD PORNOGRAPHY**
**18 U.S.C. §§ 2252A(a)(5)(B) and 2252A (b)(2)**

**NATURE OF THE OFFENSE CHARGED**

Count One of the Indictment charges that on or about June 11, 2020, at or near Logan, Logan County, West Virginia, and within the Southern District of West Virginia, defendant RAYMOND DUGAN did knowingly possess material, that is, computer graphic image files, containing images and videos of child pornography, as defined in 18 U.S.C. § 2256(8)(A), that involved prepubescent minors and which had been shipped and transported in and affecting interstate and foreign commerce by any means, including by computer.

In violation of Title 18, United States Code, Sections 2252A(a)(5)(B) and 2252A(b)(2).

**UNITED STATES PROPOSED INSTRUCTION NO. 2**

**COUNT ONE: POSSESSION OF CHILD PORNOGRAPHY**
**STATUTES INVOLVED: 18 U.S.C. §§ 2252A(a)(5)(B) and 2252A(b)(2)**

Title 18, United States Code, Sections 2252A(a)(5)(B) and 2252A(b)(2) provide, in pertinent part, that:

> Any person who knowingly possesses . . . any . . . material that contains an image of child pornography that involved a prepubescent minor that has been . . . shipped or transported . . . in or affecting interstate or foreign commerce by any means, including by computer

shall be guilty of an offense against the United States.

18 U.S.C. §§ 2252A(a)(5)(B) and 2252A(b)(2).

**UNITED STATES PROPOSED INSTRUCTION NO. 3**

**COUNT ONE: POSSESSION OF CHILD PORNOGRAPHY**
**18 U.S.C. §§ 2252A(a)(5)(B) and 2252A (b)(2)**

**ELEMENTS OF THE OFFENSE CHARGED**

The defendant has been charged in Count One with the possession of child pornography involving a prepubescent minor. In order to convict a defendant of this charge, the United States must prove the following elements beyond a reasonable doubt:

FIRST:     That the defendant possessed or accessed with intent to view, any book, magazine, periodical, film, videotape, computer disk, or any other material that contained an image of child pornography;

SECOND:    That has been mailed, or shipped or transported using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce by any means, including by computer, or was produced using materials that had been mailed, or shipped or transported in or affecting interstate or foreign commerce by any means, including by computer; and

THIRD:     That the defendant acted knowingly.

Eric Wm. Ruschky, Pattern Jury Instructions for Federal Criminal Cases: District of South Carolina, § III, 18 U.S.C. § 2252A(a)(5)(B) (2020 Online Edition).

## UNITED STATES PROPOSED INSTRUCTION NO. 4

### DEFINITIONS

### CHILD PORNOGRAPHY

The United States must prove beyond a reasonable doubt that the defendant received, distributed, or possessed the child pornography described in Count One of the Indictment. Child pornography is defined at 18 U.S.C. § 2256(8)(A) as:

> [A]ny visual depiction, including any photograph, film, video, picture, or computer or computer-generated image or picture, whether made or produced by electronic, mechanical, or other means, of sexually explicit conduct, where the production of such visual depiction involves the use of a minor engaging in sexually explicit conduct.

18 U.S.C. § 2256(8)(A).

**UNITED STATES PROPOSED INSTRUCTION NO. 5**

**<u>DEFINITIONS</u>**

**<u>AGE OF MINOR</u>**

The United States must prove beyond a reasonable doubt that the minor child depicted in an image or video of child pornography was less than eighteen years old at the time of the creation of the image.

The United States does not have to present extrinsic evidence (that is, evidence separate from the image or video itself) to prove that the minors depicted in an image or video of child pornography were under the age of eighteen years. You may determine that a person is a minor under the age of eighteen years based upon your own opportunity to view the relevant image or video.

<u>United States v. Bynum</u>, 604 F.3d 161 (4th Cir. 2010).

## UNITED STATES PROPOSED INSTRUCTION NO. 6

### DEFINITIONS

### REAL MINOR

The United States must prove beyond a reasonable doubt that the minor child depicted in an image or video of child pornography is a real person.

The United States does not have to present extrinsic evidence (that is, evidence separate from the image or video itself) to prove that the minors depicted in an image or video of child pornography were real people. You may determine that a person is a real person based upon your own opportunity to view the relevant image or video.

United States v. Bynum, 604 F.3d 161 (4th Cir. 2010).

## UNITED STATES PROPOSED INSTRUCTION NO. 7

### DEFINITIONS

### SEXUALLY EXPLICIT CONDUCT

"Sexually explicit conduct" means actual or simulated sexual intercourse, including genital-genital, oral-genital, anal-genital, or oral-anal, whether between persons of the same or opposite sex; bestiality; masturbation; sadistic or masochistic abuse; or lascivious exhibition of the genitals or pubic area of any person.

