IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON

UNITED STATES OF AMERICA

v.                                    CRIMINAL NO. 2:21-cr-00127

RAYMOND DUGAN

## PROPOSED VOIR DIRE QUESTIONS OF THE UNITED STATES OF AMERICA

Comes now the United States of America, by Julie M. White, Assistant United States Attorney for the Southern District of West Virginia, and hereby requests the Court to ask the following voir dire questions of the jury panel.

A.    General Voir Dire

1.    It has been estimated by the attorneys that it may take two working days to complete the trial of this case. Do any of you have any reason to believe that you would not be able to serve as a juror for that period of time?

    a.   Would serving as a juror on this case have any adverse affect with regard to your family life or your job?

    b.   Do you have any physical problems that might make it difficult to follow the evidence or sit on the jury?

2.   Are any of you acquainted with or have any kind of relationship, professionally or personally, including through social networking websites such as Twitter and/or Facebook, with any of the following individuals who may be called as witnesses in this case?

Witness List provided to the Court under separate cover.

*The United States reserves the right to amend its witness list.

3.   Are any of you acquainted with, professionally or personally, including through social networking websites such as Twitter and/or Facebook, or have you or any of your family members ever been represented by any of the following?

a.   David Schles, Esquire, or any member of the Law Office of David Schles?

b.   Julie M. White and Nowles Heinrich, Assistant United States Attorneys, or any member of the United States Attorney's Office?

4.   Are you or any member of your family related to or acquainted with the defendant, RAYMOND DUGAN, professionally or personally, including through social networking websites such as Twitter and/or Facebook?

5.   Are any of you acquainted with or have any relationship, professionally or personally, including through social networking

websites such as Twitter and/or Facebook, or otherwise, with any other member of the jury panel? If yes, would this in any way affect your ability to decide this case solely on the law and the evidence presented? (If yes, consideration should be given to making further inquiry outside the presence of the prospective jurors.)

6.    Have you, any member of your family, or any close personal friends ever been questioned or arrested by a law enforcement officer?  (You may approach the bench to answer this question if you would like. If yes, consideration should be given to making further inquiry outside the presence of the prospective jurors.)

7.    Have you, any member of your family, or any close personal friend, ever been charged with or convicted of committing either a felony or a misdemeanor? (You may approach the bench to answer this question if you would like. If yes, consideration should be given to making further inquiry outside the presence of the prospective jurors.)

8.    Have you, any member of your family, or any of your close friends ever been incarcerated? (You may approach the bench to answer this question if you would like. If yes, consideration should be given to making further inquiry outside the presence of the prospective jurors.)

3

9.   Have you read about this case in the newspapers, either online on in print? (If yes, consideration should be given to making further inquiry outside the presence of the prospective jurors.)

10.   Have you heard or seen anything about this case on the radio or television? (If yes, consideration should be given to making further inquiry outside the presence of the prospective jurors.)

11.   Have you heard or read anything at all from any source about the facts of this case, including on or through social networking websites such as Twitter and/or Facebook? (If yes, consideration should be given to making further inquiry outside the presence of the prospective jurors.)

12.   Do you, of your personal knowledge, excluding what you have read in the newspapers or heard through the media, have any information about the facts of this case?

13.   Have you discussed any aspect of this case with anyone who claimed to have some knowledge of what actually occurred, including on or through social networking websites such as Twitter and/or Facebook?

14.   Notwithstanding what you have heard on the television or radio, what you have read in the newspapers, or what you have read and/or discussed on or through social networking websites such as

Twitter and/or Facebook, would you be able to sit as a juror in the case and render a verdict based solely upon the law and the evidence presented?

15.  Is there any reason at all why you should not sit on this case?

16.  Are you or have you ever been involved in any conflict, controversy or litigation with the United States Attorney's Office? [If yes, would this affect your ability to sit as an impartial juror in this case?]

17.  Are you or have you ever been involved in any conflict, controversy or litigation with any department or agency of the United States?  [If yes, would this affect your ability to sit as an impartial juror in this case?]

18.  Have you ever served as a petit juror in a criminal or civil case either in federal or state courts?

19.  Have you ever served as a grand juror on either a federal or state panel?

20.  Have you or any member of your family ever participated in a criminal trial, either as a witness for the prosecution or the defense, or in some other capacity?  [If so, what was the offense charged and the verdict.]

21.  Are any of you related by blood, marriage, adoption, or by any other means, to any law enforcement officers, either local, state or federal?

22.  Have you or any member of your immediate family ever been the victim of a crime? (If yes, consideration should be given to making further inquiry outside the presence of the pros. jurors)

23.  Are any of the panel members related by blood, marriage, adoption, or by any other means, to any person who has been prosecuted by the government?

24.  Have any of the panel members expressed or do any panel members have any strong sentiment about the justness of any recent prosecution brought by the United States Attorney's Office in this District?

25.  This case is being prosecuted by the federal government. Have any of you ever had any difficult or unpleasant experiences with the federal government or the United States Attorney's Office, or do any of you have very strong personal feelings against the federal government for whatever reason?

26.  Some of the witnesses who may be called to testify include local, state, and/or federal law enforcement officers. Do any of you have any strong feelings for or against law enforcement officers for whatever reason?

27.   Have you or any member of your family or any of your close friends ever filed a lawsuit or complaint concerning the conduct of a law enforcement officer?

28.   Have any of you had a dispute with the Department of Homeland Security - Homeland Security Investigation, West Virginia State Police, or the Federal Bureau of Investigation, either now or in the past?

