IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON

**UNITED STATES OF AMERICA**

**v.**                                                    CRIMINAL NO. 2:21-cr-00127

**RAYMOND DUGAN**

### UNITED STATES' PROPOSED FORFEITURE
### JURY INSTRUCTIONS AND SPECIAL VERDICT FORM

Now comes the United States of America, by Julie M. White, Assistant United States Attorney for the Southern District of West Virginia, and as a result of the defendant requesting that the jury be retained to consider the forfeiture, hereby submits the following proposed jury instructions and special verdict form regarding forfeiture.

**UNITED STATES' PROPOSED FORFEITURE INSTRUCTION NO. 1**
(Jury's Duty Regarding Forfeiture)

Ladies and Gentlemen of the Jury, in view of your verdict that the defendant is guilty of Possession of Child Pornography as charged in the Indictment, you have one more task to perform before you are discharged.

What you must now decide is whether there is a nexus, that is a connection, between property that the Indictment alleges shall be forfeited to the United States and the conduct for which you have already found the defendant guilty.

I instruct you, however, that your previous finding that the defendant is guilty is final, conclusive, and binding. Because you are bound by your previous finding that the defendant is guilty, I direct you not to discuss in your forfeiture deliberations whether the defendant is guilty or not guilty of any violations. All of my previous instructions regarding direct and circumstantial evidence, credibility of witnesses, and duty to deliberate apply with respect to your verdict regarding forfeiture.

Fed.R.Crim.P.32.2(b)(1)(A):"As soon as practical after a verdict or finding of guilty,… on any count in an indictment … regarding which criminal forfeiture is sought, the court (or jury) must determine what property is subject to forfeiture under the applicable statute. . . . "

2

**UNITED STATES' PROPOSED FORFEITURE INSTRUCTION NO. 2**
(Government's Burden of Proof Regarding Forfeiture)

My previous instructions on the government's burden of proof regarding your verdict on the guilt of the defendant do <u>not</u> apply to your deliberations and verdicts regarding forfeiture. In deliberating and deciding your verdicts regarding forfeiture, the United States need only prove the forfeiture by a preponderance of the evidence, not beyond a reasonable doubt. To prove something by a preponderance of the evidence is to prove that it is more likely true than not true. The decision is made by considering all the evidence on the subject and deciding which evidence you believe. Each party is entitled to the benefit of all evidence received, regardless of who offered the evidence. Preponderance of the evidence is a lesser standard of proof than proof beyond a reasonable doubt. Your job is to determine whether it is more likely than not that the property is the proceeds, or gross receipts of the offenses.

<u>United States v. Cherry</u>, 330 F.3d 658, 669-670 (4th Cir. 2003) (preponderance standard applies to all § 982 forfeitures); <u>United States v. Tanner</u>, 61 F.3d 231, 234-35 (4th Cir. 1995) (preponderance is the burden of proof for criminal forfeiture), <u>cert. denied</u>, 516 U.S. 1119 (1996).

**UNITED STATES' PROPOSED FORFEITURE INSTRUCTION NO. 3**
(Jury May Consider Trial Evidence as Well as Any
Additional Evidence Presented on the Issue of Forfeiture)

While deliberating, you may consider any evidence, including testimony, offered by the parties at any time during this trial.

United States v. Bornfield, 145 F.3d 1123, 1134 (10th Cir. 1998) (quoting jury instruction that while deliberating on forfeiture "you may consider any evidence offered by the parties before your previous deliberations"), cert. denied, 528 U.S. 1139 (2000); United States v. Capoccia, 503 F.3d 103, 109 (2d Cir. 2007) (the court may rely on evidence from the guilt phase of the trial, even if the forfeiture is contested; it is not necessary for the government to reintroduce that evidence in the forfeiture hearing).

Fed.R.Crim.P., Rule 32.2(b)(1)(court's determination may be based on evidence already in the record).

**UNITED STATES' PROPOSED FORFEITURE INSTRUCTION NO. 4**
(18 U.S.C. § 2252A(a)(5)(B) and 18 U.S.C. § 2252A(b)(2))

In accordance with Section 2253(a) of Title 18 of the United States Code, and Rule 32.2(a) of the Federal Rules of Criminal Procedure, and premised on the conviction of defendant RAYMOND DUGAN of a violation of 18 U.S.C. §§ 2252 et seq., as set forth in Indictment, the defendant shall forfeit to the United States any visual depictions and any books, magazines, periodicals, films, videotapes, and other matter which contains such visual depictions, which were produced, transported, mailed, shipped, or received in connection with the violations set forth in the Indictment, any real and personal property constituting or traceable to gross profits or other proceeds obtained from the violations set forth in the Indictment, and any real and personal property used or intended to be used to commit or to promote the commission of the violations. The forfeiture allegations of the Indictment identify the following property, real or personal, which the government alleges constitutes or was derived, directly or indirectly, from proceeds traceable to the offense set forth in Count One which you have found were committed by the defendant: One (1) PNY 240 GB HD, Serial Number SSD2SC240G1SA754D117.

