**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON**

**UNITED STATES OF AMERICA**

**v.**                                                    **Case number: 2:21-cr-00127**

**RAYMOND DUGAN**

### DEFENDANT'S PROPOSED JURY INSTRUCTIONS

The defendant, Raymond Dugan, pursuant to Rule 30 of the Federal Rules of Criminal Procedure and Rule 2.01 of the Local Rules of Criminal Procedure submits the following proposed jury instructions,  numbered 1 through 20, and respectfully requests and moves that this court give each instruction herein as part of its charge to the jury.

### DEFENDANT'S PROPOSED  INSTRUCTION NO. 1

### Beginning of Charge - Province of Court

Members of the jury:

At the outset, I want to thank you for your undivided attention throughout the trial, your care in the consideration of the testimony and exhibits, your patience and understanding when delays were necessary, and your promptness in attending Court.

You have now heard and seen all of the evidence which you may properly consider in determining the facts of the case and the guilt or innocence of the defendant as determined by those facts and the law. At this stage in a trial, I am required to state and explain to the jury the law which applies to the case. This statement as to the law of the case is known as a charge, and is presented in the form of instructions. Each instruction is as important as any other. You should draw no inference from the order, language, or manner in which these instructions are read.

Do not pick out any one statement or instruction and ignore other instructions or parts of instructions. Consider and apply these instructions together as a whole.

## FIRST: THE DUTY OF THE JUDGE, THE JURY, AND THE ATTORNEYS

The functions of the judge, the jury, and the attorneys in a case are quite different. It is the duty of the judge to determine and state the law of the case, preside over the trial, and conform each portion to the law. It is the duty of the jury to impartially determine the facts of the case from all of the evidence. Your oath as a juror requires you to accept and apply the law as stated in these instructions to the facts determined by you from all the evidence. You must not change the law or apply your own idea of what you think the law should be.

2

It is the duty of the attorneys to present their case, the law to the judge, and the facts to the jury; and, in argument, to relate the law to the facts, and thus assist the jury in determining the guilt or innocence of the defendant.

**SECOND: THE INDICTMENT**

The Indictment charges that on or about June 11, 2020, at or near Logan, Logan  County, West Virginia, and within the Southern District of West Virginia, Defendant, Raymond Dugan, did knowingly possess material, that is, computer graphic image files, containing images of child pornography which involved prepubescent minors and had been shipped and transported in interstate or foreign commerce.

You will note the indictment charges that the offense was charged on or about a specific date. The proof need not establish with certainty the exact date of the alleged offense. It is sufficient if the evidence in the case establishes beyond a reasonable doubt that the offense was committed on a date reasonably near the date alleged.

**THIRD: WHAT IS EVIDENCE?**

You are to determine the facts of this case from the evidence alone. The "evidence" always consists of the sworn testimony of all of the witnesses, all exhibits received in evidence, all stipulations, and all matters of which I took judicial notice.

A stipulation is an agreement among the parties that a certain fact is true. If the attorneys on both sides stipulate or agree as to the existence of a fact, you may accept the stipulation as evidence and regard that fact as proven. However, you are not required to do so, since you are the sole judge of the facts.

If the Court declares that it has taken judicial notice of some fact or event, you may

accept the Court's declaration as evidence and regard as conclusively proven the fact or event which has been judicially noticed, and weigh it along with other evidence in the case. You are not required to accept such facts, however, since you, as jurors, are the sole judge of the facts.

You must carefully and impartially consider the testimony of every witness and all exhibits, and not disregard or overlook any testimony, witness, exhibit, or evidence; you must not permit yourself to be influenced by sympathy, bias, passion, prejudice, or public sentiment for or against the defendant or the Government. Both the defendant and the Government expect that you will carefully and impartially consider all the evidence in the case, follow the law as stated by the Court, and reach a just verdict, regardless of the consequences.

