IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

UNITED STATES OF AMERICA

v.                                                            Case number: 2:21-cr-00127

RAYMOND DUGAN

### DEFENDANT'S PROPOSED VOIR DIRE QUESTIONS

The defendant, Raymond Dugan, by counsel, submits the following proposed voir dire questions, numbered 1 through 60. If any of the panel members' answers require follow-up questioning, the defendant requests that the panel members be asked to further explain their answers outside the presence of other jurors to avoid potential embarrassment or possibly prejudicing the entire panel.

1. Do you or do any members of your family or friends know me? (Judge Joseph R. Goodwin),

2. Do you or do any members of your family or friends know any of the courtroom personnel?

3. Will the defendant, Raymond Dugan, please rise? Are any of you related by blood or marriage to Mr. Dugan?

4. Are any of you acquainted with Mr. Dugan?

5. Do any of you or any member of your immediate families have a relationship, business or otherwise with Mr. Dugan?

6. [Have counsel introduce themselves.] Do any of you know or are any of you related to any of the attorneys in this case, or have you ever had any contact with them?

7. Are you or have you or any of your relatives or friends ever been connected with:

    a) law enforcement, either federal, state or local;

    b) a prosecuting attorney's or district attorney's office;

    c) the United States Attorney's office; or

    d) any law enforcement or quasi-law enforcement agency?

8. Have any of you ever been a policeman or policewoman, a military policeman or policewoman, or worked in the security field for either local, state or national government or for private industry?

9. [Read list of agents and proposed witnesses.] Do you or any members of your family know any of the persons who are employed by the government who worked on this case and who will testify in court, or any other witnesses who will testify for the prosecution in this case?

10. Are any of you more likely to believe the testimony of a law enforcement officer than that of a non-law enforcement officer simply because that person is a law enforcement officer?

11. Do you believe that testimony from an officer or agent of the Department of Homeland Security, Federal Bureau of Investigation, West Virginia State Police or any other law enforcement officer is entitled to greater weight than the testimony of other witnesses, including the defendant?

12. Do you, or do any members of your immediate family, have any dealing with the United States Government, or any of its agencies, or with the State of West Virginia or any of its agencies, or with any local government from which you may profit?

13. Do you know or recognize any other members of the jury panel?

14. Have any of you heard or read anything from any source including other individuals, the news media, television, newspapers, the internet, social media such as FaceBook, Twitter or Instagram, etc., or from any other source about this case or the persons involved or has anyone talked to you about this case?

15. As far as you now are aware do you have any personal knowledge about any of the facts of this case?

16. Have you or any members of your family ever participated in a criminal trial either as a witness for the prosecution, a witness for the defense, a party, or a juror? If so, please explain your role in any previous criminal proceeding.

17. Were any of you members of a Federal Grand Jury in this District during the year 2021?

18. Have any of you or members of your family ever served as a juror on a grand jury?

19. Have any of you or members of your family ever served as a juror in a civil case? If so:   a) when?

  b) where?

  c) how often?

  d) did you reach a verdict?

20. Have any of you or members of your family served as a juror in a criminal case? If so:   a) when?

  b) where?

  c) how often?

      d) did you reach a verdict?

21. Was there anything about the service which caused you any concern about the justice system in this country or is there anything which causes you to believe that you could not be a fair and impartial juror in this case?

22. Have you or any members of your family or close friends been a party to a civil lawsuit? If so, please explain.

23. Have you or any members of your immediate family or friends ever testified in a civil or criminal trial or before a grand jury? If so, please explain.

24. Have you or any members of your immediate family ever been the victim of a crime? If so, what type of crime was it? Was the crime ever solved? Were you satisfied with the efforts of the law enforcement officers and the criminal justice system in that case?

25. Have you or any members of your family or anyone close to you been employed by the Department of Justice, the United States Attorney's Office, the West Virginia State Police, or any other federal or state, county, local police or correctional authority? If not, have you ever previously sought employment with any federal or state or local police or correctional authority?

26. Have you or any members of your family or anyone close to you been employed by any government agency, school system, non-profit agency, or other public or private organization which provides services to children? If so, please describe the nature of the employment.

27. Have you or any members of your family or anyone close to you been employed in a computer-related field? If so, please describe the nature of your employment.

28. Do you have any personal political or religious philosophy or belief about child

pornography or the sexual exploitation of minors which would prevent you from fairly and impartially deciding this case solely on the evidence as it is presented in this court?

29. Does the fact that Mr. Dugan is charged with a crime create any impression in your mind that he is probably guilty?

30. Do any of you have an opinion, or have you at any time expressed an opinion as to the guilt or innocence of the defendant of the charge contained in the indictment?

31. This case involves allegations that the defendant knowingly possessed digital image files containing depictions of child pornography. It is anticipated that during the course of the trial the jury will be shown images containing depictions of child pornography. Do any of you possess any strong negative feelings concerning child pornography to the extent that you would be unable to serve as an impartial member of this jury to decide this case?

32. Have any of you or any members of your immediate family ever been a victim in a situation involving child pornography where someone took a sexually explicit photograph or video of you or of a family member when you or that family member were under the age of eighteen?

33. Have you or any members of your immediate family ever been a victim of any other crime?

34. Do you or any member of your immediate family belong to any group or organization which is primarily concerned with issues and concerns related to the rights of victims?

35. Do you have strong feelings about the criminal justice system or the prosecution of criminal cases that would affect your ability to render a fair and impartial verdict in this case?

