IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON

UNITED STATES OF AMERICA

v.                                    CRIMINAL NO. 2:21-cr-00127

RAYMOND DUGAN

TRIAL BRIEF OF THE UNITED STATES

Now comes the United States of America and offers this trial brief for this Court's review and consideration.

I.   Background and Procedural History

On July 29, 2021, a federal grand jury indicted Defendant in a single-count indictment, charging him with possession of child pornography, in violation of 18 U.S.C. §§ 2252A(a)(5)(B) and (b)(2). ECF No. 1. Trial is scheduled to begin on May 17, 2022, at 8:30 a.m. The trial is expected to take approximately one to two days.

In August 2019, law enforcement received information about a computer user accessing child pornography on a dark website. Homeland Security Investigations Special Agent Michael Fleener was able to trace the user back to Defendant's residence. He applied for a federal search warrant to search the premises and seize certain items.

1

On June 8, 2020, United States Magistrate Judge Dwane L. Tinsley determined that the affidavit set forth sufficient probable cause that child pornography related evidence would be found at Defendant's residence and issued a warrant to search the premises.

The search warrant was executed on June 11, 2020. While executing the warrant, Agent Fleener made contact with Defendant. He was advised of his Miranda rights and signed a waiver of rights form. The subsequent interview was audio recorded and a copy was previously provided to defense counsel. During the interview, Defendant admitted to using the Tor network to search for and visit multiple child pornography websites on the Dark web. Defendant explained that he was curious about child pornography.

A forensic analysis of a hard drive seized from Defendant's home office revealed 1,237 images of child pornography. It further revealed 1,543 Tor network URLs visited.

II.  Anticipated Evidentiary Issues

A.  Proof of Child Pornography

No extrinsic evidence is required to prove that an image meets the definition of child pornography set forth in 18 U.S.C. § 2256(8)(A). In this case, the parties have stipulated that the videos and images introduced by the United States depicts persons under the age of 18 who are real persons. However, even without a stipulation, the finder of fact may determine, upon viewing the

2

images, whether he or she believes that the individuals depicted in the images are real prepubescent minors. United States v. Bynum, 604 F.3d 161 (4th Cir. 2010) ("[T]he Government need not present any extrinsic evidence as to this issue [of whether images depicted real children], so long as the jury has had an opportunity - as it did here - to view the relevant images."); see also United States v. Salcido, 506 F.3d 729, 734 (9th Cir. 2007) ("[T]here seems to be general agreement among the circuits that pornographic images themselves are sufficient to prove the depiction of actual minors."). Thus, there is no requirement that any extrinsic evidence be presented to determine that it is a real child depicted in each of the images. The United States believes that it is apparent from the images that they depict real people and that they are unambiguously prepubescent. Accordingly, the United States does not intend to present additional extrinsic evidence and will rely on the jury's determination as to whether the images admitted meet the definition of child pornography under 18 U.S.C. § 2256(8)(A).

    B.   Statements by Defendant

A statement is not hearsay if "[t]he statement is offered against a party and is (A) the party's own statement, in either an individual or representative capacity." Fed. R. Evid. 801(d)(2)(A). This rule extends to oral statements of a defendant. See United States v. Williams, 837 F.2d 1009, 1013 (11th Cir.

1988); Fed. R. Evid. 801(d)(2)(C). The United States intends to introduce into evidence a video made during the execution of the search warrant at Defendant's residence. The United States intends to play an excerpt from the video containing statements made by Defendant. The video was provided to defense counsel on [date] as part of the discovery process, and the United States has also provided defense counsel with a description of the excerpt (to include time stamps for accuracy). While defense counsel has indicated he will object to the excerpt based upon FRE 103(d), 106, 401, 402, and 403, he has provided no explanation of how these rules would prevent the use of the video excerpt, particularly as the United States intends to provide the entire video to the jury. Thus, this objection, if made mid-trial, would be without merit and should be denied.

The United States also intends to introduce an audio-recorded interview of Defendant conducted at Defendant's residence on the same date. To date, no objection has been raised to this audio recording.

C.   Stipulations

The parties have reached an agreement containing several stipulations, which has been filed with the Court. ECF No. 61. In the stipulation, the parties agree that the images and videos admitted into evidence depict real minors engaged in sexually explicit conduct, that the minors were under the age of 18 at the

4

time the images were taken, and that those images and videos have traveled in and affected interstate or foreign commerce. The parties further stipulate and agree that Logan is located in Logan County, and within the Southern District of West Virginia.

