UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON

**UNITED STATES OF AMERICA**

**v.**                              CRIMINAL NO. 2:21-CR-00127

**RAYMOND DUGAN**

**SUPPLEMENTAL PROPOSED JURY INSTRUCTIONS OF THE UNITED STATES**

Comes now the United States of America, by Julie M. White, Assistant United States Attorney for the Southern District of West Virginia, and submits the following proposed jury instructions to supplement its previous filings.

Respectfully submitted,

WILLIAM S. THOMPSON
United States Attorney

/s/ Julie M. White
JULIE M. WHITE
Assistant United States Attorney
WV Bar No. 13971
300 Virginia Street, East
Room 4000
Charleston, WV 25301
Telephone: 304-345-2200
Fax: 304-347-5104
Email: Julie.white@usdoj.gov

**GOVERNMENT'S PROPOSED SUPPLEMENTAL INSTRUCTION NO. 2**

The term "interstate or foreign commerce" means the movement of a person or property from one state to another state or from one state to another country. The term "State" includes a State of the United States, the District of Columbia, and any commonwealth, territory, or possession of the United States. It is not necessary for the Government to prove that the Defendant knew that the visual depiction had moved in interstate or foreign commerce. A cellular telephone and the Internet are each facilities of interstate commerce.

**GOVERNMENT'S PROPOSED SUPPLEMENTAL INSTRUCTION NO. 3**

<u>**COUNT ONE: 18 U.S.C. § 2252(a)(5)(B) and 2252A(b)(2)**</u>
<u>**ELEMENTS OF THE OFFENSE cont'd**</u>

The second element which the government must prove beyond a reasonable doubt is that the visual depiction was mailed, shipped, or transported in or affecting interstate or foreign commerce by any means, including by computer, or that the image was produced using materials that had been mailed, shipped or transported in or affecting interstate or foreign commerce.

Accordingly, the government can satisfy this element by proving beyond a reasonable doubt that the device on which the defendant stored the depiction, had been mailed or transported in or affecting interstate or foreign commerce.

The phrase "transported in interstate or foreign commerce" means that these materials had previously moved from one state to another or between the United States and another country. Here, the government alleges that the defendant used devices manufactured outside of the state of West Virginia to view and store the visual depictions.

I instruct you that if you find that the device on which the defendant stored the depiction was manufactured outside the state of West Virginia, that is sufficient to satisfy this element.

3

The government does not have to prove that the defendant personally transported the device across a state or international line, or that the defendant knew that the device had previously crossed such a line.

**GOVERNMENT'S PROPOSED SUPPLEMENTAL INSTRUCTION NO. 4**

The term "interstate or foreign commerce" means the movement of a person or property from one state to another state or from one state to another country. The term "State" includes a State of the United States, the District of Columbia, and any commonwealth, territory, or possession of the United States. It is not necessary for the Government to prove that the Defendant knew that the visual depiction had moved in interstate or foreign commerce. A cellular telephone and the Internet are each facilities of interstate commerce.

**GOVERNMENT'S PROPOSED SUPPLEMENTAL INSTRUCTION NO. 5**

You may use the defendant's admissions, along with the recovery of child pornography from the defendant's device, to infer that the defendant possessed child pornography. Further, the act of downloading, viewing, and then deleting child pornography files constitutes possession of child pornography.

*United States v. Tucker*, 305 F.3d 1193 (10th Cir. 2002); *United States v. Ramos*, 685 F.2d 120 (2d. Cir. 2012).

**CERTIFICATE OF SERVICE**

It is hereby certified that the foregoing "Supplemental Proposed Jury Instructions of the United States" have been electronically filed and service has been made on opposing counsel by virtue of such electronic filing this the 27th day of May, 2022, to:

>David Schles, Esq.
>815 Quarrier Street, Suite 306
>Charleston, WV  25301

>/s/ Julie M. White
>JULIE M. WHITE
>Assistant United States Attorney
>WV Bar No. 13971
>300 Virginia Street, East
>Room 4000
>Charleston, WV 25301
>Telephone:  304-345-2200
>Fax: 304-347-5104
>Email:  Julie.white@usdoj.gov

7