IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

UNITED STATES OF AMERICA

v.                                                            Case number: 2:21-cr-00127

RAYMOND DUGAN

### DEFENDANT'S MOTION *IN LIMINE*

Now comes the defendant, Raymond Dugan, by counsel, David Schles, and moves this Court, *in limine*, to exclude evidence, consisting of a selectively edited audio/video clip which counsel for the government has indicated the government will seek to introduce at trial. The video clip at issue is a portion of a longer audio/video recording made by law enforcement at Mr. Dugan's residence during execution of the search warrant on June 11, 2020. The excerpt identified by the government includes the recording of Mr. Dugan's wife asking whether law enforcement is looking for child pornography and then becoming upset and hysterical.

Ms. Dugan's question and subsequent reaction is irrelevant because it does not have any tendency to make a fact of consequence in determining this action more or less probable than it would be without the evidence. *See*: Rule 401, F.R.E. (2022). Irrelevant evidence is categorically inadmissible pursuant to Rule 402. F.R.E. Furthermore, even, assuming *arguendo* this evidence had some probative value, the danger of unfair prejudice, confusing the issues and misleading the jury would substantially outweigh any slight probative value.

The defendant concedes that some portions of the full audio/video recorded by law

enforcement during execution of the search warrant on June 11, 2020, may be admissible. Visual evidence of the physical location of the computer equipment may be relevant. Additionally, certain statements made by the defendant himself may have probative value and are not inadmissible hearsay pursuant to Rule 801 (d)(2)(A) F.R.E., as a statement of a party-opponent.

Statements on the recordings made by others including law enforcement and Mr. Dugan's family members are hearsay. To the extent the government should seek introduction of recorded verbal utterances from persons other than Mr. Dugan for purposes other proving the truth of the matter asserted, this court will need to determine individually whether such verbal utterances are in fact relevant and otherwise properly admissible at trial. As the government has not specifically identified what, if any, other portions of the audio-video recordings it may seek to introduce at trial, further rulings on the admissibility of recorded evidence will need to be determined on a case-by-case basis at trial.

Respectfully Submitted,
Raymond Dugan
By counsel,

**s/ David Schles**
David Schles (WV Bar #6375)
815 Quarrier Street
Suite 306
Charleston, WV 25301
(304) 344-1559
Schleslaw@gmail.com

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
# AT CHARLESTON

**UNITED STATES OF AMERICA**

v.                                                          Case number: 2:21-cr-00127

**RAYMOND DUGAN**

CERTIFICATE OF SERVICE

    I, David Schles, counsel for defendant, Raymond Dugan do hereby certify that on this 26th day of July 2022, the foregoing DEFENDANT'S MOTION *IN LIMINE* was served upon the following by CM/EMF electronic filing:

Julie M. White
Nowles Heinrich
Assistant United States Attorney
P. O. Box 1713
Charleston, WV  25326-1713

                                                                         s/ David Schles
                                                                        David Schles, WV Bar #6375
                                                                        815 Quarrier Street
                                                                        Suite 306
                                                                        Charleston, WV 25301
                                                                        (304) 344-1559
                                                                        Schleslaw@gmail.com