# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
# AT CHARLESTON

**UNITED STATES OF AMERICA**

v.                                                                             Case number: 2:21-cr-00127

**RAYMOND DUGAN**

## DEFENDANT'S SUPPLEMENTAL PROPOSED JURY INSTRUCTIONS

The defendant, Raymond Dugan, pursuant to Rule 30 of the Federal Rules of Criminal Procedure and Rule 2.01 of the Local Rules of Criminal Procedure submits the following supplemental proposed jury instructions and respectfully requests and moves that this court give each instruction herein as part of its charge to the jury.

**DEFENDANT'S SUPPLEMENTAL PROPOSED INSTRUCTION NO. 1**

**<u>Elements of the Offense</u>**

The indictment charges the defendant with knowingly accessing with intent to view material, that is computer graphic image files, containing images and videos of child pornography. For you to find the defendant guilty of this crime, you must find that the government has proved each and every one of the following elements beyond a reasonable doubt:

First: That the defendant knowingly accessed with intent to view any computer graphic image file that contained an image of child pornography.

Second: That the defendant knew that the computer graphic image files contained child pornography.

Third: That the computer graphic image files containing child pornography involved prepubescent minors.

Fourth: That the computer graphic image files containing images of child pornography were shipped and transported in or affecting interstate or foreign commerce by any means, including by computer.

If you are convinced that the government has proved all of these elements beyond a reasonable doubt, you may return a guilty verdict on this charge. If you have a reasonable doubt about any one of these elements, then you must find the defendant not guilty of this charge.

**DEFENDANT'S SUPPLEMENTAL PROPOSED INSTRUCTION NO. 2**

**Definitions**

Now I will give you more detailed instructions on some of these terms.

The term "child pornography" means any visual depiction of sexually explicit conduct, including any photograph, film, video, picture, computer or computer-generated image or picture whether produced by electronic, mechanical or other means where the production of such visual depiction involved the use of a minor engaging in sexually explicit conduct, or the visual depiction had been created, adapted or modified to appear that an identifiable minor was engaging in sexually explicit conduct.

The term "visual depiction" includes data stored on computer disk or by electronic means which is capable of conversion into a visual image and data which is capable of conversion into a visual image that has been transmitted by any means, whether or not stored in a permanent format.

The term "sexually explicit conduct" means actual or simulated sexual intercourse, including genital-genital, oral-genital, anal-genital, or oral-anal, whether between persons of the same or opposite sex; bestiality; masturbation; sadistic or masochistic abuse; or lascivious exhibition of the genitals or pubic area of a person.

In deciding whether an exhibition is lascivious, you may consider these six factors: (1) whether the focal point of the visual depiction is on the child's genitalia or pubic area; (2) whether the setting of the visual depiction is sexually suggestive, *i.e.*, in a place or pose generally

associated with sexual activity; (3) whether the child is depicted in an unnatural pose, or in inappropriate attire, considering the age of the child; (4) whether the child is fully or partially clothed, or nude; (5) whether the visual depiction suggests sexual coyness or a willingness to engage in sexual activity; and (6) whether the visual depiction is intended or designed to elicit a sexual response in the viewer. This list is not exhaustive, and an image need not satisfy all of these factors to be deemed lascivious. Instead, you must determine whether the visual depiction is lascivious based on its overall content. It is for you to decide the weight or lack of weight to be given any of these factors.

The term "computer" means an electronic, magnetic, optical, electrochemical, or other high speed data processing device performing logical, arithmetic, or storage functions, and includes any data storage facility or communications facility directly related to or operating in conjunction with such device, but such term does not include an automated typewriter or typesetter, a portable hand held calculator, or other similar device.

The term "in interstate commerce" means the material that contained child pornography had previously moved from one state to another or between the United States and another country.

The term "means or facility of interstate commerce" includes the internet or the telephone.

The phrase "affecting interstate and foreign commerce" means having at least a minimal effect upon interstate or foreign commerce.

The foregoing proposed jury instructions are submitted with the request that they be incorporated into the Court's charge to the jury prior to deliberations.

                                              Respectfully submitted,
                                              RAYMOND DUGAN,

                                              By counsel,

s/ David Schles
David Schles, WVBar #6375
815 Quarrier Street
Suite 306
Charleston, WV 25301
(304) 344-1559
Schleslaw@gmail.com

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

UNITED STATES OF AMERICA

v.                                    Case number: 2:21-cr-00127

RAYMOND DUGAN

**CERTIFICATE OF SERVICE**

I, David Schles, counsel for defendant, Raymond Dugan do hereby certify that on this 26th day of July, 2022, the foregoing DEFENDANT'S SUPPLEMENTAL PROPOSED JURY INSTRUCTIONS was served upon the following by CM/EMF electronic filing to:

Ms. Julie M. White
Mr. Nowles Heinrich
Assistant United States Attorney
P. O. Box 1713
Charleston, WV  25326-1713
*Counsel for the United States of America*

s/ David Schles
David Schles, WV Bar #6375
815 Quarrier Street
Suite 306
Charleston, West Virginia 25301
(304) 344-1559
Schleslaw@gmail.com