IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON

UNITED STATES OF AMERICA

v.                                    CRIMINAL NO. 2:21-cr-00127

RAYMOND DUGAN

### SUPPLEMENTAL TRIAL BRIEF OF THE UNITED STATES

Now comes the United States of America and offers this supplemental trial brief for this Court's review and consideration. We hereby incorporate by reference our previously filed Trial Brief. ECF No. 64.

A. <u>Statements by Defendant</u>

A statement is not hearsay if "[t]he statement is offered against a party and is (A) the party's own statement, in either an individual or representative capacity." Fed. R. Evid. 801(d)(2)(A). This rule extends to oral statements of a defendant. <u>See</u> <u>United States v. Williams</u>, 837 F.2d 1009, 1013 (11th Cir. 1988); Fed. R. Evid. 801(d)(2)(C). The United States intends to introduce into evidence an excerpt of a video made during the execution of the search warrant at Defendant's residence as well as several clips from Defendant's audio recorded statement to law enforcement, which have previously been identified to defense counsel.

Defense counsel filed a Motion in Limine on July 26, 2022, objecting to use of the video excerpt. The United States intends

to file a separate answer to the motion prior to trial; however, the United States maintains that the information contained in the excerpt is all admissible and relevant. The excerpt should be played for the jury to aid in their fact finding.

The United States also intends to introduce and publish clips from an audio-recorded interview of Defendant conducted at Defendant's residence on the same date. The entire interview recording was provided to defense counsel on August 30, 2021, as part of the discovery process, and the United States also provided defense counsel with transcripts of the excerpts on June 2, 2022. To date, no objection has been raised to use of the audio clips at trial.

Generally, a defendant may not offer his own out-of-court statements into evidence, either through his own testimony or the testimony of any other witness, whether on direct or cross-examination. Such statements are hearsay pursuant to Fed. R. Evid. 801 and are not "admissions by a party opponent" under Fed. R. Evid. 801(d)(2) when offered by the party himself, rather than the party's "opponent." United States v. Wilkerson, 84 F.3d 692, 696 (4th Cir. 1996) ("Admissions by a party-opponent are not considered hearsay and therefore can be admitted against that party . . . . The rules do not, however, provide an exception for self-serving, exculpatory statements made by a party which are being sought for admission by that same party."); see also United States v. Yousef,

327 F.3d 56, 153 (2d Cir. 2003) ("[W]hile the Government was free to introduce the statement as an admission by a party-opponent, see Fed. R. Evid. 801(d)(2)(A), [the defendant] had no right to introduce it on his own."). Accordingly, Defendant cannot attempt to introduce or elicit on cross-examination his own out-of-court statements during trial.

B. Rule of Completeness

Defendant has the excerpts (and corresponding transcripts) of the clips the United States intends to introduce from Defendant's statement, and he has made no attempt to argue that Federal Rule of Evidence 106 (also known as the "Rule of Completeness") requires the admission of any additional portions of the statement. However, for the following reasons, such a motion, if made mid-trial, would be without merit and should be denied.

Rule 106 does not require the admission, without limit, of entire recordings if a party seeks to introduce a portion of that recording. Rather, the rule permits any other *specific* portion of a recording or writing that is *necessary* to prevent a party from misleading the jury. That is, the rule's purpose is "to prevent a party from misleading the jury by allowing into the record relevant portions of the excluded testimony which clarify or explain the part already received." United States v. Lentz, 524 F.3d 501, 526 (4th Cir. 2008) (internal citations omitted). The admission of these additional recordings must be relevant to clarify or explain

3

the portion of the recording admitted such that fairness requires it to be contemporaneously admitted – Rule 106 does not call for the admission of the entire statement simply to provide additional background that might be beneficial to Defendant's case. See United States v. Burks, 746 Fed. App'x 191, 201 (4th Cir. 2018) ("Although the evidence the defense wished to introduce may have, like any defense evidence, provided a counter-balance to the government's inculpatory evidence, it would not have completed it or clarified any misleading aspect of the government's evidence" and Rule 106 thus did not apply.).

Accordingly, to allow admission of the entire statement or any additional portions thereof without Defendant first specifically identifying (1) how the admitted portion of the statement is misleading or otherwise incomplete and (2) how such additional recordings would be relevant to clarifying the admitted portion of a recording, would be an inappropriate application of Rule 106. The mere fact that a defendant would like to admit favorable, self-serving aspects of his own out-of-court statement in order to bolster his defense falls short of the showing required for admission of additional excerpts under Rule 106.

Moreover, Rule 106 does not "render admissible the evidence which is otherwise inadmissible under the hearsay rules." Lentz, 524 F.3d at 526 (quoting Wilkerson, 84 F.3d at 696). Rule 106 accordingly does not "require the admission of 'self-serving,

4

exculpatory statements made by a party which are being sought for admission by that same party.'" Id. (quoting Wilkerson, 84 F.3d at 696); see also Yousef, 327 F.3d at 153 ("[W]hile the Government was free to introduce the statement as an admission by a party-opponent, see Fed. R. Evid. 801(d)(2)(A), [the defendant] had no right to introduce it on his own."). Any request from Defendant to introduce additional portions of his statement that were not introduced by the United States is directly contrary to the relevant case law – Defendant cannot use the Rule of Completeness to otherwise circumvent the rule preventing him from admitting his own out-of-court statements, particularly when those statements are self-serving. Unless Defendant can separately demonstrate that his out-of-court statements he intends to offer on his own behalf fall under a hearsay exception or exclusion, such statements are inadmissible notwithstanding Rule 106.

        Respectfully submitted,

        WILLIAM S. THOMPSON
        United States Attorney

        /s/ Julie M. White
        JULIE M. WHITE
        Assistant United States Attorney
        WV Bar No. 13971
        300 Virginia Street, East Room 4000
        Charleston, WV 25301
        Telephone: 304-345-2200
        Fax: 304-347-5104
        Email: Julie.white@usdoj.gov

CERTIFICATE OF SERVICE

It is hereby certified that the foregoing "SUPPLEMENTAL TRIAL BRIEF OF THE UNITED STATES" has been electronically filed and service has been made on opposing counsel by virtue of such electronic filing this 27th day of July, 2022, to:

>David Schles, Esq.
>815 Quarrier Street, Suite 306
>Charleston, West Virginia 25301
>Email: Schleslaw@gmail.com

>/s/ Julie M. White
>JULIE M. WHITE
>Assistant United States Attorney
>WV Bar No. 13971
>300 Virginia Street, East Room 4000
>Charleston, WV 25301
>Telephone: 304-345-2200
>Fax: 304-347-5104
>Email: Julie.white@usdoj.gov