```
         IN THE UNITED STATES DISTRICT COURT FOR THE
             SOUTHERN DISTRICT OF WEST VIRGINIA
                          CHARLESTON
```

UNITED STATES OF AMERICA

v.                                    CRIMINAL NO. 2:21-cr-00127

RAYMOND DUGAN

<u>RESPONSE OF THE UNITED STATES
TO DEFENDANT'S MOTION IN LIMINE</u>

The United States of America, by Julie M. White, Assistant United States Attorney for the Southern District of West Virginia, objects to Defendant's motion in limine to exclude the introduction and publication from an excerpt of the video taken during the execution of the search warrant in the above-captioned matter.

I.   <u>Background</u>

On September 22, 2021, the United States provided Defendant with a copy of a video made during the execution of the search warrant in this investigation. On May 11, 2022, the United States provided defense counsel with a time-stamped description of the excerpt it intends to introduce at trial and publish to the jury. Defense counsel now files a Motion in Limine to exclude the video excerpt from the jury.[1] ECF No. 84. Defendant appears to challenge

---

[1] Defendant requested in his motion that the issue of admissibility be determined during the course of the trial itself. The United States respectfully requests the Court consider the issue prior to trial to allow both parties adequate time to prepare and ensure an efficient trial without unnecessary objections and delay to the jury while motions are argued outside its presence and potentially, time-consuming edits need to be made to the video.

only the portion of the excerpt that contains Defendant's wife's (hereinafter "Mrs. Dugan") question and Trooper Shaffer's response (outlined below).

II. The Video Excerpt

The United States has selected a 3 minute and 30 second portion, or "excerpt," of the 18-minute video to introduce and publish to the jury. This clip contains an exchange establishing why law enforcement is at the residence, Defendant's admissions with respect to the investigation, and Defendant's indications to officers that he accessed the child pornography in his home office, which he points to several times in the excerpt. Defendant's child pornography collection was subsequently recovered from a laptop found in that same office. For the Court's convenience, the United States attaches to this motion the entire 18-minute video, labeled Exhibit One. Also attached as Exhibit Two is the challenged three and a half minute excerpt.

During the video excerpt, the following exchange occurs:

Cpl. Boggs: "are you the one using Tor, sir?"

Defendant: "I probably had looked around on it, I guess. Tryin to figure it out maybe."

Mrs. Dugan: "what is that? Is that child pornography?"

Trooper Shaffer provides an affirmative response.

Mrs. Dugan leaves the room and becomes ill. Defendant's son is seen following his mother. Defendant then attempts to enter the

2

home office. He is escorted back to the living room for his and the officers' safety.

Defendant then states, "I probably did this on something on Tor." When asked to clarify, Defendant says, "It probably was me that figured something out on Tor or I don't know. I looked at it." Agent Fleener then asks where this occurred, and Defendant responds by pointing over his head towards the home office and says, "It's in the other room." Cpl. Boggs explains to Agent Fleener that Mrs. Dugan had become ill, and Defendant interjects, stating, "Yeah, she's gonna kill me. My life is, my life's over." Agent Fleener asked Defendant if he was the one on Tor or if it was his son. They exchange words and Defendant then states, "I was tryin to figure it out." There is a brief discussion about Mrs. Dugan, then Cpl. Boggs asks where Defendant was when he accessed Tor. Defendant points over his head with both hands and says "yeah, it was in this room here."

III. The Video Excerpt is Admissible and Should be Considered by the Jury.

    A. Defendant's Statements in the Excerpt are Admissible

A statement is not hearsay if "[t]he statement is offered against a party and is (A) the party's own statement, in either an individual or representative capacity." Fed. R. Evid. 801(d)(2)(A). This rule extends to oral statements of a defendant. See United States v. Williams, 837 F.2d 1009, 1013 (11th Cir.

3

1988); Fed. R. Evid. 801(d)(2)(C). Therefore, Defendant's statements on the excerpt are clearly admissible for the jury's consideration, as they are made by a party opponent.

### B. Mrs. Dugan's Statements are Not Hearsay and are Admissible

Rule 801 defines hearsay as a "statement that: (1) the declarant does not make while testifying at the current trial or hearing; and (2) a party offers in evidence to prove the truth of the matter asserted in the statement." Fed. R. Evid. 801(c). First, Mrs. Dugan's question to law enforcement is not a statement, thus it does not fall within Rule 801. The Committee Note provides the following:

> The definition of "statement" assumes importance because the term is used in the definition of hearsay in subdivision (c). The effect of the definition of "statement" is to exclude from the operation of the hearsay rule all evidence of conduct, verbal or nonverbal, not intended as an assertion. The key to the definition is that nothing is an assertion unless intended to be one.

