IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON

UNITED STATES OF AMERICA

v.                                    CRIMINAL NO. 2:21-cr-00127

RAYMOND DUGAN


RESPONSE OF THE UNITED STATES
TO DEFENDANT'S MOTION FOR JUDGMENT OF ACQUITTAL

Now comes the United States of America, by Julie M. White,
Assistant United States Attorney for the Southern District of West
Virginia, and hereby responds to Defendant Raymond Dugan's Motion
for Judgment of Acquittal. ECF No. 104. For the reasons set forth
below, Defendant's motion should be denied.

I.   **BACKGROUND**

On August 2, 2022, Defendant was convicted at trial of
accessing with intent to view child pornography in violation of 18
U.S.C. §§ 2252A(a)(5)(B) and 2252A(b)(2). Defendant made two
motions for judgment of acquittal during trial, the first at the
close of the United States' case in chief, and again at the end of
the trial. Both were denied. On August 16, 2022, Defendant filed
a Rule 29 motion for judgment of acquittal.

II.  **LEGAL ANALYSIS**

A.   **Rule 29**

A trial court properly denies a Rule 29 motion when it finds
that "viewing the evidence in the light most favorable to the

government, any rational trier of facts could have found the defendant guilty beyond a reasonable doubt." United States v. Tresvant, 677 F.2d 1018, 1021 (4th Cir. 1982); see also United States v. Penniegraft, 641 F.3d 566, 571 (4th Cir. 2011). A defendant making a Rule 29 motion challenging the sufficiency of the evidence carries a heavy burden. United States v. Clarke, 842, F.3d 288, 297 (4th Cir. 2016).

A district court should deny a Rule 29 motion when a conviction is supported by substantial evidence. United States v. Hickman, 626 F.3d 756, 762-63 (4th Cir. 2010) (citing United States v. Young, 609 F.3d 348, 355 (4th Cir. 2010)). Substantial evidence is evidence that a reasonable trier of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt. United States v. Green, 599 F.3d 360, 367 (4th Cir. 2010) (citing United States v. Burgos, 94 F.3d 849, 862 (4th Cir. 1996)). A defendant challenging evidentiary sufficiency faces a heavy burden, as reversal of a conviction is limited to those circumstances in which the prosecution's failure is clear. United States v. Foster, 507 F.3d 233, 244-45 (4th Cir. 2007).

In determining how much evidence is sufficient to deny a Rule 29 motion, the Fourth Circuit has found the uncorroborated testimony of a single witness, even when that witness is an accomplice, co-defendant, or informant, to be sufficient. United

States v. Wilson, 115 F.3d 1185, 1190 (4th Cir. 1997); United States v. Manbeck, 744 F.2d 360, 392 (4th Cir. 1984). A district court should not consider "the credibility of witnesses but must assume that the jury resolved all contradictions in favor of the United States." United States v. Romer, 148 F.3d 359, 364 (4th Cir. 1998) (citing United States v. Med. & Surgical Supply Corp., 989 F.2d 1390, 1402 (4th Cir. 1993)).

**B.    Elements of the Charged Offense**

To convict a defendant of accessing with intent to view child pornography in violation of 18 U.S.C. §§ 2252A(a)(5)(B) and 2252A(b)(2), the United States is required to prove beyond a reasonable doubt: (1) Defendant accessed with intent to view any book, magazine, periodical, film, videotape, computer disk, or any other material that contained an image of child pornography; (2) that the material was mailed, shipped, or transported using any means or facility of interstate or foreign commerce, including by computer; and (3) Defendant acted knowingly. Eric Wm. Ruschky, Pattern Jury Instructions for Federal Criminal Cases: District of South Carolina, § III, 18 U.S.C. § 2252A(a)(5)(B) (2020 Online Edition). In this case, the United States was also required to prove that an image included a prepubescent child (a child that had not reached the age of puberty or had not attained twelve years of age).

3

III. __THE EVIDENCE PRESENTED BY THE UNITED STATES AT TRIAL IS__
__SUFFICIENT FOR A GUILTY VERDICT.__

The United States presented more than sufficient evidence for a reasonable jury to find Defendant guilty. In this case, the evidence considered by the jury included stipulations, testimony from law enforcement, expert testimony from a forensic analyst, photographs, computer forensic reports, a video recording, and recorded statements made by Defendant.

