```
        IN THE UNITED STATES DISTRICT COURT FOR THE
            SOUTHERN DISTRICT OF WEST VIRGINIA
                       CHARLESTON
```

**UNITED STATES OF AMERICA**

v.                               CRIMINAL NO. 2:21-cr-00127

**RAYMOND DUGAN**

### RESPONSE OF THE UNITED STATES
### TO DEFENDANT'S MOTION FOR NEW TRIAL

Now comes the United States of America, by Julie M. White, Assistant United States Attorney for the Southern District of West Virginia, and hereby responds to Defendant Raymond Dugan's Motion for New Trial. ECF No. 105. For the reasons set forth below, Defendant's motion should be denied.

### I.   BACKGROUND

On July 29, 2021, a federal grand jury indicted Defendant in a single-count indictment, charging him with possession of child pornography in violation of 18 U.S.C. §§ 2252A(a)(5)(B) and 2252A(b)(2).

Defendant filed a motion to suppress the items seized during the execution of the search warrant at Defendant's residence, and a motion to compel discovery. ECF No. 38. The Court held a motions hearing on April 29, 2022. After taking testimony and hearing argument, the Court denied both Defendant's motion to suppress and his motion to compel.

On June 1, 2022, a federal grand jury indicted Defendant in a single-count superseding indictment, charging him with accessing with intent to view child pornography in violation of 18 U.S.C. §§ 2252A(a)(5)(B) and 2252A(b)(2). ECF No. 69.

On August 2, 2022, Defendant was convicted at trial of the sole count in the superseding indictment. ECF No. 98. On August 16, 2022, Defendant filed a motion for a new trial. ECF No. 105. His basis for the requested relief is the Court's previous denials of the motion to compel and the motion to suppress.

## II. **ANALYSIS**

Whether to grant or deny a motion for a new trial is within the broad discretion of the district court, which should be disturbed "only under the most extraordinary circumstances." United States v. Zelaya, 908 F.3d 920, 929-30 (4th Cir. 2018) (citing United States v. Wallace, 515 F.3d 327, 330 (4th Cir. 2008)); United States v. Smith, 451 F.3d 209, 216-17 (4th Cir. 2006) ("a trial court 'should exercise its discretion to award a new trial sparingly,' and a jury verdict is not to be overturned except in the rare circumstance when the evidence 'weighs heavily' against it") (internal citations omitted).

Under Fed. R. Crim. P. 33(a), a court may "grant a new trial if the interest of justice so requires." The interest of justice standard under Rule 33(a) recognizes that if the trial court concludes for any reason that the trial has resulted in a

miscarriage of justice, the court has broad powers to grant a new trial. United States v. Arrington, 757 F.2d 1484, 1485 (4th Cir. 1985).

Here Defendant alleges a new trial is required because the Court previously denied his motion to compel and motion to suppress. Defendant offers no new evidence or compelling reason to justify setting aside the jury's verdict in this matter. Further, there is no evidence to illustrate what, if any, miscarriage of justice Defendant alleges.

The case was tried to a jury and overwhelming evidence presented against Defendant. The United States incorporates by references its factual summary of the trial, as outlined in its Response to Defendant's Motion for Judgment of Acquittal. ECF No. 106.

Because Defendant has offered nothing new or substantive in support of his allegations, he has failed to meet his burden of proving that a new trial is warranted.

**VI. CONCLUSION**

For the foregoing reasons, this Court should deny Defendant's motion for new trial.

Respectfully submitted,

WILLIAM S. THOMPSON
United States Attorney

/s/Julie M. White
Assistant United States Attorney
WV Bar No. 13971
300 Virginia Street East Room 4000
Charleston, WV 25301
Telephone: 304-345-2200
Email: Julie.white@usdoj.gov

CERTIFICATE OF SERVICE

It is hereby certified that the foregoing "Response of the United States to Defendant's Motion for New Trial" has been electronically filed and service has been made on opposing counsel by virtue of such electronic filing this the 22nd day of August, 2022, to:

>David Schles, Esq.
>815 Quarrier Street
>Suite 306
>Charleston, WV  25301

>/s/Julie M. White
>Assistant United States Attorney
>WV Bar No. 13971
>300 Virginia Street East Room 4000
>Charleston, WV 25301
>Telephone:  304-345-2200
>Fax:  304-347-5104
>Email:  Julie.white@usdoj.gov