IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

UNITED STATES OF AMERICA,

v.  CRIMINAL ACTION NO. 2:21-cr-00127

RAYMOND DUGAN

MEMORANDUM OPINION AND ORDER

Pending before the court is Mr. Dugan's Motion for Judgment of Acquittal [ECF No. 104] and Motion for New Trial [ECF No. 105]. For the following reasons, the motions are **DENIED**.

A trial court should deny a motion for judgment of acquittal if the conviction is supported by substantial evidence. *United States v. Hickman*, 626 F.3d 756, 762–63 (4th Cir. 2010). That is to say, the motion should be denied when "viewing the evidence in the light most favorable to the government, any rational trier of facts could have found the defendant guilty beyond a reasonable doubt." *United States v. Tresvant*, 677 F.2d 1018, 1021 (4th Cir. 1982). The government is entitled to the benefit of all reasonable inferences in the determination of whether to grant a motion for judgment of acquittal. *Id.* In making this determination, a trial court should not consider the credibility of witnesses. *United States v. Singh*, 54 F.3d 1182, 1186 (4th Cir. 1995).

A trial court has more latitude in determining whether to grant a motion for new trial. A district court may grant a new trial in the interest of justice. *United States v. Arrington*, 757 F.2d 1484, 1485 (4th Cir. 1985). A trial court's discretion, however, should be exercised sparingly, and "a new trial should be granted only when the evidence weighs heavily against the verdict." *Id.* at 1486.

To convict a defendant of accessing with the intent to view child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B), the government must prove beyond a reasonable doubt that (1) the defendant "accessed with intent to view, any book, magazine, periodical, film, videotape, computer disk, or any other material that contained an image of child pornography"; (2) the material "had been mailed, or shipped or transported using any means or facility of interstate or foreign commerce[,] . . . including by computer"; and (3) "the defendant acted knowingly." Eric Wm. Ruschky, *Pattern Jury Instructions for Federal Criminal Cases, District of South Carolina* § 2252A(a)(5)(B) (2020 Online Ed.). To trigger enhanced penalties, the government must prove that the offense involved an image of "a prepubescent minor or a minor who had not attained [twelve] years of age." 18 U.S.C. § 2252A(b)(2).

To act knowingly means to act "voluntarily and intentionally and not because of mistake or accident or other innocent reason." *United States v. Shrader*, 675 F.3d 300, 309 (4th Cir. 2012). Additionally, an act is done intentionally if it is done knowing the act is forbidden by law and "purposefully intending to violate the law." *Jackson*

2

*v. United States*, No. 3:08-cv-01108, 2011 U.S. Dist. LEXIS 47066, at *28 (S.D. W. Va. Apr. 8, 2011).

In his Motion for Judgment of Acquittal, Mr. Dugan claims that the government failed to prove the following elements of the crime charged: (1) that he "*knowingly* accessed computer graphic image files containing child pornography" and (2) that he "*inten[ded]* to view images or videos of child pornography." [ECF No. 104, at 1]. Additionally, in his Motion for New Trial, Mr. Dugan contends that each ruling adverse to him constitutes error and requires a new trial. [ECF No. 105, at 1–2]. As the government explained in its response, the evidence presented at trial was sufficient for a reasonable jury to find Mr. Dugan guilty, [ECF No. 106, at 4–7], and the interests of justice do not require a new trial, [ECF No. 107, at 3].

In this case, the government presented testimony from two law enforcement officers. Retired Special Agent Michael Fleener testified that he and his team executed a search warrant at Mr. Dugan's residence on June 11, 2020, based on information that someone at the residence had been using the Tor network to access child pornography. Agent Fleener testified that his team seized several electronics from Mr. Dugan's office and that one of those devices, a hard drive in an Acer laptop, contained over 1,200 images of child pornography. Four of those images were shown to the jury, and all of the images were admitted as evidence in this case.

