```
          IN THE UNITED STATES DISTRICT COURT
        FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
                       CHARLESTON
```

**UNITED STATES OF AMERICA**

**v.**                                   **CRIMINAL NO. 2:21-cr-00127**

**RAYMOND DUGAN**

### SENTENCING MEMORANDUM OF THE UNITED STATES

Comes now the United States of America, by Julie M. White, Assistant United States Attorney for the Southern District of West Virginia, and hereby files a sentencing memorandum in support of a sentence of imprisonment within the guideline range in the above-captioned matter.

The PSR sets forth Defendant's total offense level as 31 and he falls within criminal history Category I, which results in an advisory guideline range of 108 months to 135 months. See PSR ¶ 56.

For the reasons set forth herein, the United States respectfully requests that the Court sentence Defendant to a period of incarceration within the guideline range, to be followed by lifetime sex offender registration. Such a sentence properly reflects the factors referenced in 18 U.S.C. § 3553(a), in that it will protect the public from Defendant, reflect the serious nature of the offense, and deter others who would follow Defendant's example.

## I. BACKGROUND

In August 2019, law enforcement received information that Internet Protocol address ("IP address") 173.80.229.219 was used to access online sexual abuse material in May 2019. The Department of Homeland Security ("HSI") determined that the IP address used returned a service address of 187 Lewis Lawson Branch Road, Logan, West Virginia 25601. Raymond Dugan ("Defendant"), his wife Eleanor, and adult child Tyler lived at the residence. During the execution of a federal search warrant at Defendant's residence, Defendant admitted to using the Tor network to view child pornography. Forensic analysis of Defendant's hard drive seized from his home office revealed 1,237 images of child pornography.

## II. SENTENCING FACTORS

In considering the 18 U.S.C. § 3553(a) sentencing factors, the United States respectfully requests the Court consider the following in this matter:

### A. Nature and Circumstances of the Offense.

The offense of conviction and the totality of Defendant's conduct provide for a guideline sentence. Defendant stands convicted of accessing with intent to view child pornography, and his computer revealed 1,237 such images of child pornography. Defendant's statements to law enforcement, including "my life's over," "looking was happening," and "curiosity got me," as well as his admission that he deleted the TOR browser as part of a cleanup

attempt all show that Defendant was knowingly engaged in viewing child pornography and was aware that his actions were wrong. See Government's Trial Exhibits 1, 2a, and 2e. For these reasons, a guideline sentence is warranted.

B. **Need for the Sentence to Reflect the Serious Nature of the Offense, Promote Respect for the Law, Provide Just Punishment, Adequate Deterrence, and to Protect the Public.**

The serious nature of Defendant's offense and the need for just punishment warrant a sentence within the guidelines. Defendant's conduct in viewing 1,237 images of child pornography found on his hard drive, combined with his attempt to delete the browser to avoid detection, shows he knew what he was doing was wrong.

Every time an offender views the images of a child's sexual abuse, it continues the humiliation and reignites the victim's pain and suffering. Because the image trade continues, the victim never has the opportunity for healing or any sort of closure. Thus, a guideline sentence is warranted to reflect the ongoing victimization of these children, as well as deter those who might otherwise engage in this behavior.

III. **CONCLUSION**

Defendant's conduct shows a fascination with the sexual exploitation and degradation of young children. His hard drive shows a sizeable collection of images illustrating that depravity, and further showed that Defendant accessed the TOR network over

1,500 times. Defendant used the TOR network to view child pornography. This behavior shows a pattern in finding and viewing illegal images of children. The United States believes that a guideline sentence is appropriate and proffers that no compelling reason is present that would suggest a sentence below the statutory guidelines. A guideline sentence of imprisonment, coupled with sex offender registration, serves the ends of justice and protects the public.

        Respectfully submitted,

        WILLIAM S. THOMPSON
        United States Attorney

By:  s/Julie M. White
     JULIE M. WHITE
     Assistant United States Attorney
     WV State Bar No. 13971
     300 Virginia Street East Room 4000
     Charleston, WV  25301
     Telephone:  304-345-2200
     Fax:  304-347-5104
     E-mail: Julie.white@usdoj.gov

CERTIFICATE OF SERVICE

It is hereby certified that the foregoing "SENTENCING MEMORANDUM OF THE UNITED STATES" has been electronically filed and service has been made on opposing counsel by virtue of such electronic filing on this 20th day of October, 2022, to:

>David Schles, Esq.
>815 Quarrier Street, Suite 306
>Charleston, WV 25301
>Email: schles_law@wirefire.com

>By: s/Julie M. White
>JULIE M. WHITE
>Assistant United States Attorney
>WV State Bar No. 13971
>300 Virginia Street East Room 4000
>Charleston, WV  25301
>Telephone:  304-345-2200
>Fax:  304-347-5104
>E-mail: Julie.white@usdoj.gov