IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON

UNITED STATES OF AMERICA,

      Plaintiff,

v.                                                     CRIMINAL NO. 2:21-00127

RAYMOND DUGAN,

      Defendant.

**UNITED STATES OF AMERICA'S SENTENCING MEMORANDUM
REGARDING PAYMENT OF CRIMINAL MONETARY PENALTIES**

The United States of America, by and through the United States Attorney for the Southern District of West Virginia, hereby submits this Sentencing Memorandum Regarding Payment of Criminal Monetary Penalties and respectfully shows the Court as follows:

**I. RESTITUTION IS MANDATORY**

Defendant Raymond Dugan was found guilty of possession of child pornography, in violation of 18 U.S.C. §§ 2252A(a)(5)(B) and (b)(2). Notwithstanding section 3663 or 3663A, restitution is mandatory pursuant to 18 U.S.C. § 2259 ("the court *shall* order restitution for any offense under this chapter (sexual exploitation of children)." (emphasis added). "The order of restitution under this section shall direct the defendant to pay the victim . . . the full amount of the victim's losses." 18 U.S.C. § 2259(b)(1).

The Presentence Investigation Report ("PSR") includes a recommendation of restitution to the victims of Dugan's criminal conduct, and the PSR specifies the victims' restitution requests totaling $17,000, which the United States supports. Filed separately under seal is a proposed restitution table with the victims' losses.

## II. DEFENDANT IS ELIGIBLE FOR AN ADDITIONAL ASSESSMENT UNDER 18 U.S.C. § 3014

Pursuant to 18 U.S.C. § 3014, the Defendant is eligible for an additional assessment in the amount of $5,000.00. Under the Justice for Victims of Trafficking Act of 2015 ("JVTA"), "in addition to the assessment imposed under section 3013, the court shall assess an amount of $5,000 on any non-indigent person or entity convicted of an offense under . . . chapter 110 (relating to sexual exploitation and other abuse of children)." 18 U.S.C. § 3014.[1] As such, the special assessment is mandatory unless defendant is proven to be indigent.

The Defendant bears the burden of asserting and proving indigence. *See United States v. Knowles*, 770 F. App'x 125, 126 (4th Cir. 2019). The Defendant has objected to the imposition of the addition special assessment cited in the PSR but has not asserted any claims of indigence. As the PSR indicates, the Defendant owns a primary residence worth an estimated **$183,900.00**, and two rental properties with a combined estimated value of **$65,400.00**, which generate passive monthly income of **$1,300.00**.[2] The Defendant listed two vehicles and a travel trailer vehicle with a combined value of **$25,000.00**, and the Defendant disclosed, "*he is in the process of selling the 2011 Chevrolet Tahoe and the 2017 Palomino Trailer.*"[3] A public records inquiry identified the Defendant also pays taxes for an undisclosed third vehicle: a 2017 Dodge Ram. Attached as Ex. A – 2022 Personal Property. The Defendant has an **estimated net worth of $187,587.00**[4] and has **$33,000.00 in available cash**.[5]

---

[1] Money collected from convicted offenders is placed into a Domestic Trafficking Victims' Fund for grants issued to programs that assist victims of those crimes. In an effort to continue to support the Domestic Trafficking Victims' Fund and assist victims of human trafficking, on March 19, 2020, the Attorney General directed all DOJ attorneys handling cases in which a special assessment is appropriate to use their best efforts to collect the assessment imposed under 18 U.S.C. § 3014.
[2] PSR ¶ 54.
[3] *Id*.
[4] *Id*.
[5] *Id*.

In addition to the Defendant's current financial circumstances, the Court may consider the Defendant's future ability to pay. *See Knowles*, 770 F. App'x 125, 126 (4th Cir. 2019) ("Two of our sister circuits have held that district courts may consider a defendant's future ability to pay in determining whether the defendant is non-indigent for purposes of § 3014(a). *United States v. Graves*, 908 F.3d 137, 141 (5th Cir. 2018), *as revised* (Nov. 27, 2018) ("[D]istrict courts may consider future earning capacity in determining non-indigence in this context."); *United States v. Kelley*, 861 F.3d 790, 801 (8th Cir. 2017) ("[I]n the context of § 3014 indigence determinations, an analysis of both a defendant's a fine current financial situation and his ability to pay in the future is appropriate in determining his non-indigent status." (internal quotation marks omitted))). The Defendant has disclosed he is in the process of liquidating assets which will generate more liquid assets. The Defendant is educated[6] and has a long history of professional employment.[7] The PSR did not find that the Defendant would have any difficulty paying his criminal monetary penalties in full; also citing his future earning potential, total assets valued at $307,300.00, and that the additional assessment could be paid through participation in the Inmate Financial Responsibility Program ("IFRP"). The Defendant's financial profile has not only demonstrated any claim of indigence should be denied, but that he can readily pay an order of restitution ($17,000.00) and additional special assessment ($5,000.00) immediately.

### III. DEFENDANT IS IN POSSESSION OF NON-EXEMPT ASSETS THAT CAN BE APPLIED TO RESTITUTION

The Defendant reported to the Probation Office that he receives monthly rental income of $1,300.00 and is in possession of the following non-exempt assets: rental property and rental income, vehicles (recreational and personal), and $33,000.00 cash. *See* PSR ¶ 54. Rental property

---

[6] PSR ¶¶ 50-51.
[7] PSR ¶¶ 52-53.

and rental income, recreational vehicles, and cash are non-exempt assets the United States can enforce against for the collection of criminal monetary penalties. *See, e.g.*, 18 U.S.C. § 3613(a) (a criminal restitution judgment may be enforced against all property or rights of the criminal debtor, with very few exemptions).

Here, the Defendant's lodging and meals will be provided during any ordered period of incarceration. His spouse has a reported monthly income of $11,416.00 and the Defendant's household has a reported monthly positive cash flow of **$2,116.00.** Even if the Defendant were to offset the entirety of his rental income ($1,300.00) towards his criminal monetary penalties, his household's **net monthly cash flow** would be **$816.00**.[8] During his incarceration, the Defendant would otherwise be entitled to receive a share of the rental income, the cash in his checking account, and a share of the sale proceeds from the 2011 Chevrolet Tahoe and the 2017 Palomino Trailer. The United States asserts that 100% of the Defendant's cash, up to the amount of criminal monetary penalties imposed by the Court, should be applied to the Defendant's criminal monetary penalties. Under 18 U.S.C. § 3572(d), "[a] person sentenced to pay a fine or other monetary penalty, including restitution, shall make such payment immediately, unless, in the interest of justice, the court provides for payment on a date certain or in installments." Here, the Defendant should be required to apply the entirety of his available non-exempt assets to his criminal monetary penalties, including, but not limited to, his cash, his share of the sale proceeds of the personal vehicle and the recreational vehicle, and his share of rental income.

The United States respectfully requests the Court to order the following terms in the judgment order concerning the terms of payment of criminal monetary penalties.

---

[8] $2,116.00 (net monthly cash flow) - $1,300.00 (rental income) = $816.00. PSR ¶ 54.

## IV. REQUEST FOR THE COURT TO SET TERMS FOR
## PAYMENT OF RESTITUTION

The government anticipates that Dugan will be ordered to pay restitution and an assessment under the JVTA. Because Dugan has non-exempt assets to immediately, and in the future, apply towards the anticipated criminal monetary penalties, the government requests that the Court establish the following conditions of payment in accordance with its authority under 18 U.S.C. §§ 3572 and 3664(f), which should be applicable until such time as Dugan has satisfied the financial obligations to be imposed by the judgment:

1. Defendant must pay the special assessment of $100.00, due immediately.

2. Payment of all criminal monetary penalties is due and payable immediately.

3. Defendant is ordered to immediately turnover the cash identified in the personal checking account, up to the amount of criminal monetary penalties imposed, to the Clerk towards payment of criminal monetary penalties imposed.

4. Defendant is to be placed on the Treasury Offset Program.

5. The Defendant is ordered to make the necessary arrangements to have fifty percent (50%) of the rental income ($650.00/month) be made payable to the Clerk towards payment of the Defendant's criminal monetary penalties.

6. The Defendant is ordered to make the necessary arrangements to have fifty percent (50%) of the sale proceeds from the 2011 Chevrolet Tahoe be made payable to the Clerk towards payment of the Defendant's criminal monetary penalties.

7. The Defendant is ordered to make the necessary arrangements to have fifty percent (50%) of the sale proceeds from the 2017 Palomino Trailer be made payable to the Clerk towards payment of the Defendant's criminal monetary penalties.

8. Any criminal monetary penalties that remain outstanding when the Defendant's

supervision commences is to be paid on a monthly basis at a rate of at least twenty-five percent (25%) of defendant's monthly income, to be changed during supervision, if needed, based on defendant's changed circumstances, pursuant to 18 U.S.C. § 3572(d)(3).

## CONCLUSION

WHEREFORE, the United States respectfully requests that the Court order full restitution to the victims identified in the Presentence Report, in the total amount of $17,000.00, the additional JVTA assessment in the amount of $5,000.00; and that the Court impose the aforementioned conditions of payment of the criminal monetary penalties pursuant to its authority under 18 U.S.C. §§ 3572 and 3664(f), with payments applied in accordance with 18 U.S.C. § 3612(c).[9] A proposed restitution chart has been filed under seal in compliance with Crime Victim Rights Act, 18 U.S.C. § 3771(a)(8).

Respectfully submitted,

WILLIAM S. THOMPSON
United States Attorney

s/ Julie M. White
JULIE M. WHITE
Assistant United States Attorney
WV State Bar No. 13971
United States Attorney's Office
300 Virginia Street, East, Room 4000
Charleston, WV 25301
Phone: 304-345-2200 | Fax: 304-347-5440
Email: Julie.White@usdoj.gov
*Counsel for United States of America*

---

[9] First, to the 18 U.S.C. § 3013 assessment ($100.00). Second, to restitution ($17,000.00). Third, to the 18 U.S.C. § 3014 assessment ($5,000.00).

*s/ Nowles Heinrich*
NOWLES HEINRICH
Assistant United States Attorney
WV State Bar No. 13841
United States Attorney's Office
300 Virginia Street, East, Room 4000
Charleston, WV   25301
Phone: 304-340-2336 | Fax: 304-347-5440
Email: Nowles.Heinrich@usdoj.gov
*Counsel for United States of America*


*s/ Jessica A. Nathan*
JESSICA A. NATHAN
Assistant United States Attorney
WV State Bar No. 13994
United States Attorney's Office
300 Virginia Street, East, Room 4000
Charleston, WV   25301
Phone: 304-345-2200 | Fax: 304-347-5440
Email: Jessica.Nathan@usdoj.gov
*Counsel for United States of America*


## CERTIFICATE OF SERVICE

I, Jessica A. Nathan, Assistant United States Attorney for the Southern District of West Virginia, do hereby certify that the foregoing ***United States of America's Sentencing Memorandum Regarding Payment of Criminal Monetary Penalties*** was electronically filed with the Clerk of the Court using the CM/ECF system which will electronically notice counsel of record.

Dated:   October 20, 2022

*s/ Jessica A. Nathan*
Assistant United States Attorney
WV State Bar No. 13994
United States Attorney's Office
300 Virginia Street, East, Room 4000
Charleston, WV   25301
Phone: 304-345-2200 | Fax: 304-347-5440
E-Mail: jessica.nathan@usdoj.gov
*Counsel for United States of America*

# Exhibit A

# Logan County Sheriff's Tax Office

## Logan County Personal Property



| Tax Year: | 2022 | Account Number: | REDACTED |
|---|---|---|---|
| Ticket #: | 0400000016 S | Taxpayer I.D.: | |
| District: | 04 - LOGAN RURAL | | |

| Property Owner | Property Description |
|---|---|
| DUGAN RAYMOND REDACTED<br><br>REDACTED<br>LOGAN, WV 25601 | 15 CADI ATS 6465 17 CAMP FORE 5400<br>17 RAM RAM112285 11 CHEV TAHO 6570 |

Homestead Exemption: None
Back Tax: None
Exoneration: None
Prior Delinquents: None
Special Disposition: Redeemed

### ASSESSMENT:

| Assessment | GROSS | NET | TAX (1/2 Year) |
|---|---|---|---|
| Class 1 | 0 | 0 | .00 |
| Class 2 | 0 | 0 | .00 |
| Class 3 | 30720 | 30720 | 391.23 |
| Total | 0 | 0 | 391.23 |

**DUE:** First Half: **Paid** Second Half: **Paid** Total Due: **none due**

### PAYMENTS RECEIVED:

| | First Half | Second Half |
|---|---|---|
| Net | 391.23 | 391.23 |
| Discount | 9.78 | 9.78 |
| Interest | .00 | .00 |
| Total | 381.45 | 381.45 |
| Date | 08/24/2022 | 08/24/2022 |

Please Remit Payment (if any) to: Logan County Sheriff's Tax Office
300 Stratton Street
Rm 209
Logan, WV 25601
Or call (304) 792-8680 with questions.

