```
              IN THE UNITED STATES DISTRICT COURT
           FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
                         AT CHARLESTON
```

_____
                              x
UNITED STATES OF AMERICA,     : Criminal Action
                              :
              Plaintiff,      : No. 2:21-cr-00127
                              :
v.                            :
                              :
RAYMOND DUGAN,                :
                              :
              Defendant.      : **APPEAL TRANSCRIPT**
_____x


```
              TRANSCRIPT OF ARRAIGNMENT HEARING
          BEFORE THE HONORABLE DWANE L. TINSLEY
       UNITED STATES DISTRICT COURT MAGISTRATE JUDGE
               IN CHARLESTON, WEST VIRGINIA
                      AUGUST 17, 2021
```

APPEARANCES:

For the Government:        Julie White, Esq.
                           Assistant United States Attorney
                           United States Attorney's Office
                           P.O. Box 1713
                           Charleston, WV  25326-1713

For the Defendant:         David Schles, Esq.
                           Suite 306
                           815 Quarrier Street
                           Charleston, WV 25301

Probation Officer:         Lilla Adkins


                  _____
                    Kimberly Kaufman, RMR, CRR, CRC
                    Federal Official Court Reporter
                   300 Virginia Street East, Room 6610
                         Charleston, WV 25301


Proceedings recorded from CourtSmart; transcript produced by computer.

*Kimberly Kaufman, RMR, CRR, CRC (304) 347-3188*

1 PROCEEDINGS had before The Honorable Dwane L.
2 Tinsley, Magistrate Judge, United States District Court,
3 Southern District of West Virginia, in Charleston, West
4 Virginia, on August 17, 2021, at 1:36 p.m., as follows:
5 THE COURTROOM DEPUTY CLERK: All rise.
6 This Honorable Court is again in session. Please be
7 seated and come to order.
8 THE COURT: Good afternoon.
9 MR. SCHLES: Good afternoon, Your Honor.
10 MS. WHITE: Good afternoon.
11 THE COURT: We are here this afternoon in the
12 matter of *The United States of America v. Raymond Dugan*,
13 Case No. 2:21-cr-00127.
14 Would counsel please note their appearances for the
15 record, please.
16 MS. WHITE: Good afternoon, Your Honor.
17 Julie White on behalf of the government.
18 THE COURT: Ms. White.
19 MR. SCHLES: David Schles representing the
20 defendant, Raymond Dugan, who is also present, Your Honor.
21 THE COURT: Thank you, Mr. Schles.
22 Mr. Dugan, will you please rise and take an oath.
23 **RAYMOND DUGAN, DEFENDANT, SWORN**
24 THE COURT: Deputy, could you adjust that mic for
25 Mr. Dugan, please.

```
1                THE COURT SECURITY OFFICER:  Yes, sir.
2                THE COURT:  All right.  Thank you, deputy.
3                THE COURT SECURITY OFFICER:  Yes, sir.
4                THE COURT:  Mr. Dugan, you have the right to
5    remain silent.  Anything that you say may be used against
6    you.
7          Would you please state your full name for the record.
8                THE DEFENDANT:  Raymond Lindley Dugan.
9                THE COURT:  And a notice of appearance was filed
10   with the clerk's office yesterday and it appears that
11   Mr. Schles has been retained to represent you in this
12   matter?
13               THE DEFENDANT:  This is correct.
14               THE COURT:  All right. Have you received a copy
15   of the indictment?
16               THE DEFENDANT:  Yes, sir, I have.
17               THE COURT:  Have you read the indictment?
18               THE DEFENDANT:  Yes, sir, I have.
19               THE COURT:  Do you understand the indictment and
20   what you are charged with?
21               THE DEFENDANT:  Yes, sir, I do.
22               THE COURT:  Have you had an opportunity to discuss
23   the charge in the indictment with your attorney, Mr. Schles?
24               THE DEFENDANT:  Yes, sir, I have.
25               THE COURT:  Would you like for me to read the
```

1 indictment out loud to you?

2 THE DEFENDANT: That will not be necessary.

3 THE COURT: As to the charge contained in the

4 indictment, Mr. Dugan, how do you plead?

5 THE DEFENDANT: Not guilty, Your Honor.

6 THE COURT: Mr. Dugan, your case is assigned to

7 Judge Goodwin. Your trial is scheduled for October 13,

8 2021, at 8:30 a.m. here in Charleston.

9 I will advise counsel that if the courtroom technology

10 is going to be needed or required for trial that counsel

11 shall notify the court's technology staff and a

12 certification that the court's technology staff has been

13 notified shall be filed with the clerk's office no later

14 than five business days before the scheduled commencement of

15 the trial or any other proceedings.

16 There will be a hearing on pretrial motions on

17 September the 22nd, 2021 at 2:30 p.m.

18 Now, Mr. Dugan, you have a right to be present at the

19 hearing on pretrial motions. And I have before me a waiver

20 of right to be present at hearings on motions prior to trial

21 and it appears to be signed by you as the defendant.

22 Is that, in fact, your signature?

23 THE DEFENDANT: Yes, sir, that is.

24 THE COURT: And I will also note for the record

25 that it has been witnessed by Mr. Schles, I believe. I

1  can't read that writing.
2          MR. SCHLES:  That -- that's --
3          THE COURT:  Is that you?
4          MR. SCHLES:  -- my signature, Your Honor.
5          THE COURT:  And, of course, Mr. Schles, you
6  understand that if for any reason you change your mind and
7  the defendant wants to appear he can.
8          MR. SCHLES:  Yep.
9          THE COURT:  All right.  You may be seated, sir.
10      The parties have initialed the standard discovery
11  requests.  Other pretrial motions are due on September 8th,
12  2021, proposed jury instructions and proposed voir dire
13  questions are due on October 6th, 2021, and a witness list
14  is due in chambers also on October 6th, 2021.
15      Be sure that Judge Goodwin's law clerk gets a copy of
16  all motions at the time the originals are filed in the
17  clerk's office.
18      Counsel are directed to give 30 days' notice to the
19  marshal service via writ or ASR for the production of
20  out-of-district in-custody defendants or witnesses and to
21  cancel those requests for production if the appearance
22  becomes unnecessary.
23      Have the parties had an opportunity to review the
24  pretrial services report?
25          MS. WHITE:  Yes, Your Honor.

1           MR. SCHLES:  Yes, Your Honor.

2           THE COURT:  Before we go any further with the

3    pretrial services report, are there any objections or

4    corrections that need to be made to the pretrial services

5    report?

6           MS. WHITE:  No, Your Honor.

7           MR. SCHLES:  Your Honor, I would just note on --

8    on the final page, which I guess is page 6, of the pretrial

9    services report, the -- the last heading where it states the

10   probation office also suggests the addition of the following

11   conditions, number one appears to already be in the

12   conditions of release that my client executed last week.

13   It's on page 3 or 4.

14          THE COURT:  Are you talking about 7F?

15          MR. SCHLES:  No, I'm talking about five on

16   additional conditions of release on page 3 of the

17   additional -- on -- on the conditions of release.

18          THE COURT:  Point to me what you are referring to.

19          MR. SCHLES:  On page 3 under the heading of

20   additional conditions of release, it states:  The defendant

21   must not possess or use a computer or other device as

22   defined in 18 U.S.C. 1030(e)(1) capable of accessing the

23   internet.

24       In addition, all passwords to all electronic devices be

25   changed and not accessible to the defendant at the direction

1  of the supervising pretrial officer, submit to a search of
2  computers or other electronic devices, including passive EG
3  monitoring software and active EG looking at files.  That --
4  that appears to be what is proposed as -- in addition, but I
5  believe it's already in there.
6      As far as the other recommendations in the pretrial
7  services report concerning suggested amendments to the
8  conditions, the defendant does not object.
9          THE COURT:  All right.  So in the pretrial report
10 it has an amendment to standard condition 7F.
11     You have no objections to that?
12         MR. SCHLES:  Well, I don't have an objection.  I
13 just believe it's redundant.  It's already in there.
14         THE COURT:  7F?
15         MR. SCHLES:  No, Your Honor, five on page --
16         THE COURT:  I -- I said 7F.
17         MR. SCHLES:  Okay.  On 7F we do not have an
18 objection.
19         THE COURT:  Okay.  And then in number five you
20 have -- you are indicating that's already in the conditions
21 of release?
22         MR. SCHLES:  Well, I'm perhaps not being -- the
23 suggested amendment to special condition five is not in the
24 report and -- but we do not object to that either.  It's the
25 next section where the probation office also suggests the

1  addition of the following conditions, number one is already
2  in the report -- or, excuse me, in the conditions of
3  appearance.
4           THE COURT: And that's the one that referring that
5  the defendant must submit --
6           MR. SCHLES: -- to a search of his computer.
7           THE COURT: -- computers or electronic devices.
8           MR. SCHLES: -- including active and passive.
9           THE COURT: And you said that's already in his
10 conditions?
11          MR. SCHLES: As -- as I read it, yes, Your Honor,
12 on -- on page 3.
13          THE COURT: 3A?
14          MR. SCHLES: Paragraph five.
15          THE COURT: Is that page 3A of 4 pages?
16          MR. SCHLES: Yes. Okay. Yes, you're right, Your
17 Honor. It's very small. It says 3A of 4 pages.
18          THE COURT: Well, I think it's a -- well, it
19 looked like it might be a little different.
20      Ms. Adkins, does that appear to be the same? It --
21 it --
22          THE PROBATION OFFICER: Yes, Your Honor.
23          THE COURT: It's awful close.
24          THE PROBATION OFFICER: I believe the reason why
25 she split it up is because we modified the condition above

1  it so we figured number five would be completely changed to
2  what is written in number five and then we wanted to
3  actually put on there that he may actually also use
4  monitoring software.  We just kind of want to reiterate, but
5  yes.  So it has all the elements, it's just kind of chopped
6  up different.
7           THE COURT:  All right.
8           MR. SCHLES:  If I -- I -- I was just pointing out
9  that it -- it appears --
10          THE COURT:  To already be in there.
11          MR. SCHLES:  -- to already be something my client
12 has consented to and we do not object --
13          THE COURT:  Okay.
14          MR. SCHLES:  -- to the monitoring.
15          THE COURT:  And then what about number two,
16 Mr. Schles, under --
17          MR. SCHLES:  Also -- also --
18          THE COURT:  -- the --
19          MR. SCHLES:  Do not object, Your Honor.
20          THE COURT:  You have no objection to that either?
21          MR. SCHLES:  No.
22          THE COURT:  Okay.  All right.
23     Ms. White, does the United States have any objections
24 to the pretrial services report in particular as it relates
25 to the amendments suggested by the probation department and

1    the additional conditions?
2            MS. WHITE:  No, Your Honor.
3            THE COURT:  Okay.
4      Mr. Dugan, based upon that and based upon your counsel
5    indicating he had no objections to the suggested amendments
6    by the probation officer and the other condition that the
7    probation office has suggested that you have no objections
8    to, the Court is going to allow you to remain on your
9    $10,000 unsecured bond with the conditions that were
10   previously imposed and the amendments to those conditions.
11       Do you understand that?
12       (Pause in proceedings.)
13           THE DEFENDANT:  Yes, sir, I do.
14           THE COURT:  Yes, sir, I do what?
15           THE DEFENDANT:  I'm sorry.  I -- I do understand.
16           THE COURT:  All right.  Do you have any questions
17   or concerns about any of the conditions that have been added
18   to your conditions of release?
19           THE DEFENDANT:  No, sir, not at the moment.
20           THE COURT:  And also based upon that do you need
21   for me to review any of these conditions with you today?
22           THE DEFENDANT:  No, sir, I do not.
23           THE COURT:  Because it is important, Mr. Dugan,
24   that you understand these conditions of your release.  And
25   you can talk to your lawyer at any time about these, but I

1  want to make sure you understand that it's important for you
2  to comply with all these conditions, the ones that were in
3  the bond papers and the ones that we just discussed a few
4  minutes ago.
5      And the reason for that, Mr. Dugan, is because if you
6  fail to comply with any of these conditions of your release
7  or if you fail to come to court when you're supposed to be
8  here, your bond could be revoked and you could be prosecuted
9  on additional charges.
10     Do you understand that?
11     THE DEFENDANT:  Yes, sir.
12     THE COURT:  All right.  And it's the Court's
13 understanding we've already gone over the Due Process
14 Protections Act, haven't we, Mr. Schles?
15     MR. SCHLES:  I -- I -- I understand the initial
16 appearance, yes, Your Honor.
17     THE COURT:  All right.  And you did understand
18 that we've discussed that, Ms. White, that you're the
19 same -- on the same understanding?
20     MS. WHITE:  Yes, Your Honor.
21     THE COURT:  All right.  Is there anything further
22 that needs to be discussed at this time?
23     MS. WHITE:  Your Honor, I let Mr. Schles know and
24 I gave him a copy of our proposed protective order for the
25 discovery in this particular matter.  We'll be filing that

1  pursuant to Rule 16(d)(1) given the nature of the
2  investigation and its ongoing status.  We are asking that
3  the discovery be shared in a limited capacity and we'll file
4  that with the Court this afternoon.
5            THE COURT:  All right.  I had my courtroom deputy
6  check on that and because that is a discovery-type issue --
7            MS. WHITE:  Uh-huh.
8            THE COURT:  -- that would have to be addressed by
9  Judge Goodwin who is the district judge assigned to this
10 case.
11           MS. WHITE:  Thank you --
12           THE COURT:  And --
13           MS. WHITE:  -- Your Honor.
14           THE COURT:  And we received confirmation that he
15 will entertain that.
16           MS. WHITE:  Okay.  Thank you, Your Honor.
17           THE COURT:  All right.
18           MS. WHITE:  I just wanted to make sure we were all
19 on the same page that that's what the government intends to
20 do --
21           MR. SCHLES:  Well --
22           MS. WHITE:  -- moving forward.
23           MR. SCHLES:  You're -- you're planning on filing a
24 motion to the entry of the order?
25           MS. WHITE:  Yes, sir.

*Kimberly Kaufman, RMR, CRR, CRC (304) 347-3188*

1             MR. SCHLES:  Okay.
2             THE COURT:  All right.  Is that your
3    understanding, Mr. Schles?
4             MR. SCHLES:  Well, I -- I -- I -- I -- as I
5    explained to her I believe the protective order as she --
6    the proposed protective order that she showed me is
7    overbroad.  It simply says all discovery and as we know in a
8    case there are all different things in discovery disclosure.
9    We have CDs of witnesses and criminal history, all sorts of
10   things that do not need to be subject to the protective
11   order.
12      I simply suggested that the government could quite
13   easily identify the specific items being disclosed that they
14   believe need to be subject to a protective order and if I
15   have a problem with that I -- I could bring that problem to
16   the judge, but just a blanket protective order of every
17   single thing is overbroad and it's unduly burdensome on the
18   defense.  My client would obviously need to come to my
19   office.  And I understand some things they are sensitive,
20   they are confidential, they might disclose techniques, but
21   every single thing I -- I am not going to agree to something
22   that broad.
23            THE COURT:  All right.  Well, I think you will
24   have an opportunity to voice your objections to Judge
25   Goodwin.

*Kimberly Kaufman, RMR, CRR, CRC (304) 347-3188*

1                MR. SCHLES:  I'm sure I will.
2                THE COURT:  And I'm sure Judge Goodwin will make a
3    decision and issue an order concerning that protective
4    order.
5                MR. SCHLES:  Thank you.
6                THE COURT:  All right.  Is there anything further
7    from counsel?
8                MS. WHITE:  No, Your Honor.
9         Thank you.
10               THE COURT:  Mr. Schles?
11               MR. SCHLES:  No, Your Honor.
12               THE COURT:  If there's nothing further, we're
13   adjourned in this matter.
14        Good luck to you, Mr. Dugan.
15               THE DEFENDANT:  Thank you, Your Honor.
16               THE COURT:  We're adjourned.
17               THE COURTROOM DEPUTY CLERK:  This Honorable Court
18   is now in recess.
19
20
21        (Proceedings concluded at 1:52 p.m., August 17, 2021.)
22
23
24
25

```
1    CERTIFICATION:
2         I, Kimberly Kaufman, Official Court Reporter, certify
3    that the foregoing is a correct transcript from the record
4    of proceedings in the matter of United States of America,
5    Plaintiff v. Raymond Dugan, Defendant, Criminal Action No.
6    2:21-cr-00127, as recorded on August 17, 2021.
7
8    s/Kimberly Kaufman, RMR, CRR, CRC            January 17, 2023
9    Kimberly Kaufman, RMR, CRR, CRC                         DATE
```