IN THE UNITED STATES DISTRICT COURT FOR THE SOUTEHRN DISTRICT OF WEST VIRGINIA AT CHARLESTON

UNITED STATES OF AMERICA,

    Plaintiff – Appellee,

v.                                                                                                  No. 2:21-cr-00127-1

RAYMOND DUGAN,

    Defendant – Appellant.

## MOTION TO REDACT ADDITIONAL INFORMATION

Now comes Defendant-Appellant, Raymond Dugan ("Mr. Dugan"), by his counsel Shawn A. Morgan and the law firm of Steptoe & Johnson PLLC, pursuant to Federal Rule of Criminal Procedure 49.1(e) and respectfully submits this Motion to Redact Additional Information from the transcripts of court proceedings in *United States v. Dugan*, 2:21-cr-00127-1 (S.D. W. Va. Oct. 27, 2022) that took place on August 17, 2021, April 29, 2022, June 13, 2022, August 2, 2022, and October 27, 2022.

On August 17, 2021, the United States District Court for the Southern District of West Virginia held an arraignment hearing. On April 29, 2022, the Court held a hearing on pretrial motions.[1] On June 13, 2022, the Court held an arraignment

---

[1] At the pretrial hearing, the Court considered arguments for the following pending motions: Mr. Dugan's Motion to Compel, Mr. Dugan's Motion to Suppress, Mr. Dugan's Motion to Seal, the Government's Motion to Seal, the Government's oral Motion to Seal Exhibit 1, and Mr. Dugan's oral Motion to Continue the Trial Date. The Court granted the Government's oral Motion to seal Exhibit 1 and Mr. Dugan's oral Motion to Continue the Trial Date.

hearing as to the Superseding Indictment. On August 2, 2022, the Court conducted voir dire, jury selection, and trial. Lastly, on October 27, 2022, the Court held a sentencing hearing in which it sentenced Mr. Dugan based on the findings of the August 2022 trial.

Under Federal Rule of Criminal Procedure 49.1(a), a filing containing an individual's personal identifiers such as: social security number, taxpayer identification number, birth date, name of a minor, financial account number, or home address shall be modified to include only limited information as to protect identification of the individual. However, for good cause, a court may by order require redaction of additional information. Fed. R. Cr. P. 49.1(e).

While the "common law presumes that the public is afforded the right to "inspect and copy all judicial records and documents," this "presumption of access may be rebutted if countervailing interests heavily outweigh the public interests in access." *Dilliner v. Gen. Motors, LLC*, No. 2:19-CV-00415, 2021 WL 665531, at *2 (S. D. W. Va. Feb. 19, 2021) (internal quotations and citation omitted); *see also Braggs v. Dunn*, No. 2:14cv601-MHT, 2019 WL 6833843, at * 1 (M.D. Ala. Dec. 13. 2019) (stating right of access on motion to redact hearing transcript "may be overcome by a showing of good cause, which requires balance[ing] the asserted right of access against the other party's interest in keeping the information confidential") (quoting *Romero v. Drummond Co.*, 480 F.3d 1234, 1246 (11th Cir. 2007) (internal

quotation marks omitted). Courts consider "whether allowing access would impair court functions or harm legitimate privacy interests, the degree of and likelihood of injury if made public, the reliability of the information, whether there will be an opportunity to respond to the information, whether the information concerns public officials or public concerns, and the availability of a less onerous alternative to sealing the documents." *Braggs*, 2019 WL 6833843, at *1 (quoting *Romero*, 480 F.3d at 1246) (internal quotations omitted).

The transcripts contain confidential and sensitive information that should be redacted. Although much of this information falls within the enumerated categories of Rule 49.1(a), additional information should be redacted which is beyond the parameters of the Rule. Particularly, the transcripts contain information that could harm legitimate privacy interests of Mr. Dugan and non-parties. Furthermore, the sensitive information discussed during the court proceedings does not concern a public official nor public concern.

Mr. Dugan therefore respectfully requests (1) the redaction of his middle name[2] from all transcripts, in order to protect his legitimate privacy interests, and (2) the redaction of any part of the sentencing hearing transcript that pertains to medical

---

[2] The United States charged this matter as "Raymond Dugan" and Mr. Dugan's middle name is not relevant for purposes of the appeal.

2

15950909.5

and mental health information of non-parties, in order to respect the privacy of those non-parties.

Dated this 3rd day of February 2023.

Respectfully submitted,

STEPTOE & JOHNSON PLLC
Of Counsel

/s/ Shawn A. Morgan
Shawn A. Morgan
400 White Oaks Boulevard
Bridgeport, WV  26330
(304) 933-8000

Counsel for Raymond Dugan

3

## CERTIFICATE OF SERVICE

I hereby certify that on the 3rd day of February 2023, I electronically served the foregoing motion on the parties in this matter using the CM/ECF system, which will send notification to the following:

>Julie M. White
>Assistant United States Attorney
>U.S. Attorney's Office
>300 Virginia St., E.
>Charleston, WV 25301
>julie.white@usdoj.gov

                                            */s/ Shawn A. Morgan*