IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

UNITED STATES OF AMERICA

v.                                         Case number: 2:21-cr-00127

RAYMOND DUGAN

**DEFENDANT'S REPLY TO GOVERNMENT'S RESTITUTION MEMORANDUM**

Raymond Dugan, by counsel, David Schles, submits this defendant's response to the United States of America's Memorandum on Restitution. (docket entry 133)

In this matter, the government is seeking a restitution order in the amount of $17,000.00. (docket entry 133, p. 1, ¶ 2) Sealed Exhibit A to the United States of America's Memorandum on Restitution states that the United States seeks: $3,000.00 on behalf of Victim 1; $4,000.00 on behalf of Victim 2; and $10,000.00 on behalf of Victim 3.[1]

Restitution in this matter is governed by 18 U.S.C. § 2559, which states in pertinent part:

(a) In General.—
Notwithstanding section 3663 or 3663A, and in addition to any other civil or criminal penalty authorized by law, the court shall order restitution for any offense under this chapter.
(b) Scope and Nature of Order.—
    (1) Directions.—
    Except as provided in paragraph (2), the order of restitution under this section shall direct the defendant to pay the victim (through the appropriate court mechanism) the full amount of the victim's losses.
    (2) Restitution for trafficking in child pornography.—If the defendant was convicted of trafficking in child pornography, the court shall order restitution under this section in an amount to be determined by the court as follows:
        (A) Determining the full amount of a victim's losses.—

---

[1] Throughout this reply references to the victims will use the numbering protocol in Sealed Exhibit A and omit any further identifying information.

> The court shall determine the full amount of the victim's losses that were incurred or are reasonably projected to be incurred by the victim as a result of the trafficking in child pornography depicting the victim.
> (B) Determining a restitution amount.—
> After completing the determination required under subparagraph (A), the court shall order restitution in an amount that reflects the defendant's relative role in the causal process that underlies the victim's losses, but which is no less than $3,000.

18 U.S.C. § 2559 (a) and (b) (2023).

Mr. Dugan agrees that § 2259 (a) and (b) require this court to order restitution to identifiable victims of the offense and that the government has produced sufficient evidence to establish that the three individuals identified in Sealed Exhibit A are victims of his offense. Mr. Dugan does not, however, believe that the government has produced evidence sufficient to prove by a preponderance of the evidence that these victims have established that they should receive restitution from Mr. Dugan in the amounts requested. In fact, it appears that the only discernible reason the government seeks the specific amounts it asks this court to award each of the three victims is that the government simply seeks the exact amount that counsel for each of the victims requested without regard for the victims' actual losses or the degree to which Mr. Dugan's offense conduct contributed to causing some part of those losses.

For example, the government asserts that Mr. Dugan possessed 113 images of Victim 1 and seeks $3,000.00 on her behalf (docket entry 133, p. 8) For Victim 2, of whom Mr. Dugan possessed 18 images, the government seeks $4,000.00, and for Victim 3, of whom Mr. Dugan possessed only 1 image, the government seeks $10,000.00. (*Id.*) Nothing the defendant can glean from the supporting documentation provided by the victims supports greater restitution awards to Victim 2 or 3, beyond the fact their lawyers asked for greater amounts.

Mr. Dugan agrees this court is required to order restitution and 18 U.S.C. § 2559

2

(b)(2)(B) mandates that no less then $3,000.00 be ordered as restitution to each identified victim. He asserts that this Court should order restitution to each of the victims in the amount of $3,000.00, for a total amount of $9,000.00. Mr. Dugan objects to restitution greater than this amount being ordered. The defendant does not believe the United States has provided reasonable or reliable estimates as to the full amount of losses incurred by the victims "that were incurred or are reasonably projected to be incurred by the victim as a result of the trafficking in child pornography depicting the victim." *See*, 18 U.S.C. § (b)(2). Moreover, even should this court find the United States has provided reasonable estimates of the full amount of the victims' losses, it has not provided information from which this court can "order restitution in an amount that reflects the defendant's relative role in the causal process that underlies the victim's losses." *See*, 18 U.S.C. § (b)(2).

The Supreme Court has held that restitution pursuant to § 2259 is proper only to the extent the defendant's offense proximately caused a victim's losses. *Paroline v. United States*, 572 U. S. 434, 448. (2014). The Supreme Court in *Paroline* expressly rejected the government's invitation to eliminate the proximate cause requirement for restitution in child pornography cases but did hold that the "but for" causation test was not applicable:

> In this special context, where it can be shown both that a defendant possessed a victim's images and that a victim has outstanding losses caused by the continuing traffic in those images but where it is impossible to trace a particular amount of those losses to the individual defendant by recourse to a more traditional causal inquiry, a court applying § 2259 should order restitution in an amount that comports with the defendant's relative role in the causal process that underlies the victim's general losses. The amount would not be severe in a case like this, given the nature of the causal connection between the conduct of a possessor....

*Paroline v. United States*, 572 U. S. 434, 458 (2014).

The prosecution has the burden of demonstrating the amount of the loss and proximate cause. *Paroline*, 572 U. S. at 462 (2014). Victims should be compensated and defendants should be held liable for the impact of their conduct on those victims, but not for the conduct of others.

The *Paroline* Court suggested a number of factors that a sentencing court should consider when determining the appropriate amount of restitution in child pornography cases. The court cautioned against rigidity or attempting to reduce the determination to "a precise algorithm." *Id*. at 459. The Supreme Court did instruct sentencing courts, after determining the amount of the victim's losses caused by the continuing traffic in the victim's images to evaluate and weigh these factors that bear on the relative causal significance of the defendant's conduct:

– The number of past criminal defendants found to have contributed to the victim's general losses;

– reasonable predictions of the number of future offenders likely to be caught and convicted for crimes contributing to the victim's general losses;

– Any available and reasonably reliable estimate of the broader number of offenders involved (most of whom will, of course, never be caught or convicted);

– Whether the defendant reproduced or distributed images of the victim;

– Whether the defendant had any connection to the initial production of the images;

– how many images of the victim the defendant possessed;

– other facts relevant to the defendant's relative causal role.

*Id*. At 460.

Mr. Dugan is but one of many past and present criminal defendants who have contributed to these victims losses. The number of offenders who will be caught in the future or

who will offend in the future without being caught is not quantifiable but is obviously a very large number. Mr. Dugan did not reproduce or distribute any images and he had no connection to the initial production of the images. As set forth in Sealed Exhibit A of the United States Restitution Memorandum (docket entry 133), he possessed 113 images of Victim 1, 18 images of Victim 2, and 1 image of victim 3. The defendant is aware of no other factors relevant to his causal role that would suggest he is relatively more culpable than any other person who possessed the same numbers of images of these victims.

    In sum, Mr. Dugan asserts that the proper award of restitution in this matter is $3,000.00 to each of the three victims for a total of $9,000.00. Mr. Dugan preserves his objection to an order granting restitution in greater amounts.

    Respectfully Submitted,
Raymond Dugan
By counsel,

**s/ David Schles**
David Schles (WV Bar #6375)
815 Quarrier Street, Suite 306
Charleston, WV 25301
(304) 344-1559
Schleslaw@gmail.com

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
# AT CHARLESTON

**UNITED STATES OF AMERICA**

v.  Case number: 2:21-cr-00127

**RAYMOND DUGAN**

## CERTIFICATE OF SERVICE

I, David Schles, counsel for defendant, Raymond Dugan do hereby certify that on this 23rd day of May 2023, the foregoing DEFENDANT'S REPLY TO GOVERNMENT'S RESTITUTION MEMORANDUM was served upon the following by CM/EMF filing:

Jessica Nathan
Julie M. White
Assistant United States Attorneys
P. O. Box 1713
Charleston, WV  25326-1713

    s/ David Schles
    David Schles, WV Bar #6375
    815 Quarrier Street
    Suite 306
    Charleston, WV 25301
    (304) 344-1559
    Schleslaw@gmail.com