AO 245B (Rev. 09/19)  Judgment in a Criminal Case
Sheet 1

# UNITED STATES DISTRICT COURT
Southern District of West Virginia

| UNITED STATES OF AMERICA | ) | JUDGMENT IN A CRIMINAL CASE |
|---|---|---|
| v. | ) | |
| Raymond Dugan | ) | Case Number: 2:21-cr-00127 |
| | ) | USM Number: 59200-509 |
| | ) | David Schles |
| | ) | Defendant's Attorney |

## THE DEFENDANT:

☐ pleaded guilty to count(s) _____

☐ pleaded nolo contendere to count(s) _____
which was accepted by the court.

☑ was found guilty on count(s)  one of the superseding indictment
after a plea of not guilty.

REC'D USMS CHARLESTON, WV
OCT 28 2022 PM 2:30

The defendant is adjudicated guilty of these offenses:

| **Title & Section** | **Nature of Offense** | **Offense Ended** | **Count** |
|---|---|---|---|
| 18 USC §§ 2252A (a) (5) (B) and 2252A (b) (2) | Accessing with Intent to View Child Pornography | 11/4/2019 | One |

The defendant is sentenced as provided in pages 2 through __10__ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____

☐ Count(s) _____ ☐ is ☐ are dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

10/27/2022
Date of Imposition of Judgment

/s/ Joseph R. Goodwin
JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE

10/27/2022
Date

A TRUE COPY CERTIFIED ON
10/27/2022
[Date]
RORY L. PERRY II, CLERK
U.S. District Court
Southern District of West Virginia
By s/Tony Riley Deputy

Case 2:21-cr-00127   Document 137   Filed 10/27/22   Page 2 of 10 PageID #: 956

AO 245B (Rev. 09/19) Judgment in Criminal Case
Sheet 2 — Imprisonment

Judgment — Page 2 of 10

DEFENDANT: Raymond Dugan
CASE NUMBER: 2:21-cr-00127

## IMPRISONMENT

The defendant is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a total term of:
54 months

☑ The court makes the following recommendations to the Bureau of Prisons:
that the defendant be housed at FCI Morgantown, if appropriate to ensure the defendant's safety.

☑ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

☐ at _____ ☐ a.m. ☐ p.m. on _____ .

☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

☐ before 2 p.m. on _____ .

☐ as notified by the United States Marshal.

☐ as notified by the Probation or Pretrial Services Office.

**FILED JUL - 6 2023** (Clerk, Southern District of West Virginia)

## RETURN

I have executed this judgment as follows:

Defendant delivered on 12/28/2022 to FCI Elkton

at Elkton, OH , with a certified copy of this judgment.

F. Garza, Warden
~~UNITED STATES MARSHAL~~

By D. Tushhh, CSO
~~DEPUTY UNITED STATES MARSHAL~~

AO 245B (Rev. 09/19)   Judgment in a Criminal Case
Sheet 3 — Supervised Release

Judgment—Page 3 of 10

DEFENDANT: Raymond Dugan
CASE NUMBER: 2:21-cr-00127

## SUPERVISED RELEASE

Upon release from imprisonment, you will be on supervised release for a term of:

5 years

## MANDATORY CONDITIONS

1. You must not commit another federal, state or local crime.
2. You must not unlawfully possess a controlled substance.
3. You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.
   - ☐ The above drug testing condition is suspended, based on the court's determination that you pose a low risk of future substance abuse. *(check if applicable)*
4. ☐ You must make restitution in accordance with 18 U.S.C. §§ 3663 and 3663A or any other statute authorizing a sentence of restitution. *(check if applicable)*
5. ☑ You must cooperate in the collection of DNA as directed by the probation officer. *(check if applicable)*
6. ☑ You must comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, *et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in the location where you reside, work, are a student, or were convicted of a qualifying offense. *(check if applicable)*
7. ☐ You must participate in an approved program for domestic violence. *(check if applicable)*

You must comply with the standard conditions that have been adopted by this court as well as with any other conditions on the attached page.

AO 245B (Rev. 09/19) Judgment in a Criminal Case
Sheet 3A — Supervised Release

Judgment—Page 4 of 10

DEFENDANT: Raymond Dugan
CASE NUMBER: 2:21-cr-00127

## STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1. You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2. After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3. You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4. You must answer truthfully the questions asked by your probation officer.
5. You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6. You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7. You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8. You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9. If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12. If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.
13. You must follow the instructions of the probation officer related to the conditions of supervision.

## U.S. Probation Office Use Only

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. For further information regarding these conditions, see *Overview of Probation and Supervised Release Conditions*, available at: www.uscourts.gov.

Defendant's Signature _____ Date _____

Case 2:21-cr-00127 Document 123 Filed 07/06/23 Page 5 of 10 PageID #: 1688

AO 245B (Rev. 09/19)   Judgment in a Criminal Case
                       Sheet 3B — Supervised Release

Judgment—Page 5 of 10

DEFENDANT: Raymond Dugan
CASE NUMBER: 2:21-cr-00127

# ADDITIONAL SUPERVISED RELEASE TERMS

While on supervised release, the defendant must not commit another federal, state, or local crime; the defendant must not unlawfully possess a controlled substance. The defendant also must comply with the standard terms and conditions of supervised release as recommended by the U.S. Sentencing Commission and as adopted by this Court.

In addition, the defendant shall comply with the Standard Conditions of Supervision adopted by the Southern District of West Virginia in Local Rule of Criminal Procedure 32.3, as follows:

1) If the offender is unemployed, the probation officer may direct the offender to register and remain active with Workforce West Virginia.

2) Offenders shall submit to random urinalysis or any drug screening method whenever the same is deemed appropriate by the probation officer and shall participate in a substance abuse program as directed by the probation officer. Offenders shall not use any method or device to evade a drug screen.

3) As directed by the probation officer, the defendant will make copayments for drug testing and drug treatment services at rates determined by the probation officer in accordance with a court-approved schedule based on ability to pay and availability of third-party payments.

4) A term of community service is imposed on every offender on supervised release or probation. Fifty hours of community service is imposed on every offender for each year the offender is on supervised release or probation. The obligation for community service is waived if the offender remains fully employed or actively seeks such employment throughout the year.

5) The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon.

6) The defendant shall not purchase, possess, or consume any organic or synthetic intoxicants, including bath salts, synthetic cannabinoids, or other designer stimulants.

DEFENDANT: Raymond Dugan
CASE NUMBER: 2:21-cr-00127

# ADDITIONAL STANDARD CONDITIONS OF SUPERVISION

Standard and Optional Conditions of Probation and Supervised Release in all Sex Offense Cases

(a) Standard Conditions.

(1) The defendant shall have no direct or indirect contact, at any time, for any reason, with the victim(s) identified in the presentence report or the victim's family.

(2) The defendant shall submit to an evaluation by a qualified mental health professional, approved by the probation officer, who is experienced in treatment of sexual offenders. The defendant shall take all medications reasonably related to treatment of his or her condition, complete all treatment recommendations and abide by all rules, requirements and conditions imposed by the professional. The defendant must do so until discharged from treatment by the professional. Prior to being required to submit any proposed course of treatment, the defendant or the United States may seek review by the presiding district judge of any facet of the prescribed course of treatment. The United States and the defendant shall also have the right to seek review by the presiding district judge of any continuation or discontinuation of such treatment.

(3) The defendant shall submit to risk assessments, psychological and physiological testing, which may include, but is not limited to, a polygraph examination or other specific tests to monitor the defendant's compliance with probation or supervised release treatment conditions, at the direction of the probation officer.

(4) The defendant's residence and employment shall be approved by the probation officer. Such approval shall not be unreasonably withheld. Any proposed change in residence or employment must be provided to the probation officer at least 10 days prior to the change and pre-approved before the change may take place. If such notification is not possible due to unanticipated circumstances, the defendant must notify the probation officer within 72 hours of becoming aware of the change or expected change.

(5) The defendant shall comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, et seq.) and/or register as directed by the probation officer. The defendant shall register with any local and/or State Sex Offender Registration agency in any state or federal territory where the defendant resides, is employed, carries on a vocation, or is a student, or was convicted of a qualifying offense, pursuant to state law.

b) Optional Conditions.

(1) The term "minor" with respect to any condition of supervised release refers to one who is under the age of eighteen (18) years.

(2) The defendant shall not associate or have verbal, written, telephonic or electronic communications with any minor except: 1) in the presence of the parent or legal guardian of said minor; 2) on the condition that the defendant notifies the parent or legal guardian of the defendant's sex offender conviction(s); and 3) with written approval from the probation officer, which shall not be unreasonably withheld. This provision does not encompass associating or communicating with minors working as waiters, cashiers, ticket vendors, and similar service personnel with whom the defendant must associate or communicate in order to obtain ordinary and usual commercial services, so long as such associations or communications are limited exclusively to those which are necessary and proper for obtaining the aforementioned services.

(3) The defendant must not view or possess any "visual depiction" (defined in 18 U.S.C. § 2256) including any photograph, film, video, picture, or computer or computer-generated image or picture, whether made or produced by electronic, mechanical, or other means, of "sexually explicit conduct" (defined in 18 U.S.C. § 2256) for the purpose of sexual gratification and would compromise any sex-offense specific treatment. As applied to the defendant, the term "sexually explicit conduct" shall not include adult simulated sexually explicit conduct.

Case 2:21-cr-00127   Document 127   Filed 10/27/22   Page 7 of 10 PageID #: 951
Case 2:21-cr-00127   Document 165   Filed 07/06/23   Page 7 of 10 PageID #: 1690

AO 245B (Rev. 09/19)   Judgment in a Criminal Case
Sheet 4C — Probation

Judgment—Page 7 of 10

DEFENDANT: Raymond Dugan
CASE NUMBER: 2:21-cr-00127

# ADDITIONAL STANDARD CONDITIONS OF SUPERVISION

(4) The defendant must not possess or use a computer or other device (as defined in 18 U.S.C. § 1030(e)(1)) capable of Internet access until a Computer Use Agreement is developed and approved by the treatment provider and/or probation officer. Such approval will not be unreasonably withheld. Such computers, computer hardware or software possessed solely by the defendant is subject to searches and/or seizures by the probation office.

(5) The defendant shall provide the probation officer access to any requested financial records and authorize the release of any financial information.

(6) The defendant shall not purchase, possess, or consume alcohol, and the defendant shall not frequent any businesses whose primary function is to serve alcohol beverages.

(7) The defendant shall not engage in any forms of exhibitionism, voyeurism, obscene phone calls or other lewd or lascivious behavior toward a minor, nor engage in "grooming" behavior that is apt to attract, seduce reduce sexual resistance or inhibitions of a minor.

(8) The defendant shall not be employed in any position or participate as a volunteer in any activity that involves contact with minors without written permission from the probation officer, which shall not be unreasonably withheld. The defendant may not engage in an activity that involves being in a position of trust or authority over any minor.

(9) The defendant shall allow the U.S. Probation Officer, or other designee, to install software designed to monitor computer activities on any computer the defendant is authorized to use. This may include, but is not limited to, software that may record any and all activity on computers (as defined in 18 U.S.C. § 1030(e)(1)) the defendant may use, including the capture of keystrokes, application information, internet use history, email correspondence, and chat conversations. The defendant shall pay any costs related to the monitoring of computer usage at the direction of the probation officer.

(10) The defendant shall not possess pictures of minors for the purpose of sexual gratification.

(11) The defendant shall submit his or her person, property, house, residence, vehicle, papers, or office to a search conducted by a United States probation officer when there is reasonable suspicion that the defendant has violated a condition of supervision. Prior to the search, the Probation Officer must obtain approval for the search from the Court. The search must be conducted at a reasonable time and in a reasonable manner. Failure to submit to a search may be grounds for revocation of release. The defendant shall inform other occupants that the premises may be subject to searches pursuant to this condition.

Case 2:21-cr-00127  Document 135  Filed 07/06/23  Page 8 of 10 PageID #: 1691
AO 245B (Rev. 09/19) Judgment in a Criminal Case
Sheet 4D — Probation

Judgment—Page 8 of 10

DEFENDANT: Raymond Dugan
CASE NUMBER: 2:21-cr-00127

## SPECIAL CONDITIONS OF SUPERVISION

The defendant shall pay an additional special assessment of $5,000. The additional special assessment is due immediately.

The defendant must provide the probation officer with access to any requested financial information and authorize the release of any financial information. The probation office may share financial information with the U.S. Attorney's Office.

The defendant must not incur new credit charges or open additional lines of credit without the approval of the probation officer.

The defendant apply all monies received from income tax refunds, lottery winnings, judgments, and any other anticipated or unanticipated financial gains to any outstanding Court imposed monetary obligations.

The defendant must participate in a mental health treatment program and follow the rules and regulations of the program. The probation officer, in consultation with the treatment provider, will supervise your participation in the program.

The defendant must not use or possess alcohol.

The defendant shall cooperate with the IRS with regard to any civil audit of his personal and business taxes and shall file all tax returns and amended tax returns as required.

The defendant shall make third party risk notification to his current or any future employer while on supervised release or probation.

AO 245B (Rev. 09/19) Judgment in a Criminal Case
Sheet 5 — Criminal Monetary Penalties

Judgment — Page 9 of 10

DEFENDANT: Raymond Dugan
CASE NUMBER: 2:21-cr-00127

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|        | Assessment | Restitution | Fine | AVAA Assessment* | JVTA Assessment** |
|--------|------------|-------------|------|------------------|-------------------|
| TOTALS | $ 100.00   | $           | $    | $                | $ 5,000.00        |

☑ The determination of restitution is deferred until **1/12/2023**. An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss*** | **Restitution Ordered** | **Priority or Percentage** |
|-------------------|-----------------|-------------------------|----------------------------|
|                   |                 |                         |                            |
| TOTALS            | $ 0.00          | $ 0.00                  |                            |

☐ Restitution amount ordered pursuant to plea agreement   $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

  ☐ the interest requirement is waived for the   ☐ fine   ☐ restitution.

  ☐ the interest requirement for the   ☐ fine   ☐ restitution is modified as follows:

\* Amy, Vicky, and Andy Child Pornography Victim Assistance Act of 2018, Pub. L. No. 115-299.
\*\* Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22.
\*\*\* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

Case 2:21-cr-00127 Document 122 Filed 10/27/22 Page 10 of 10 PageID #: 954
Case 2:21-cr-00127 Document 165 Filed 07/06/23 Page 10 of 10 PageID #: 1693

AO 245B (Rev. 09/19) Judgment in a Criminal Case
Sheet 5A — Criminal Monetary Penalties

Judgment—Page   10   of   10

DEFENDANT: Raymond Dugan
CASE NUMBER: 2:21-cr-00127

## ADDITIONAL TERMS FOR CRIMINAL MONETARY PENALTIES

The $100 special assessment and the additional special assessment of $5,000 are due immediately.