The term "lascivious exhibition" means a depiction which displays or brings to view to attract notice to the genitals or pubic area of children in order to excite lustfulness or sexual stimulation in the viewer. Not every exposure of the genitals or pubic area constitutes a lascivious exhibition. In deciding whether the United States has proved that a particular depiction constitutes a lascivious exhibition, you should consider the following questions:

Whether the focal point of the visual depiction is on the child's genitals or pubic area, or whether there is some other focal area; Whether the setting of the visual depiction makes it appear to be sexually suggestive, for example, in a place or pose generally associated with sexual activity; Whether the child is displayed in an unnatural pose, or in inappropriate attire,

considering the age of the child; Whether the child is fully or partially clothed, or nude, although nudity is not in and of itself lascivious; Whether the visual depiction suggests sexual coyness or a willingness to engage in sexual activity; and Whether the visual depiction is intended or designed to elicit a sexual response in the viewer.

A picture or image need not involve all of these factors to constitute a lascivious exhibition of the genitals or pubic area. It is for you to decide the weight or lack of weight to be given to any of these factors. In order for a visual depiction to be lascivious, all six factors need not be present. Instead, you must determine whether the visual depiction is lascivious based on its overall content.

18 U.S.C. § 2256(2)(A); *United States v. Kemmerling*, 285 F.3d 644 (8th Cir. 2002); *United States v. Boudreau*, 250 F.3d 279 (5th Cir. 2001); *United States v. Amirault*, 173 F.3d 28 (1st Cir. 1999); *United States v. Knox*, 32 F.3d 733 (3d Cir. 1994); 3 L. Sand, et al., Modern Federal Jury Instructions, § 62-7 (2021).

## UNITED STATES PROPOSED INSTRUCTION NO. 8

### <u>"KNOWINGLY" – EXPLAINED</u>

A person acts "knowingly" as to the result of his conduct when he knows that the result is practically certain to follow from his conduct.

Eric Wm. Ruschky, <u>Pattern Jury Instructions for Federal Criminal Cases: District of South Carolina</u>, § V, at 620 (2020 Online Edition).

## UNITED STATES PROPOSED INSTRUCTION NO. 9

### "IN OR AFFECTING COMMERCE" – DEFINED

The United States must prove that the defendant's crime was in or affecting commerce. "Commerce" means travel, trade, traffic commerce, transportation, or communication among states.

3 L. Sand, et al., Modern Federal Jury Instructions, § 62-33 (2021).

11

## UNITED STATES PROPOSED INSTRUCTION NO. 10

## <u>EVIDENCE INFERENCES - DIRECT AND CIRCUMSTANTIAL</u>

There are two types of evidence from which you may find the truth as to the facts of a case -- direct and circumstantial evidence.  Direct evidence is the testimony of a person who asserts actual knowledge of a fact, such as an eyewitness.

Circumstantial evidence is where one fact or a chain of facts gives rise to a reasonable inference of another fact.  If one fact or group of facts, on the basis of common sense and common experience, leads you logically and reasonably to infer other facts, then this is circumstantial evidence. Circumstantial evidence is no less valid and no less weighty than direct evidence provided that the inferences drawn are logical and reasonable. In a criminal case where a defendant's state of mind is at issue, where there are questions of what the defendant intended, or what his purpose was, circumstantial evidence is often an important means of proving what the state of mind was at the time of the events in question.  Sometimes it is the only means of proving state of mind.

While you should consider only the evidence, you are permitted to draw such reasonable inferences from the testimony and exhibits as you feel are justified in the light of common experience. In other words, you may make deductions and reach conclusions that

reason and common sense lead you to draw from the facts which have been established by the evidence.

The law makes no distinction between the weight to be given to either direct or circumstantial evidence. Nor is a greater degree of certainty required of circumstantial evidence than of direct evidence.  Do not be concerned about whether evidence is "direct evidence" or "circumstantial evidence." You should consider and weigh all of the evidence that was presented to you.

1A O'Malley, Grenig & Lee, Federal Jury Practice and Instructions, §§ 12.04, 12.05 (5th ed. 2000) (modified); *United States v. Dizdar*, 581 F.2d 1031, 1036-37 (2d Cir. 1978).

## UNITED STATES PROPOSED INSTRUCTION NO. 11

### <u>"AT OR NEAR" -- PROOF OF</u>

You will note the Indictment charges that the offense was committed "at or near" a certain location. The proof need not establish with certainty the exact location of the alleged offense. It is sufficient if the evidence in the case establishes beyond a reasonable doubt that the offense was committed at a location reasonably near the location alleged.

## UNITED STATES PROPOSED INSTRUCTION NO. 12

### <u>CONJUNCTIVE/DISJUNCTIVE</u>

You will note that the Indictment reads in the conjunctive in that it charges that the defendant, for example, in Count One, did possess, computer graphic image files, containing images and videos of child pornography that involved prepubescent minors, which had been shipped and transported in and affecting interstate and foreign commerce. It is <u>not</u> necessary for the United States to prove beyond a reasonable doubt that the defendant knowingly committed all of these acts. Rather, the United States has properly charged different means of violating the statute(s) and you need only find beyond a reasonable doubt that the defendant knowingly committed one of these acts, that is, the United States may satisfy its burden of proof here by establishing beyond a reasonable doubt that the defendant, either knowingly possessed images or knowingly possessed videos containing child pornography. Further, the United States may satisfy its burden here by establishing beyond a reasonable doubt that the images, for example, had been transported in and affecting <u>either</u> interstate <u>or</u> foreign commerce.

*United States v. Montgomery*, 262 F.3d 233, 242 (4th Cir. 2001); *United States v. Rhynes*, 196 F.3d 207, 242 (4th Cir. 1999); 2B O'Malley, Grenig, and Lee, <u>Federal Jury Practice and Instructions</u>, § 64.07 (5th ed. 2000); *United States v. Simpson*, 228 F.3d 1294, 1300 (11th Cir. 2000).

## UNITED STATES PROPOSED INSTRUCTION NO. 13

### <u>"ON OR ABOUT" -- PROOF OF</u>

You will note the Indictment charges that the offense was committed "on or about" a certain date. The proof need not establish with certainty the exact date of the alleged offense. It is sufficient if the evidence in the case establishes beyond a reasonable doubt that the offense was committed on a date reasonably near the date alleged.

*United States v. Kimberlin*, 18 F.3d 1156, 1159 (4th Cir. 1994); *United States v. Ward*, 676 F.2d 94, 96 (4th Cir. 1982); 1A O'Malley, Grenig & Lee, <u>Federal Jury Practice and Instructions</u>, § 13.05 (5th ed. 2000) (modified).

16

## UNITED STATES PROPOSED INSTRUCTION NO. 14

### <u>EXPERT WITNESS</u>

The rules of evidence provide that if scientific, technical, or other specialized knowledge might assist the jury in understanding the evidence or in determining a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education may testify and state his opinion concerning such matters.

You should consider each expert opinion received in evidence in this case and give it such weight as you may think it deserves. Although you may not arbitrarily disregard the testimony of an expert witness, if you should decide that the opinion of an expert witness is not based upon sufficient education and experience, or if you should conclude that the reasons given in support of the opinion are not sound, or that the opinion is outweighed by other evidence, then you may disregard the opinion.

*United States v. Burgess*, 691 F.2d 1146, 1155-1156 (4th Cir. 1982); 1A O'Malley, Grenig & Lee, Federal Jury Practice and Instructions § 14.01 (6th ed. 2022).

### UNITED STATES PROPOSED INSTRUCTION NO. 15

### <u>CONSCIOUSNESS OF GUILT</u>

You may consider evidence that the defendant did, or attempted to, fabricate or suppress evidence, as showing consciousness of guilt. This evidence alone is not sufficient to establish guilt, and the significance to be attached is a matter for you, the jury, to determine.

You may consider, as evidence of consciousness of guilt, a specific statement made by the defendant denying guilt or involvement, if you find that the statement was not true.

Conduct of a defendant, including statements knowingly made and acts knowingly done, upon being informed of the crime that has been committed or upon being confronted with criminal charges may be considered by the jury in light of all the evidence in the case in determining the guilt or innocence of the defendant.

When a defendant voluntarily and intentionally offers an explanation and makes some statement tending to show his innocence and the explanation of the statement later is shown to be false, the jury may consider whether this circumstantial evidence points to a consciousness of guilt.

Ordinarily, it is reasonable to infer that an innocent person does not usually find it necessary to invent or fabricate an explanation or a statement tending to establish his innocence. Whether or not evidence as to a defendant's voluntary explanation

or statement points to a consciousness of guilt and the significance to be attached to any such evidence are matters exclusively within the province of the jury.

A statement or an act is knowingly made or done if made voluntarily and intentionally and not because of mistake or accident or other innocent reason.

*United States v. Billups*, 692 F.2d 320, 329-7 30 (4th Cir. 1982); *United States v. McDougald*, 650 F.2d 532, 533 (4th Cir. 1981); *United States v. Cogdell*, 844 F.2d 179, 181 (4th Cir. 1988), abrogated on other grounds by *Brogan v. United States*, 522 U.S. 398 (1998).

## UNITED STATES PROPOSED INSTRUCTION NO. 16

### <u>STIPULATIONS</u>

As I have instructed, in this case the defendant and the United States have stipulated, that is, they have agreed, that certain facts have been proven. When the parties stipulate or agree as to the existence of a fact, you may accept the stipulation as evidence of the issue in dispute. Therefore, the United States is not required to present additional evidence on these elements, and you may properly consider these facts as having been proved.

*United States v. Poore*, 594 F.2d 39, 41-42 (4th Cir. 1979).

## UNITED STATES PROPOSED INSTRUCTION NO. 17

### <u>SYMPATHY</u>

You have been chosen and sworn as jurors in this case to try the issues of fact presented by the allegations of the Indictment and the denial made by the Not Guilty plea of the defendant.  This must be decided on the evidence that is presented in this case and not from anything else.

You are to perform this duty without bias or prejudice as to any party. You are not permitted to be governed by sympathy or public opinion. Both the defendant and the public expect that you will carefully and impartially consider all the evidence in the case, follow the law as stated by the Court and reach a just verdict, regardless of the consequences.

1A O'Malley, Grenig & Lee, <u>Federal Jury Practice and Instructions</u>, § 12.01 (5th ed. 2000) (modified).

## UNITED STATES PROPOSED INSTRUCTION NO. 18

### <u>PUNISHMENT</u>

The question of possible punishment should not concern you. If the defendant is found guilty, it then becomes the responsibility of the judge to impose an appropriate sentence. Your function is to weigh the evidence and determine if the government has proved that the defendant is guilty beyond a reasonable doubt. You cannot allow a consideration of possible punishment to influence your verdict in any way.

*United State v. Muse*, 83 F.3d 672, 676 (4th Cir. 1996); *United States v. Payne*, 954 F.2d 199, 204 (4th Cir. 1992); Eric Wm. Ruschky, <u>Pattern Jury Instructions for Federal Criminal Cases: District of South Carolina</u> § V, at 672 (2020 Online Edition).

**UNITED STATES PROPOSED INSTRUCTION NO. 19**

**<u>JUDICIAL NOTICE</u>**

During the course of this trial, the Court took judicial notice of the fact that Logan County is within the Southern District of West Virginia.  We know this to be true.

Since this is a criminal case, you may, but are not required to accept as conclusive, any facts of which the Court has taken judicial notice.  If you choose to accept, as conclusive, any facts which the Court has judicially noted, then such facts may be regarded as evidence in the case without further proof, and are to be weighed by you along with other evidence in the case.

1A O'Malley, Grenig & Lee, <u>Federal Jury Practice and Instructions</u>, § 12.03 (5th ed. 2000) (modified).

## UNITED STATES PROPOSED INSTRUCTION NO. 20

### TAPES AND TRANSCRIPTS

Recordings of conversations have been received in evidence and have been played for you. Typewritten transcripts of these recorded conversations have been furnished to you. These typewritten transcripts of the conversations are being given to you solely for your convenience in assisting you in following the conversation or in identifying the speakers.

The recordings themselves are evidence in the case and the typewritten transcripts are not evidence. What you hear on the recordings is evidence. What you read on the transcript is not. If you perceive any variation between the two, you will be guided solely by the recordings and not by the transcripts.

If you cannot, for example, determine from the recording that particular words were spoken or if you cannot determine from the recording who said a particular word or words, you must disregard the transcripts insofar as those words or that speaker are concerned.

*United States v. Meredith*, 824 F.2d 1418, 1428 (4th Cir. 1987); *United States v. Collazo*, 732 F.2d 1200, 1203 (4th Cir. 1984); Eric Wm. Ruschky, Pattern Jury Instructions for Federal Criminal Cases: District of South Carolina (2020 Online Edition).

## **CERTIFICATE OF SERVICE**

It is hereby certified that the foregoing "United States Proposed Jury Instructions" have been electronically filed and service has been made on opposing counsel by virtue of such electronic filing this the 10th day of May, 2022, to:


David Schles, Esq.
815 Quarrier Street, Suite 306
Charleston, WV  25301

*Julie M. White*

/s/ Julie M. White_____
JULIE M. WHITE
Assistant United States Attorney
WV Bar No. 13971
300 Virginia Street, East Room 4000
Charleston, WV 25301
Telephone:  304-345-2200
Fax: 304-347-5104
Email:  Julie.white@usdoj.gov


25