29.   Even if you disagree with the law, would you be able to return a verdict of guilty, if the United States meets its burden beyond a reasonable doubt?

30.   Does any member of the jury panel believe that they would have trouble following the Court's instructions regarding the law if they disagreed with it?

31.   Irrespective of your personal feelings about any issue that may arise in this case, will you follow the law as the Court gives it to you during this case?

32.   There are some people who, for moral, ethical, or religious reasons, believe that it is not proper, or who would find it difficult, to pass judgment on the conduct of others.   Is there any one of you who holds such beliefs, or who might be affected by such beliefs?

33.   Have any of you or your close family members been contacted in any way, via telephone, in writing, or on or through

social networking websites such as Twitter and/or Facebook, by any of the parties in this case including the defendant, RAMOND DUGAN, or any of his family members, lawyers, or the United States Attorney's Office?

34.   If you were one of the parties in this case, do you know of any reason why you should not be content to have someone in your frame of mind sitting on the jury in this case?

B.   Case-Specific Voir Dire

35.   Do you have any opinions or feelings about government regulation of the Internet or online services?

36.   There are people who believe that the government has no business regulating what people do or say online. Do you agree with that belief?

37.   Are your feelings about free speech the same when the speech being sent over the Internet is a picture of a child being sexually violated?

38.   Do you have any opinions or feelings about whether law enforcement officers should police the Internet or online services?

39.   Some people are of the mistaken belief that transmitting or trading child pornography, including trading or transmitting child pornography by computer or online, is an activity that is protected by the Free Speech Clause of the First Amendment to our

Constitution, or may otherwise be a constitutionally protected activity. I tell you that - as a matter of law - this is not the case. Congress has passed laws that make it a criminal offense to receive, transmit, and possess child pornography, and such activity is not protected by the First Amendment or by any other constitutional right. Before I informed you just now that the receipt, transmission, distribution, or possession of child pornography was not constitutionally protected conduct, did you believe that it was?

40.  Do you believe that such activity should be protected by the First Amendment to the United States Constitution or by any other provision of the Constitution?

41. Would you have any difficulty abiding by my instruction to you that such activity is not - as a matter of law - protected by the First Amendment to the United States Constitution or by any other provision of the Constitution?

42. Would the fact that this case involves charges of possessing images depicting minors engaged in sexually explicit conduct prevent you from rendering a fair and impartial verdict?

43.  Do you feel such laws should not be enforced at all, enforced more vigorously than other laws or enforced less vigorously than other laws?

44.   As I am certain you have surmised, a part of the evidence in this case will be the images themselves, which the government alleges: (a) constitute child pornography; and (b) that the defendant had something to do with, by possessing them. These images may be distasteful, offensive, and unpleasant to view. However, the prospect of having to see distasteful, offensive or unpleasant evidence is not a basis to avoid the responsibility of jury service. Many cases, both criminal and civil, involve unpleasant things. If we excused prospective jurors on the ground that jury duty makes demands – including some unpleasant demands – then we could not function. Moreover, the parties have the right to expect that prospective jurors will not seek to avoid jury service simply because they would rather not serve, or because they would like to avoid some unpleasantness. Having said that, is there anyone who honestly believes there is some compelling reason why he or she could not be an impartial juror – that is to consider all of the evidence and follow the law - simply because graphic videos depicting child pornography will be presented as evidence in the trial?

45.   How many of you do NOT have access to a computer?

46.   Of those of you that have access to a computer, how many of you do NOT have access to the internet?

47.  How many of you are familiar with the darkweb or the TOR network? (If so, please described your knowledge or experience.)

48.  Do you have any training in the field of computers, or specialized knowledge of computers, interactive computer services, or computer analysis or forensics?  (If so, please described your training and specialized knowledge.)

49.  Have you or any of your close friends or relatives ever participated in, belonged to, or otherwise supported any organization that advocates for the liberalization of laws prohibiting adults from engaging in sexual activity with minors? If not, do you agree with the beliefs of any such organizations? If you are selected as a juror, will those views play any role in your decision in this case?

50.  Will any of you have difficulty discussing sexual matters with other members of the jury such that it would be impossible for you to serve?

51.  Knowing what you now know about this case, do you have any reservations about your ability to hear the evidence, deliberate, and return a fair and impartial verdict?

The United States requests that the Court ask appropriate follow up questions if any juror answers in the affirmative.

Respectfully submitted,

WILLIAM S. THOMPSON
United States Attorney

By:   /s/ Julie M. White
      JULIE M. WHITE
      Assistant United States Attorney
      WV Bar No. 13971
      300 Virginia Street, East Room 4000
      Charleston, WV 25301
      Telephone: 304-345-2200
      Fax: 304-347-5104
      Email: Julie.white@usdoj.gov

<u>CERTIFICATE OF SERVICE</u>

It is hereby certified that service of the foregoing "PROPOSED VOIR DIRE QUESTIONS OF THE UNITED STATES OF AMERICA" has been electronically filed and service has been made on opposing counsel by virtue of such electronic filing on this 10th day of May, 2022, to:

David Schles, Esq.
815 Quarrier Street, Suite 306
Charleston, WV  25301


*Julie M. White*

/s/ Julie M. White
JULIE M. WHITE
Assistant United States Attorney
WV Bar No. 13971
300 Virginia Street, East Room 4000
Charleston, WV 25301
Telephone:  304-345-2200
Fax: 304-347-5104
Email:  Julie.white@usdoj.gov