**UNITED STATES' PROPOSED FORFEITURE INSTRUCTION NO. 5**
(Definition of "Proceeds")

Proceeds, as used in these instructions, means property of any kind obtained directly or indirectly, as a result of the commission of the offense giving rise to forfeiture, and any property traceable thereto, and is not limited to the net gain or profit realized from the offense.

United States v. McHan, 101 F.3d 1027, 1041 (4th Cir. 1996) (term "proceeds" – as opposed to "profits" – refers to "the total amount brought in" through the criminal enterprise).

**UNITED STATES' PROPOSED FORFEITURE INSTRUCTION NO. 6**
(Definition – Property "Traceable To")

Property "traceable to" the proceeds of an offense includes property that was acquired or maintained with the proceeds. For example, if someone uses the proceeds of a crime to buy a car, the car is regarded as property traceable to the proceeds. The point is that the proceeds of an offense remain the proceeds of the offense even as they change form from one thing to another.

United States v. Stewart, 185 F.3d 112, 129-30 (3d Cir. 1999) (§ 982 – tainted funds traced into account which held untainted funds were forfeitable as "involved in" and "traceable to" money laundering), cert. denied, 528 U.S. 1063 (1999).

United States v. Hawkey, 148 F.3d 920, 927-28 (8th Cir. 1998) (§ 982 – property "traceable to" the laundering violation and any appreciation in value is forfeitable; entire motor home forfeitable even if untainted funds added to value of it).

United States v. Betancourt, 422 F.3d 240, 250-52 (5th Cir. 2005) (following Hill: if defendant buys a lottery ticket with drug proceeds, the lottery winnings are traceable to the offense even though the value of the ticket appreciated enormously when it turned out to contain the winning number).

United States v. Swanson, 394 F.3d 520, 529 n.4 (7th Cir. 2005) (a change in the form of the proceeds does not prevent forfeiture; property traceable to the forfeitable property is forfeitable as well).

United States v. Wittig, 2006 WL 13158, at *2 (D. Kan. 2006) (court instructs jury that property "derived from" the proceeds of an offense means money or other property obtained using the money or other source of wealth gained as a result of the offense; property "traceable to" the offense means property whose acquisition was attributable to the offense rather than from untainted sources).

**UNITED STATES' PROPOSED FORFEITURE INSTRUCTION NO. 7**
(Unanimous Verdict)

You must reach a unanimous verdict as to each question on each special verdict form. Everyone must agree to any "YES" or "NO" answer or any amount you enter on a special verdict form.

United States v. Olson, 2003 WL 23120024, at *4 (W.D. Wis. 2003) (if the Government alleges multiple theories of forfeiture, the court may instruct in the disjunctive, but must advise the jury that it must be unanimous as to the theory or theories it selects).

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON**

**UNITED STATES OF AMERICA**

v.  CRIMINAL NO. 2:21-cr-00127

**RAYMOND DUGAN**

<u>**SPECIAL VERDICT FORM**</u>

Property, Real or Personal, Constituting or Derived, Directly or Indirectly, from Proceeds Traceable to Offenses Involving 18 U.S.C. § 2252A(a)(5)(B) and 18 U.S.C. § 2252A(b)(2)

Do you find that One (1) PNY 240 GB HD, Serial Number SSD2SC240G1SA754D117 represents the proceeds derived from, or the gross receipts obtained by the defendant, Raymond Dugan, directly or indirectly, from violations in 18 U.S.C. § 2252A(a)(5)(B) and 18 U.S.C. § 2252A(b)(2) charged in the Indictment?

YES _____  NO _____

Respectfully submitted,

WILLIAM S. THOMPSON
United States Attorney

By: /s/ Julie M. White
JULIE M. WHITE
Assistant United States Attorney
WV Bar No. 13971
300 Virginia Street, East Room 4000
Charleston, WV 25301
Telephone: 304-345-2200
Fax: 304-347-5104
Email: Julie.white@usdoj.gov

**CERTIFICATE OF SERVICE**

It is hereby certified that the foregoing "United States Proposed Forfeiture Jury Instructions" have been electronically filed and service has been made on opposing counsel by virtue of such electronic filing this the 10th day of May, 2022, to:

David Schles, Esq.
815 Quarrier Street, Suite 306
Charleston, WV  25301

/s/ Julie M. White
JULIE M. WHITE
Assistant United States Attorney
WV Bar No. 13971
300 Virginia Street, East Room 4000
Charleston, WV 25301
Telephone:  304-345-2200
Fax: 304-347-5104
Email:  Julie.white@usdoj.gov