Generally speaking, there are two kinds of evidence from which you may find the truth as to the facts of a case – direct and circumstantial evidence. Direct evidence of a fact to be proven is usually the testimony of the witness who saw, heard, or otherwise experienced the fact. In other words, it is the testimony of a witness who claims actual knowledge of the fact(s). Circumstantial evidence is where one fact or chain of facts gives rise to a reasonable inference of another fact. If one fact or group of facts, on the basis of common sense and common experience, leads you logically and reasonably to infer other facts, then this is circumstantial evidence.

Circumstantial evidence is no less valid and no less weighty than direct evidence provided that the inferences drawn are logical and reasonable. In a criminal case where a defendant's state of mind is at issue, where there are questions of what the defendant intended or what his purpose was, circumstantial evidence is often an important means of proving that the state of mind was at the time of the events in question. Sometimes it is the only means of proving state of mind.

The law makes no distinction between the weight to be given to either direct or circumstantial evidence. Nor is a greater degree of certainty required of circumstantial evidence than of direct evidence. Do not be concerned about whether evidence is direct evidence or circumstantial evidence. You should consider and weigh all of the evidence that was presented to you.

You are to consider only the evidence presented, and you may not guess or speculate as to the existence of any facts. But in your consideration of the evidence, you are not limited to the bald statements of the witnesses. In other words, you are not limited solely to what you see and hear as the witnesses testify. You are permitted to draw, from facts which you find to have been proved, such reasonable inferences as you feel are justified in the light of your own experience, reason and common sense.

The indictment in this case is only an accusation or charge against the defendant, and is not any evidence of guilt whatsoever. Mr. Dugan is on trial only for the acts or conduct alleged in the Indictment. Your focus must be on the charge contained in the Indictment, and not on anything else.

Nothing said or done by the attorneys who have tried this case is to be considered by you as evidence of any fact. The questions of counsel, the opening statements, and the final arguments of counsel are intended to help you in understanding the evidence and applying the law to the evidence, but they are not themselves evidence. Accordingly, if any argument, statement, or remark of counsel is not based upon the evidence or the law as stated in these instructions, then you should disregard that argument, statement, or remark.

Any proposed testimony or proposed exhibit to which an objection was sustained by the

Court and any testimony or exhibits ordered stricken by the Court must be entirely disregarded. You should not speculate as to the answer of any question to which an objection was sustained.

Nothing that I have said or done at any time during the trial is to be considered by you as evidence of any fact or as indicating any opinion concerning any fact, the "credibility of any witness", the "weight of any evidence", or, the guilt or innocence of the defendant. Neither by these instructions, nor by any ruling or remark which I have made or will make, have I meant to, or do I mean to indicate any opinion as to the facts of this case. The facts are for you, the jury, to decide.

Anything you may have seen or heard outside the courtroom is not evidence and must be entirely disregarded.

**FOURTH: WHAT YOU CONSIDER IN DETERMINING THE "CREDIBILITY OF THE WITNESSES" AND THE "WEIGHT OF THE EVIDENCE"**

During your deliberations, you should carefully consider the testimony of each and every witness, and not disregard or overlook any testimony, witness, or evidence. Now, in saying that you must consider all of the evidence, I do not mean that you must accept all of the evidence as true or accurate. You, as jurors, are the sole judges of the "credibility of a witness" and the "weight of the evidence."

The "credibility of a witness" means the truthfulness of the witness and the "weight of the evidence" means the extent to which you are or are not convinced by the evidence. Inconsistencies or discrepancies in the testimony of a witness, or between the testimony of different witnesses, may or may not cause the jury to discredit such

testimony. Two or more persons witnessing an incident may see and hear it differently; and innocent misrecollection, like failure of recollection, is not an uncommon experience. In weighing the effect of a discrepancy, always consider whether it pertains to a matter of importance or an unimportant detail, and whether the discrepancy results from innocent error or intentional falsehood.

The testimony of a witness may be discredited or impeached by showing that he or she previously made statements that are inconsistent with his or her testimony. It is the province of the jury to determine the credibility, if any, to be given the testimony of a witness who has been shown to have given a prior inconsistent statement or is impeached.

The number of witnesses testifying on one side or the other of an issue is not the test of the "credibility of the witnesses" and the "weight of the evidence." If warranted by the evidence, you may believe one witness against a number of witnesses testifying differently. The tests are: how truthful is the witness, how convincing is his or her evidence, and which witnesses and which evidence appeals to your minds as being most accurate, and otherwise trustworthy, in the light of all the evidence and circumstances shown.In determining the "credit" and "weight" you will give to the testimony of any witness who has testified, you may consider, among other things, if found by you from the evidence:

1) his or her good memory, or lack of memory;

2) the interest or lack of interest of the witness in the outcome of the trial;

3) the relationship of any witness to any of the parties or other witnesses;

4) his or her demeanor and manner of testifying;

7

5) his or her opportunity and means or lack of opportunity and means of having knowledge of the matters concerning which he or she testified;

6) the reasonableness or unreasonableness of his or her testimony;

7) his or her apparent fairness or lack of fairness;

8) the intelligence or lack of intelligence of the witness;

9) the bias, prejudice, hostility, friendliness or unfriendliness of the witness for or against any of the parties;

10) contradictory statements of any witness, if you believe from the evidence that such were made by the witness (either during trial or before trial) and that the same are contradictory of his or her testimony; however, contradictory statements, if any, may not be considered by the jury to establish the truth of such statements;

11) contradictory acts of any witness, if you believe that such were committed by the witness, and that they were contradictory of his or her testimony.

From these considerations and all other circumstances appearing from the evidence, you may give to the testimony of the witness such "credit" and "weight" as you believe it deserves. Further, the Court instructs you that you are not required to accept testimony, even though the testimony is uncontradicted and the witness is not impeached. You may decide, because of the witness' bearing and demeanor, or because of the inherent improbability of his or her testimony, or for other reasons sufficient to you, that such testimony is not worthy of belief.

During this trial, you have heard the testimony of law enforcement officers employed by

the state and federal governments.  The testimony of a law enforcement officer should be considered in the same way and judged as to the credibility and weight as the testimony of any other witness.

If you believe that any witness in this case has knowingly testified falsely as to any material or important fact, you may, after considering and weighing the testimony of such witness, disregard all of the testimony of such witness or give it or any part thereof, such "credit" and "weight" as you believe it deserves.


**FIFTH: THE BURDEN OF PROOF**

The law presumes a defendant to be innocent of crime. Thus a defendant, although accused, begins the trial with a "clean slate" with no evidence against him. And the law permits nothing but legal evidence presented before the jury to be considered in support of any charge against the accused. So the presumption of innocence alone is sufficient to acquit a defendant, unless the jurors are satisfied beyond a reasonable doubt of the defendant's guilt after careful and impartial consideration of all of the evidence in the case.

The jury will remember that a defendant is never to be convicted on mere suspicion or conjecture.

The burden is always upon the Government to prove guilt beyond a reasonable doubt. This burden never shifts to a defendant; for the law never imposes upon a defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence.

So, if you are not convinced beyond a reasonable doubt as to any one or more of the elements of the charge, you must find the defendant, Raymond Dugan, not guilty. However, if

you are satisfied beyond a reasonable doubt that all elements of the charge have been proven,

then you may find the defendant guilty as to the charge.

### DEFENDANT'S PROPOSED INSTRUCTION NO. 2

### Presumption of Innocence; Burden of Proof, and Reasonable Doubt

I instruct you that you must presume the defendant to be innocent of the crimes charged. Thus, the defendant, although accused of the crimes in the indictment, begins the trial with a "clean slate" -- with no evidence against him. In fact, the presumption of innocence, standing alone, means you must find the defendant not guilty of an offense unless and until you find that the government has satisfied its burden of proving every element of an offense beyond a reasonable doubt. The defendant carries no burden of proving or disproving any fact or any element of any offense.

The indictment is not evidence of any kind; it is merely a formal means of notifying a defendant that he has been charged with an offense. This is particularly important for you to remember because you will have a copy of the indictment with you in the jury room.  Do not draw any inferences of guilt from the indictment.  The defendant is, of course, not on trial for any act or crime not contained in the indictment.  The law permits nothing but legal evidence presented before the jury in court to be considered in support of any charge against the defendant. Therefore, the indictment is not evidence, and the presumption of innocence, standing alone, is sufficient to acquit him.

The burden is always upon the prosecution to prove guilt beyond a reasonable doubt. This burden never shifts to a defendant for the law never imposes upon a defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence.  A defendant is not even obligated to produce any evidence by cross-examining the witnesses for the Government.

It is not required that the Government prove guilt beyond all possible doubt.  The test is

one of reasonable doubt.  A reasonable doubt is a doubt based upon reason and common sense -- the kind of doubt that would make a reasonable person hesitate to act.  Proof beyond a reasonable doubt must, therefore, be proof of such a convincing character that a reasonable person would not hesitate to rely and act upon it in the most important of his or her own affairs.

Unless the Government proves, beyond a reasonable doubt, that the defendant, committed each and every element of the offenses charged in the indictment, you must find the defendant not guilty of the offenses.  If the jury views the evidence in the case as reasonably permitting either of two conclusions -- one of innocence, the other of guilt -- the jury must, of course, adopt the conclusion of innocence.


Given _____

Given as modified                 _____ w/ objection

                                  _____ w/o objection

Refused and objection reserved _____                Withdrawn _____

DEFENDANT'S PROPOSED INSTRUCTION NO. 3

**Possession of Child Pornography**

Title 18, United States Code Section 2252A(a)(5)(B) provides, in pertinent part, that:

(a) Any person who –
>(5)(B) knowingly possesses . . . any computer disk, or any other material that contains an image of child pornography that has been mailed, or shipped or transported using any means or facility of interstate or foreign commerce by any means, including by computer, or that was produced using materials that have been mailed, or shipped or transported in or affecting interstate or foreign commerce by any means, including by computer;

shall be guilty of a felony offense against the United States.

The Government contends that the digital image files identified in Government Exhibit Nos. __- __ were allegedly found on computer hard drive No. ____ and constitute the evidence to be considered for the single count charged in the Indictment. With respect to this Count, for you to find Raymond Dugan guilty of the offense of possession of child pornography, you must be convinced that the Government has established the following elements with proof beyond a reasonable doubt:

(1) On or about June 11, 2020, the defendant did knowingly possess at least one of the identified digital image files in Government's Exhibit Nos. __-__;

(2) At least one or more of the identified digital image files in Government's Exhibit Nos. __-__ contained child pornography, that is, a visual depiction of a prepubescent minor engaged in sexually explicit conduct;

(3) The defendant knew that at least one or more of the identified digital image files

contained a visual depiction of a prepubescent minor engaged in sexually explicit conduct; and

(4) At least one or more of the identified digital image files had been shipped and transported, through a means of interstate or foreign commerce, by any means, including by computer.

For purposes of this charge, you should consider the following additional definitions:

A person has "possession" of something if the person knows of its presence and has physical control of it, or has the power and intention to control it. Thus, a person can possess something exclusively, jointly, or constructively. However, it is not enough that the Government merely show that the defendant may have known about the presence of the identified digital image files on one or more computer hard drives found in the defendant's home. The fact that the aforementioned materials were discovered on one or more computer hard drives, standing alone, remains insufficient to establish possession. You may find that the defendant possessed the identified digital images only if he had the ability and intent to control the same.

The phrase "knowingly possess" requires you to find that the defendant had knowledge of the sexually explicit content of the images contained on a hard drive removed from his residence.

A person acts "knowingly" if that person acts consciously and with awareness and comprehension and not because of ignorance, mistake, misunderstanding, or other similar reason.

The term "visual depiction" includes any photograph, film, video, or picture and data which is stored on a computer disc or by electronic means which is capable of conversion into a visual image.

The term "prepubescent minor" means any real person under the age of twelve years.

14

The term "sexually explicit conduct" is defined to include actual or simulated sexual intercourse, including genital-genital, oral-genital, anal-genital, or oral-anal, whether between persons of the same or opposite sex; bestiality; masturbation; sadistic or masochistic abuse; or the lascivious exhibition of the genitals or pubic area of any person.

The term "lascivious exhibition" means a depiction which displays or brings to view to attract notice to the genitals or pubic area of children in order to excite lustfulness or sexual stimulation in the viewer. Not every exposure of the genitals or pubic area constitutes a lascivious exhibition.

The phrase "transported in interstate commerce" means that the visual depiction moved from one state to another or between the United States and another country. A visual depiction can be shipped and transported across state lines, by any means, including a computer.

The term "computer" means an electronic magnetic, optical, electrochemical, or other high speed data processing device performing logical, arithmetic, or storage functions, and includes any data storage facility or communications facility directly related to or operating in conjunction with such device. Such a term does not include an automated typewriter or typesetter, a portable handheld calculator or other similar device.


Given _____

Given as modified                    _____ w/ objection

                                     _____ w/o objection

Refused and objection reserved _____        Withdrawn _____

18 U.S.C. § 2256
*United States v. X-Citement Video*, 513 U.S. 64, 76-78 (1994).

*United States v. Miltier*, 882 F.3d 81, 86, (4th Cir. 2018).

*United States v. Matthews*, 209 F.3d 338, 351 (4th Cir. 2000).

*United States v. Amirault*, 173 F.3d 28, 33 (1st Cir. 1999).

*United States v. Villard*, 885 F.2d 117, 122 (3rd Cir. 1989).

*Doe v. Chamberlain*, 299 F.3d 192, 196 (3rd Cir. 2002).

**DEFENDANT'S PROPOSED  INSTRUCTION NO.  4**

**Consider Only Offense Charged**

The defendant is not on trial for any act or conduct not alleged in the indictment. You must consider only whether the Government has proven the elements of the offenses charged in the indictment beyond a reasonable doubt. Do not consider whether the  defendant might be guilty of any other offense not charged in this indictment.


Given _____

Given as modified                _____ w/ objection

                _____ w/o objection

Refused and objection reserved _____                Withdrawn _____

17

### DEFENDANT'S PROPOSED  INSTRUCTION NO. 5

### "Knowingly"--Defined

The word "knowingly" as used in these instructions, means that the defendant realized what he or she  was doing and was aware of the nature of his or her  conduct, and did not act through ignorance, mistake or accident.  Even if you believe that the  defendant aided or abetted the distribution of methamphetamine, you must acquit unless you further find that defendant did so knowingly.


Given _____

Given as modified                   _____ w/ objection

                                      _____ w/o objection

Refused and objection reserved _____          Withdrawn _____

DEFENDANT'S PROPOSED  INSTRUCTION NO. 6

**"Knowingly" and "Intentionally"--Defined**

The word "knowingly" as used in these instructions, means that the defendant realized what she  was doing and was aware of the nature of his  conduct, and did not act through ignorance, mistake or accident.

To act intentionally means to act knowingly and voluntarily, and with specific intent to do something which the law forbids.  The term "specific intent" means to act or participate with the bad purpose of disobeying or disregarding the law.  Thus, before you may conclude that the defendant committed the offense charged in the indictment, you also  must be convinced beyond a reasonable doubt that the defendant acted with the specific intent to do something that the law forbids.

Specifically, the words  knowingly and intentionally  as used in these instructions require that the Government must prove beyond a reasonable doubt as to the single count indictment that Raymond Dugan  knowingly and intentionally possessed child pornography. That requires, in addition to proof of all other essential elements as explained in these instructions,  proof beyond a reasonable doubt that Mr. Dugan   knowingly and intentionally possessed child pornography. Even if you believe that  Mr. Dugan  possessed child pornography in some way,   you must acquit unless you further find that he   did so knowingly and intentionally.

Given _____

Given as modified                 _____ w/ objection

                                _____ w/o objection

Refused and objection reserved _____                  Withdrawn _____

19

**Defendant's Proposed Instruction No. 7**

**"Intentionally" -- Defined**

To act intentionally means to act knowingly and voluntarily, and with specific intent to do something which the law forbids.  The words "specific intent" mean to act or participate with the bad purpose of disobeying or disregarding the law.  Thus, before you may conclude that the defendant committed the offense charged in the indictment, you first must be convinced beyond a reasonable doubt that the defendant acted with the specific intent to do something that the law forbids.

Given _____

Given as modified                    _____ w/ objection

                                     _____ w/o objection

Refused and objection reserved _____          Withdrawn _____

20

**DEFENDANT'S PROPOSED  INSTRUCTION NO. 8**

**Mere Presence Not Sufficient**

Mere presence at the scene of a crime and knowledge that a crime is being committed are not sufficient to establish that the defendant is guilty of the offense. Unless you find beyond a reasonable doubt that the defendant was a knowing participant in the criminal activity you must find the defendant not guilty of the charged offense.

Given _____

Given as modified               _____ w/ objection

                                _____ w/o objection

Refused and objection reserved _____           Withdrawn _____

DEFENDANT'S PROPOSED  INSTRUCTION NO.  9

**Inferences permissible from failure to produce evidence**

The law does not require the government  to call as witnesses all persons who may have been present at any time or place involved in the case, or who may appear to have some knowledge of the matters in issue at this trial.  Nor does the law require the prosecution to produce as exhibits all papers and things mentioned in the evidence.

However, in judging the credibility of the witnesses who have testified, and in considering the weight and effect of all evidence that has been produced, the jury may consider the government's failure to call other witnesses or to produce other evidence shown by the evidence in the case to be in existence and available.

On the other hand, the jury will always bear in mind that the law never imposes upon a defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence, and no adverse inferences may be drawn from his failure to do so.

Given _____

Given as modified                 _____ w/ objection

                                  _____ w/o objection

Refused and objection reserved _____                 Withdrawn _____

22

DEFENDANT'S PROPOSED  INSTRUCTION NO. 10

**Effect of Choice  of Accused Not to Testify**

The law does not compel a defendant in a criminal case to testify, and no presumption of guilt may be raised, and no inference of any kind may be drawn, from the choice of a defendant not to testify.  As stated before, the law never imposes upon a defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence.

The defendant, Raymond Dugan, has exercised his right to remain silent. The Constitution of the United States gives a defendant an absolute and inalienable right to remain silent, and the exercise of this right cannot be held against the defendant or in any way affect the outcome of his trial. Thus, in your deliberations, you may not draw any inferences from the defendant's decision not to testify, you cannot conclude that his decision is even remotely indicative of guilt, and you must not speculate what his testimony might have been or why he chose not to be a witness or give evidence.

Evidence relating to any alleged statement or admission alleged to have been made by a defendant outside of court and after a crime has been committed should always be considered by the jury with caution and weighed with great care. All such alleged statements, confessions, or admissions should be disregarded entirely unless the other evidence in the case convinces the jury beyond a reasonable doubt that the statement, confession, admission, or act or omission was made or done knowingly and voluntarily.

In determining whether any alleged statement or admission alleged to have been made by a defendant outside of court and after a crime has been committed was knowingly and voluntarily made, the jury should consider the age, training, education, occupation, and physical and mental

23

condition of the defendant, and his treatment while being questioned as shown by all of the evidence in the case. Also consider all other circumstances in evidence surrounding the making of the alleged statement or admission.

If, after considering the evidence, you determine that a statement or admission was made knowingly and voluntarily, you may give it such weight as you feel it deserves under the circumstances.

Given _____

Given as modified                 _____ w/ objection

                _____ w/o objection

Refused and objection reserved _____                 Withdrawn _____

24

**Defendant's Instruction No. 11**

**Defendant as Witness (Alternative to Instruction No. 10)**

You have heard the testimony of the defendant Raymond Dugan. You should judge the

testimony of the defendant in the same manner as you judge the testimony of any other witness.

Given _____

Given as modified                    _____ w/ objection

                                     _____ w/o objection

Refused and objection reserved _____                    Withdrawn _____

Devitt, Blackmar & O'Malley, Federal Jury Practice and Instructions § 15.12.

## DEFENDANT'S'S PROPOSED INSTRUCTION NO. 12

## Credibility of Witnesses - Discrepancies in Testimony

You, as jurors, are the sole judges of the credibility of the witnesses and the weight their testimony deserves.

You should carefully scrutinize all the testimony given, the circumstances under which each witness has testified, and every matter in evidence which tends to show whether a witness is worthy of belief.  Consider each witness' intelligence, motive and state of mind, and demeanor and manner while on the stand.  Consider the witness' ability to observe the matters as to which he has testified, and whether he impresses you as having an accurate recollection of these matters.

Consider also any relation each witness may bear to either side of the case;  the manner in which each witness might be affected by the verdict; and the extent to which, if at all, each witness is either supported or contradicted by other evidence in the case.

Inconsistencies or discrepancies in the testimony of a witness, or between the testimony of different witnesses, may or may not cause the jury to discredit such testimony.  Two or more persons witnessing an incident or a transaction may see or hear it differently; an innocent misrecollection, like failure of recollection, is not an uncommon experience.  In weighing the effect of a discrepancy, always consider whether it pertains to a matter of importance or an unimportant detail, and whether the discrepancy results from innocent error or intentional falsehood.  After making your own judgment, you will give the testimony of each witness such credibility, if any, as you may think it deserves.

Several law enforcement officers have testified in this case. You shall not give their

testimony any greater weight because they are law enforcement officers; rather, you should

carefully assess their credibility using the same standards applicable to any other witness.


Given _____

Given as modified                    _____ w/ objection

                                      _____ w/o objection

Refused and objection reserved _____          Withdrawn _____

### DEFENDANT'S PROPOSED  INSTRUCTION NO. 13

**Impeachment: Bias or Prejudice**

In assessing witness testimony you may consider any demonstrated bias, prejudice or hostility of a witness toward either the defendant or the government, or any bias in favor of the defendant or the government, in determining the weight to be accorded that testimony.


Given _____

Given as modified                    _____ w/ objection

                                     _____ w/o objection

Refused and objection reserved _____             Withdrawn _____

**DEFENDANT'S PROPOSED  INSTRUCTION NO. 14**

**Prior Inconsistent Statements**

A witness may be discredited or impeached by showing that he previously made statements that are inconsistent with his present testimony.  It is the province of the jury to determine the credibility, if any, to be given the testimony of a witness who has been shown to have given a prior inconsistent statement or is impeached.

If a witness is shown to have testified falsely concerning any material matter, you have a right to distrust such witness' testimony in other particulars; and you may reject all the testimony of that witness or give it only such weight as you deem proper.


Given _____

Given as modified                 _____ w/ objection

                                  _____ w/o objection

Refused and objection reserved _____                 Withdrawn _____

**DEFENDANT'S PROPOSED INSTRUCTION NO. 15**

**Not Required to Accept Uncontradicted Testimony**

You are not required to accept testimony, even though the testimony is uncontradicted and the witness is not impeached.  You may decide, because of the witness' bearing and demeanor, or because of the inherent improbability of his testimony, or for other reasons sufficient to you, that such testimony is not worthy of belief.

Given _____

Given as modified              _____ w/ objection

                              _____ w/o objection

Refused and objection reserved _____            Withdrawn _____

**DEFENDANT'S PROPOSED INSTRUCTION NO. 16**

**Number of Witnesses Not Controlling**

I instruct you, ladies and gentlemen, the weight of the evidence is not necessarily determined by the number of witnesses testifying on either side.  You should consider all the facts and circumstances in evidence to determine which of the witnesses are worthy of belief. You may find that the testimony of a smaller number of witnesses on one side is more credible than the testimony of a greater number of witnesses on the other side.

Given _____

Given as modified                 _____ w/ objection

                                  _____ w/o objection

Refused and objection reserved _____           Withdrawn _____

31

**DEFENDANT'S PROPOSED  INSTRUCTION NO.  17**

**Verdict - Unanimous - Duty to Deliberate**

This instruction relates to your verdict.  The verdict of the jury  must represent the considered judgment of each juror.  In order to return a verdict, be it not guilty or guilty, each juror must agree to it.  Your verdict must be unanimous.

It is your sworn duty to consult with one another and to deliberate with a view toward reaching an agreement, provided you can do so without surrendering your individual judgment. Each of you must decide the case for yourself, but may do so only after impartially considering all the evidence in the case with your fellow jurors.  In the course of deliberations, do not hesitate to reexamine your own views and change your opinion if you become convinced that it is wrong. But do not surrender your honest opinion as to the weight or effect of the evidence solely because the opinions of your fellow jurors may be different than yours or for the mere purpose of returning a verdict.  Remember at all times that you are not partisans - you are not in allegiance with the government nor are you in allegiance with the defendant.  You are judges, judges of the facts.


Given _____

Given as modified                 _____ w/ objection

                                  _____ w/o objection

Refused and objection reserved _____                Withdrawn _____

32

**Defendant's Instruction No. 18**

**Forfeiture**

A person who has been found guilty of the type of felony offense with which the defendant has been charged is subject to the forfeiture to the United States of any property, real or personal, which was used or intended to be used to commit or to promote the commission of such offense. In the event that you find the defendant guilty of the charged offense set forth in the Indictment, you will need to decide whether the Government has proven, beyond a reasonable doubt, that the ACER laptop (serial number LXAVROX1519040A95B2500) and the PNY SSD hard drive contained therein (serial number PNY34140000585271009) seized from the defendant on June 11, 2020, in Logan, West Virginia, were used or intended to be used to commit or promote the commission of the charged offense.

Should you find that the defendant is not guilty with respect to the charged offense, you do not need to address the question of forfeiture.

Given _____

Given as modified              _____ w/ objection

                                     _____ w/o objection

Refused and objection reserved _____

Withdrawn _____

18 U.S.C. § 2253(a)(3)

**Defendant's Instruction No. 19**

**Election of Foreperson - Form of Verdict**

Upon retiring to the jury room, you will select one of your number to act as your foreperson. The foreperson will preside over your deliberations, and will be your spokesperson here in court. A verdict form has been prepared for your convenience and I will read it to you shortly.

At such time as you are able to reach unanimous agreement on the charges, you should fill in the blanks on the verdict form with the words "Not Guilty" or "Guilty" as the case may be. After doing so, your foreperson should sign and date the verdict form at the bottom where provided.


Given _____

Given as modified                  _____ w/ objection

                                  _____ w/o objection

Refused and objection reserved _____          Withdrawn _____

**Defendant's Instruction No. 20**

**Exhibits During Deliberations - Communications to the Court**

I will be sending the exhibits received in evidence into the jury with you as well as a copy of the indictment. Also, if it becomes necessary during your deliberations to communicate with me, you may send a note to me through the bailiff, which is signed by the foreperson or by one of the jurors. Please try not to communicate directly with me orally, and please do not try to communicate directly with the bailiffs or anyone about any matter that touched on the merits of the case.

Finally, if you need to send me a note, please bear in mind that you should not reveal to me or any other person how the jury stands, numerically or otherwise, on the question of guilt or innocence of the defendant. You may now retire to the jury room to consider your verdict.

Given _____

Given as modified             _____ w/ objection

                              _____ w/o objection

Refused and objection reserved _____          Withdrawn _____

35

The foregoing proposed jury instructions are submitted with the request that they be incorporated into the Court's charge to the jury prior to deliberations.

Respectfully submitted,
RAYMOND DUGAN,

By counsel,


s/ David Schles
David Schles, WVBar #6375
815 Quarrier Street
Suite 306
Charleston, WV 25301
(304) 344-1559
Schleslaw@gmail.com

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**
**AT CHARLESTON**

**UNITED STATES OF AMERICA**

**v.**                                                    **Case number: 2:21-cr-00127**

**RAYMOND DUGAN**

**CERTIFICATE OF SERVICE**

I, David Schles, counsel for defendant, Raymond Dugan  do hereby certify that on this

10th  day of May, 2022,  the foregoing   DEFENDANT'S PROPOSED JURY INSTRUCTIONS

was  served upon the following by CM/EMF electronic filing  to:

Ms. Julie M. White
Assistant United States Attorney
P. O. Box 1713
Charleston, WV  25326-1713
*Counsel for the United States of America*

s/ David Schles
David Schles, WV Bar #6375
815 Quarrier Street
Suite 306
Charleston, West Virginia 25301
(304) 344-1559
Schleslaw@gmail.com

37