36. Do you think that your life experiences would, in any way, impact upon your ability to

render a fair and impartial verdict based solely upon the evidence and be able to make a decision based solely on the evidence in this case?

37. Do you agree to follow the law of this case if the Court instructs you what the law is, even if you personally disagree with the law as explained by the Court?

38. Will any of you have difficulty discussing sexual matters with other members of the jury such that it would be impossible for you to serve?

39. This case involves an accusation that the defendant possessed child pornography. During this trial, you will be shown child pornography, including graphic images, and hear descriptions of computer files, including graphic and offensive file names which will certainly be disturbing to most, if not all of you. Regardless of your feelings on this subject matter and the graphic nature of the material presented, are you unable to render a fair and impartial verdict based solely on the evidence presented in court and the Court's instructions on the law?

40. Do you believe that a person charged with a crime has to prove his innocence at his trial?

41. Do you believe that a defendant must testify in his own behalf in order to be found not guilty?

42. At the end of this case, I will instruct you that you must acquit Raymond Dugan unless you are convinced that the government has proven him guilty beyond a reasonable doubt for the charged offense. Would any of you be reluctant to apply this particular instruction in this case?

43. Have you or any member of your immediate family ever been affected by the enforcement of child pornography laws, obscenity laws, or the laws that govern and criminalize

the sexual exploitation of children?

44. How many of you do NOT have a computer or other device capable of accessing the Internet?

45. How many of you are NOT familiar with the Internet?

46. Do you have any training in the field of computers, or specialized knowledge of computers, interactive computer services, or computer analysis or forensics? (If so, please describe your training and specialized knowledge.)

47. Do any of you ever make donations to organizations with the primary purpose of supporting law enforcement agencies or fighting criminal activity?

48. Do any of you feel that if a defendant is not guilty he or she should prove it?

49. Do any of you feel that the defendant must present evidence before you could find him or her not guilty?

50. Would any of you surrender your honest belief that a defendant is not guilty or that the United States has failed to prove guilt beyond a reasonable doubt just because a majority, or even all of your fellow jurors felt otherwise?

51. Do any of you know of any reasons why you may be prejudiced for or against the Government or the defendant because of the nature of the charges or otherwise?

52. Do you have a problem with the legal principle that requires the government to prove every element of a crime charged beyond a reasonable doubt and for the jury to acquit based solely on the failure of the government to carry this burden, even if the defendant presents no evidence?

53. Can you think of any other matter which you should call to the attention of the Court

which may have some bearing on your qualifications to sit as a juror in this case?

54. Do you know of any bias or prejudice on your part, or can you think of anything which may prevent you from rendering a fair and impartial verdict in this case based solely on the evidence and my instructions as to the law?

55. At the close of all the evidence, the Court will instruct you concerning the proper law applicable to this case. Are there any of you who feel that for any reason that you cannot or could not follow the law as stated to you by the Court in its instructions?

56. In that regard, and more particularly, the law provides that:

-- The indictment is simply a formal document which notifies the defendant that he has been charged with an offense. It is not evidence of any kind.

-- The defendant is presumed to be innocent of the charge until proven guilty beyond a reasonable doubt. The burden is always on the Government to prove the defendant's guilt beyond a reasonable doubt and the defendant is not required to testify or to present any evidence in his own behalf, but has an absolute right to do so if he chooses. The presumption of innocence standing alone is sufficient to require a verdict of not guilty unless the government presents evidence sufficient to convince you beyond a reasonable doubt that the defendant is in fact guilty of the crime alleged.

-- The jury, by its oath, must decide the case solely on the evidence presented and on the law as it is given to you by the Court.

Is there any one of you who has difficulty understanding these matters as I have just explained them to you? Again, is there any one of you who believes, for any reason, that you could not decide the case in accordance with the legal standards which the Court has just stated?

57. Would service on this jury have any adverse effect with regard to your job or family?

58. Do you have any physical problems which might make it difficult for you to follow the evidence or to sit on the jury in this case?

59. We estimate that the trial in this case will take approximately 2 full days. Does this

present any serious problems for any of you with the understanding that you will not be sequestered or ordinarily held beyond 5:00 in the evening or required to report before 9:00 in the morning?

60.  Are there any reasons at all why you do not wish to sit as a juror in this case?

The foregoing proposed voir dire questions are submitted with the request that they be incorporated into the Court's questioning of the prospective jurors.

                      Respectfully submitted,

                      RAYMOND DUGAN,
                      By counsel,

s/ David Schles
David Schles, WVBar #6375
815 Quarrier Street
Suite 306
Charleston, WV 25301
(304) 344-1559
Schleslaw@gmail.com

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

UNITED STATES OF AMERICA

v.  Case number: 2:21-cr-00127

RAYMOND DUGAN

**CERTIFICATE OF SERVICE**

I, David Schles, counsel for defendant, Raymond Dugan do hereby certify that on this 10th day of May, 2022, the foregoing DEFENDANT'S PROPOSED VOIR DIRE QUESTIONS was served upon the following by CM/EMF electronic filing to:

Ms. Julie M. White
Assistant United States Attorney
P. O. Box 1713
Charleston, WV  25326-1713
*Counsel for the United States of America*

s/ David Schles
David Schles, WV Bar #6375
815 Quarrier Street
Suite 306
Charleston, West Virginia 25301
(304) 344-1559
Schleslaw@gmail.com