   D.   <u>Transcriptions</u>

The United States anticipates introducing an audio recording of Defendant's interview with law enforcement on the day a search warrant was executed at his residence. The United States has created a transcript of the audio recording and intends to present the transcript along with the recording during trial. The United States also intends to introduce a hard copy of the transcript for identification purposes. The disc containing the audio recording itself will not include the transcript.

The United States has proposed a jury instruction that provides the jury with guidance regarding the use of the transcript, advising them that the evidence is the audio recording, not the transcript, and that the audio recording controls to the extent they believe there is a discrepancy between the two. With this cautionary instruction, the United States should be permitted to play the recording with the transcript during trial to aid the jury in following along with the recorded conversation.

   E.   <u>Number of Images of Child Pornography</u>

The United States intends to introduce approximately four images of child pornography. Each of the images introduced serves

a purpose, and the United States has attempted to balance the desire to limit the volume of child pornography shown during the trial with the need to ensure sufficient evidence is submitted to the jury for consideration of the charge contained in the Indictment.

Each of these images and videos serves an important function in the government's case, and the total number of images introduced represents only a small fraction of the total number of images that the United States could potentially introduce. Accordingly, the United States submits that the number of images introduced is reasonable, and any attempt by Defendant to limit the number of images the United States intends to introduce should be rejected.

1.   The Images are Intrinsic

It is the position of the United States that this evidence is intrinsic – that is, the evidence is necessary to establish elements of the crimes with which Defendant is charged and is "evidence of . . . conduct [arising] out of the same series of transactions as the charged offense, or [evidence that] is necessary to complete the story of the crime on trial." United States v. Kennedy, 32 F.3d 876, 886 (4th Cir. 1994); see also United States v. Towne, 870 F.2d 880, 886 (2d Cir. 1989), cert. denied, 490 U.S. 1101 (1989) (evidence is admissible when it is "inextricably intertwined with the evidence regarding the charged

offense, or . . . is necessary to complete the story of the crime [on] trial").

Given that Defendant possessed over 1,200 images of child pornography on his hard drive, publishing only four images to the jury shows restraint on the part of the United States, while still allowing the United States to meet its burden of proof.

2.   Rule 404(b) Evidence

The United States noticed its intention to introduce into evidence any and all images and videos of child pornography and child erotica possessed by Defendant.

While the United States takes the position that this evidence is necessary to establish elements of the crime charged in the indictment and is "inextricably intertwined with the evidence regarding the charged offense, or . . . is necessary to complete the story of the crime [on] trial," the evidence is nonetheless also admissible under Fed. R. Evid. 404(b). United States v. Towne, 870 F.2d 880, 886 (2d Cir. 1989); see also United States v. Chin, 83 F.3d 83, 87-88 (4th Cir. 1996) (acts intrinsic to charged crime do not fall under Rule 404(b)).

Rule 404(b) permits evidence of a defendant's prior crimes, wrongs, or other "bad acts" to prove "motive, opportunity, intent, preparation, plan, knowledge, identity or absence of mistake or accident," but only if relevant, necessary, and reliable. See generally, United States v. Penniegraft, 641 F.3d 566, 574 (4th

Cir. 2011), <u>cert. denied</u>, 132 S. Ct. 564 (2011); <u>United States v. Basham</u>, 561 F.3d 302, 325-30 (4th Cir. 2009). The Fourth Circuit has held that "Rule 404(b) is an inclusive rule that allows admission of evidence of other acts relevant to an issue at trial except that which proves <u>only</u> criminal disposition." <u>United States v. Watford</u>, 894 F.2d 665, 671 (4th Cir. 1990) (emphasis added), <u>citing</u> <u>United States v. Masters</u>, 622 F.2d 83, 85 (4th Cir. 1980). The Fourth Circuit has also noted that the list of circumstances set forth in the rule itself under which evidence may be found relevant for Rule 404(b) is "merely illustrative and not exclusionary" and the number of reasons that justify admission of evidence under the rule has been described as "infinite." <u>Masters</u>, 622 F.2d at 86.

Evidence of prior bad acts is admissible under Rule 404(b) when it meets the following criteria:

> (1)  The evidence must be relevant to an issue, such as an element of an offense, and must not be offered to establish the general character of the defendant. In this regard, the more similar the prior act is (in terms of physical similarity or mental state) to the act being proved, the more relevant it becomes. (2) The act must be necessary in the sense that it is probative of an essential claim or element of the offense. (3) The evidence must be reliable. And (4) the evidence's probative value must not be substantially outweighed by confusion or unfair prejudice in the sense that it tends to subordinate reason to emotion in the factfinding process.

<u>United States v. Johnson</u>, 617 F.3d 286, 296-97 (4th Cir. 2010), <u>citing</u> <u>United States v. Queen</u>, 132 F.3d 991, 997 (4th Cir. 1997).

8

"For evidence to be relevant, it must be 'sufficiently related to the charged offense.'" United States v. McBride, 676 F.3d 385, 397 (4th Cir. 2012). "[T]he more closely the prior act is related to the charged conduct – either in time, pattern, or state of mind – the more probative it is of the defendant's intent or knowledge in relation to the charged conduct." Johnson, 617 F.3d at 297.

To the extent that the proposed evidence constitutes prior bad acts by Defendant, it is clearly admissible under Rule 404(b) to show motive, intent, and lack of mistake.

As this evidence is relevant, necessary, and reliable, the only remaining factor to assess is whether the substantive value of the evidence is substantially outweighed by unfair prejudice. Given the fact that the charges in the case involve allegations regarding child pornography, it cannot be said that a handful of images would "subordinate reason to emotion in the factfinding process." Johnson, 617 F.3d at 297. Accordingly, the evidence should also be admitted under Rule 404(b).

F.   Anticipated Legal Issues

1.   Argument Regarding Impact of Conviction on Family

Defendant should not be permitted to draw attention to the impact a conviction would have upon his wife and son, including any financial or emotional toll. This kind of information is irrelevant and amounts to nothing more than an appeal to the sympathy of the jury. See, e.g., United States v. Ramirez, 482

9

F.2d 807, 816 (2d Cir. 1973); <u>United States v. D'Arco</u>, No. 90 CR 1043, 1991 WL 264504 at *4 (N.D. Ill. 1991) (holding that "no testimony or argument will be allowed regarding the impact of the trial or possible conviction upon a family member"). Personal or familial consequences of trial or conviction should play no part in the jury's deliberations as to whether the defendant is guilty of the crime charged. Accordingly, the Court should preclude Defendant from introducing evidence about any impact the case has upon his family at trial or making such arguments during opening and closing.

2.   <u>Argument Regarding Lawfulness of Search Warrant</u>

Defendant filed motions under seal in a timely manner in this case. The Court conducted a motions hearing on April 29, 2022, where the Court took testimony and heard evidence and argument. At the hearing, Defendant challenged the validity of the federal search warrant in this case. After a lengthy and spirited debate, the Court denied Defendant's motion to suppress the search warrant affidavit, finding the affidavit had sufficient probable cause. A determination of probable cause for a search warrant is an issue of law. <u>United States v. Allen</u>, 631 F.3d 164, 171 (4th Cir. 2011). Because this issue has already been addressed by the Court, the Defendant should not be permitted to address or challenge the contents of the search warrant affidavit or its contents at trial.

Respectfully submitted,

WILLIAM S. THOMPSON
United States Attorney


/s/ Julie M. White
JULIE M. WHITE
Assistant United States Attorney
WV Bar No. 13971
300 Virginia Street, East Room 4000
Charleston, WV 25301
Telephone:  304-345-2200
Fax: 304-347-5104
Email:  Julie.white@usdoj.gov

CERTIFICATE OF SERVICE

It is hereby certified that the foregoing "TRIAL BRIEF OF THE UNITED STATES" has been electronically filed and service has been made on opposing counsel by virtue of such electronic filing this 13th day of May, 2022, to:


David Schles, Esq.
815 Quarrier Street, Suite 306
Charleston, West Virginia 25301
Email: Schleslaw@gmail.com

*Julie M. White*

/s/ Julie M. White
JULIE M. WHITE
Assistant United States Attorney
WV Bar No. 13971
300 Virginia Street, East Room 4000
Charleston, WV 25301
Telephone:  304-345-2200
Fax: 304-347-5104
Email:  Julie.white@usdoj.gov