Vanderbilt Law Review addressed on this same notion:

> "When evidence of conduct is offered on the theory that it is not a statement, and hence not hearsay, a preliminary determination will be required to determine whether an assertion is intended. The rule is so worded as to place the burden upon the party claiming that the intention existed; ambiguous and doubtful cases will be resolved against him and in favor of admissibility. The determination involves no greater difficulty than many other preliminary questions of fact."

Maguire, The Hearsay System: Around and Through the Thicket, 14 Vand.L.Rev. 741, 765-767 (1961).

Because Mrs. Dugan is clearly asking a question and waiting for an answer before she reacts, it cannot be found that her question falls within the definition of a "statement" under FRE 801. Defendant has made no showing to establishes that the brief exchange under scrutiny qualifies as such.

If, however, the Court finds this brief exchange to be a statement as contemplated by FRE 801, it is still admissible, as it is not offered for the truth of the matter. Instead, it is offered to provide context to the ensuing conversation. McCormick, On Evid. § 249 (8th ed. 2022); 5 J. Wigmore, Evidence § 1361 (J. Chadbourn rev. ed. 1974); 6 *id.* at § 1766. The exchange under scrutiny is offered to provide context to the topic being discussed by law enforcement and Defendant. The brief exchange at issue is the only time during the excerpt that the phrase "child pornography" is used; therefore, it is critical to establish context for the rest of the conversation in the excerpt. Otherwise, the jury could become confused over what exactly the parties are discussing in the subsequent conversation.

    C.   <u>The Excerpt is Relevant Evidence for the Jury's Consideration</u>

The excerpt has been carefully selected by the United States to provide relevant information for the jury's consideration, without unnecessarily making them watch a lengthy video containing extraneous conversations and information irrelevant to the charge

5

against Defendant. To avoid lengthy challenges to each and every statement on the 18-minute video, as Defendant has eluded he will make,[2] in response the United States hereby clarifies that it intends to offer and publish only the short excerpt contained in Exhibit Two.

Defendant takes issue with a brief question and answer contained in the excerpt, namely the portion where Mrs. Dugan clarifies what the Tor network means and her subsequent reaction. As addressed above, this is the only time during the clip that the words "child pornography" are used. This exchange is therefore highly relevant because it provides the context for Defendant's statements made after his wife leaves the room. Without this question and answer establishing that the subject matter is in fact child pornography, the jury is left with Defendant's statements, but not the proper context in which he is addressing in his statements.

D. Rule of Completeness Not at Issue

As addressed at greater length in the Supplemental Trial Brief of the United States, filed herein at ECF No. 87, Rule 106, known as the rule of completeness, does not require the introduction of

---

[2] Defendant states in his motion that the Court will need to "determine individually whether such verbal utterances are in fact relevant and otherwise properly admissible at trial," and suggests that this should be done on a case-by-case basis at trial. ECF No. 84.

any portion of the video not contained in the excerpt because the excerpt includes the relevant conversation in its entirety. The United States has been careful to provide an excerpt that clearly covers the conversation in the room at the time, and no portions have been removed from inside the 3 minute 30 second clip.[3] There are no other portions of the recording that are necessary to prevent misleading the jury.

E. Conclusion

For the foregoing reasons, this Court should deny Defendant's motion in limine to exclude introduction and publication of the video excerpt.

Respectfully submitted,

WILLIAM S. THOMPSON
United States Attorney

/s/Julie M. White
Assistant United States Attorney
WV Bar No. 13971
300 Virginia Street East Room 4000
Charleston, WV 25301
Telephone:  304-345-2200
Email:  Julie.white@usdoj.gov

---

[3] While Defendant asserts in his motion that the United States has "selectively edited" an audio/visual clip, this is not the case. The United States provides Exhibit One to show that the excerpt labeled as Exhibit Two is a complete, unedited clip of the 3 minute 30 second conversation. Nothing has been cut or removed from inside that clip. For reference, the clip is made beginning at Exhibit One, minute 14:00 and runs undisturbed through 17:30.

7

CERTIFICATE OF SERVICE

It is hereby certified that the foregoing "Response of the United States to Defendant's Motion in Limine" has been electronically filed and service has been made on opposing counsel by virtue of such electronic filing this the 28th day of July, 2022, to:

>David Schles, Esq.
>815 Quarrier Street, Suite 306
>Charleston, WV  25301

>*Julie M. White*
>/s/Julie M. White
>Assistant United States Attorney
>WV Bar No. 13971
>300 Virginia Street East Room 4000
>Charleston, WV 25301
>Telephone:  304-345-2200
>Fax:  304-347-5104
>Email:  Julie.white@usdoj.gov