Retired Special Agent Michael Fleener testified that he and his team executed a search warrant at Defendant's residence on June 11, 2020. Entry into the residence was video recorded, and the jury watched a portion of that video. In it, Defendant is seen looking at the search warrant, then sweeping the papers onto the floor and tossing his eyeglasses onto the ground. When asked if he was using TOR, Defendant stated, "I probably had looked around on it, I guess. Trying to figure it out maybe." Exhibit 1. The conversation continued and clarified that they are discussing child pornography. After his wife and son leave the room, Defendant abruptly stands and heads toward the home office. He is redirected back to his seat, and then he states, "it probably was me." Id. He then says, "she [my wife]'s gonna kill me" and "my life's over." Id. When asked where he accessed the TOR browser, Defendant pointed over his head towards his home office. Id. The jury later heard

4

testimony that the hard drive containing child pornography was recovered from that home office.

Defendant also agreed to give a separate audio recorded interview. The jury listened to five clips from that interview. When asked if he had ever downloaded child pornography, Defendant stated, "No. Not that I can ever recall, specifically downloading, other than going on. Looking was happening." Exhibit 2a. He admitted to installing and using the TOR browser to access the dark web, but explained that he deleted it because he "just kinda cleaned everything else up, so I mean I dunno where I was diggin." Exhibits 2b, 2d. When pressed about how one does not just stumble across child pornography, Defendant agreed and said, "I've looked around, yeah." Exhibit 2b. He described how he looked for child pornography, stating "a search engine, and just kinda searched different things, until I found something, and then... I don't know, moved, clicked onto the next... [a]nd clicked onto the next..." Id.

When asked why he was looking at child pornography, Defendant stated, "Probably just, ahhh, wondering, what, what in the world is all of it." Exhibit 2d. Defendant summed up his behavior by telling Agent Fleener, "I, just, ya know, just curiosity, ya got me, I guess. I dunno. ... Yeah. I mean I guess my curiosity pushed me into something I should have steered clear of." Exhibit 2e.

Agent Fleener testified that he reviewed the images recovered from Defendant's hard drive. He found 1,237 images of child pornography. The jury viewed four of those images. Defendant's entire collection was received into evidence, but not published. Agent Fleener described for the jury how to use the TOR browser to access the dark web.

Corporal Robert Boggs of the West Virginia State Police Forensic Laboratory was qualified as an expert in the forensic analysis of electronic devices. He testified that he was able to recover over 1,000 images of suspected child pornography from the unallocated, free space on Defendant's hard drive. He provided testimony about unallocated space and how the operating system uses that space. He also testified about the dark web, the TOR network, and how to access child pornography on the dark web versus the clear web. Corporal Boggs explained the hard drive's SHIM Cache Report, which showed that the TOR browser was installed on Defendant's hard drive and used/executed on various dates beginning on January 30, 2019, up until November 4, 2019. Exhibit 7. He explained what the shim cache was and how it captured information. He also testified that he found over 1,500 TOR urls on Defendant's hard drive, indicating that the hard drive was used to access over 1,500 websites on the dark web. Exhibit 10.

The evidence at trial was clearly sufficient for a reasonable jury to find Defendant guilty of accessing with the intent to view child pornography, as charged in the Superseding Indictment.

## VI.   CONCLUSION

For the foregoing reasons, this Court should deny Defendant's motion for judgment of acquittal.

Respectfully submitted,

WILLIAM S. THOMPSON
United States Attorney

/s/Julie M. White
Assistant United States Attorney
WV Bar No. 13971
300 Virginia Street East Room 4000
Charleston, WV 25301
Telephone:  304-345-2200
Email:  Julie.white@usdoj.gov

CERTIFICATE OF SERVICE

It is hereby certified that the foregoing "Response of the United States to Defendant's Motion for Judgment of Acquittal" has been electronically filed and service has been made on opposing counsel by virtue of such electronic filing this the 22nd day of August, 2022, to:

            David Schles, Esq.
            815 Quarrier Street
            Suite 306
            Charleston, WV  25301


                        /s/Julie M. White
                        Assistant United States Attorney
                        WV Bar No. 13971
                        300 Virginia Street East Room 4000
                        Charleston, WV 25301
                        Telephone:  304-345-2200
                        Fax:  304-347-5104
                        Email:  Julie.white@usdoj.gov