Additionally, Corporal Robert Boggs was qualified as an expert in forensic examination of electronic devices. He testified that he examined the hard drive seized

from Mr. Dugan's office and found over 1,000 images of child pornography. He explained that a simple internet search is unlikely to reveal child pornography and that if a person wants to view child pornography, he or she must make an effort to find it, such as by using the dark web. In this case, Corporal Boggs testified that the Tor browser was installed on the hard drive on or about January 30, 2019, and was last executed on November 4, 2019. He testified that during this time, over 1,000 Tor web URLs were accessed. He explained that many of the URLs, which were either clicked on or manually entered, contained terms relating to child pornography and that many of the URLs were repeats, indicating that the user revisited the websites.

During the testimony of Agent Fleener and Corporal Boggs, the jury saw a video of law enforcement's execution of the search warrant at Mr. Dugan's residence and heard clips from an interview with the defendant. In the video recording, Mr. Dugan is presented with a copy of the search warrant, and after reading its contents, Mr. Dugan swipes the warrant off of his lap and tosses his glasses onto the ground. Trial Ex. 1. Agent Fleener testified that it was at that point that Mr. Dugan and his family were informed that law enforcement was there to seize evidence of child pornography. When asked whether he had used the Tor network, Mr. Dugan admitted to "look[ing] around on it" and "trying to figure it out." *Id.* After his wife and son leave the room, Mr. Dugan immediately heads into the home office before being escorted back into the living room. *Id.* Without any prompting, Mr. Dugan confesses, "It probably was me that figured something out on Tor." *Id.* He then states, "[My

4

wife]'s going to kill me. My life is over." *Id.* When asked where he accessed the Tor browser, Mr. Dugan states that "it was in this room" and points to his home office. *Id.* Notably, both Agent Fleener and Corporal Boggs testified that the hard drive containing the images of child pornography was found in the home office that Mr. Dugan directed law enforcement to.

Agent Fleener also conducted a separate recorded interview with Mr. Dugan, which was played in front of the jury. In the interview, Agent Fleener explained that he knew that Mr. Dugan had accessed the dark web in May of 2019 to view at least one website offering images of child pornography. Ex 2a. In response, Mr. Dugan stated that "it's possible" that he had made a password and profile to sign into the website. *Id.* He also admitted to "com[ing] across" other websites offering child pornography and that he had specifically "looked around" for these websites. Trial Exs. 2a, 2b. Agent Fleener then asked Mr. Dugan to describe how he found child pornography on the dark web, to which Mr. Dugan responded that he "searched different things until [he] found something" and that he would "move[], click[] onto the next, and click[] onto the next." Trial Ex. 2b. Mr. Dugan explained that he had been "wondering what in the world is all of it" and described his behavior as "curiosity push[ing] [him] into something that [he] should have steered clear of." Trial Exs. 2d, 2e.

Finally, during the trial, the government and the defendant stipulated to the fact that the images depicted in the government's exhibits three through six were

5

produced and manufactured outside of West Virginia and thus had been shipped and transported in interstate or foreign commerce. Trial Ex. 8.

The evidence presented at trial was sufficient to support Mr. Dugan's conviction of knowingly accessing with the intent to view child pornography that involved prepubescent minors, and which had been shipped and transported in interstate commerce in violation of 18 U.S.C. §§ 2252A(a)(5)(B) and (b)(2). Indeed, Mr. Dugan's statements to law enforcement that he searched for child pornography until he found it on the dark web as well as the number of images found on the hard drive located in Mr. Dugan's office demonstrates that Mr. Dugan knew he was accessing child pornography and intended to view it. Surely a reasonable jury could infer that a person does not accidentally stumble onto 1,000 web addresses and 1,200 images containing child pornography.

Therefore, I find that the Motion for Judgment of Acquittal [ECF No. 104] must be **DENIED**. Further, given the weight of the evidence adduced at trial, I find that the interests of justice do not require a new trial. The Motion for New Trial [ECF No. 105] is **DENIED**. The court **DIRECTS** the Clerk to send a copy of this Order to the defendant and counsel, the United States Attorney, the United States Probation Office, and the United States Marshal.

ENTER: September 30, 2022

_____
JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE