```
              IN THE UNITED STATES DISTRICT COURT
           FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
                            CHARLESTON
```

**UNITED STATES OF AMERICA**

**v.**                                                  **CRIMINAL NO. 2:21-cr-00127**

**RAYMOND DUGAN**

### RESTITUTION MEMORANDUM OF THE UNITED STATES

Comes now the United States of America, by Julie M. White, Assistant United States Attorney for the Southern District of West Virginia, and hereby files a memorandum in support of the victims' previously filed requests for restitution in the above-captioned matter.

On August 2, 2022, Defendant's case was tried to a jury and Defendant was convicted on the sole count in the Superseding Indictment, accessing with intent to view child pornography. ECF No. 96, 98. On October 27, 2022, the Court held a sentencing hearing. After hearing from the parties, the Court sentenced Defendant to 54 months' incarceration, followed by 5 years of supervised release. ECF No. 121. At defense counsel's request, the issue of restitution was deferred. Defendant was ordered to place $17,000 in trust with the Clerk's Office pending a final determination of the issue of restitution. ECF No. 119.

1

The United States submits this memorandum to aid the Court in its determination of restitution in the above-captioned matter.

## I. Background on Child Pornography

In United States v. Morace, the Fourth Circuit observed that Congress has made clear its view that "child pornography crimes are serious offenses." 594 F.3d 340, 350 (4th Cir. 2010). In New York v. Ferber, the Supreme Court observed, "the exploitive use of children in the production of pornography has become a serious national problem." 458 U.S. 747, 749 (1982).

First, the harm done to the victims in cases of possession of child pornography constitutes a violation of the victims' rights to privacy. United States v. Norris, 159 F.3d 926, 929–30 (5th Cir. 1998); United States v. Sherman, 268 F.3d 539, 547 (7th Cir. 2001). Next, consumers of child pornography, such as Defendant, drive demand and therefore drive production, which involves child abuse. Paroline v. United States, 572 U.S. 434, 439–40 (2014). In United States v. Forrest, the Fourth Circuit connected the market for materials depicting child exploitation with the need to diminish demand by prohibiting possession and viewing of such materials. 429 F.3d 73, 79 (4th Cir. 2005). Finally, the harm caused by child pornography creates permanent memorialization of the depicted child's abuse, and "the harm to the child is exacerbated by [its] circulation." Ferber, 458 U.S. at 759.

The known victims identified by NCMEC must go through life knowing images and videos of their sexual abuse have been distributed, such that even Defendant possessed them.

## II. Legal Framework for Restitution

Under the Mandatory Restitution for Sexual Exploitation of Children Act, 18 U.S.C. § 2259, restitution is mandatory in this case. Further, restitution is to be ordered regardless of Defendant's ability to pay or the victim's receipt of compensation from some other source. Section 2259 obligates district courts to "order restitution for any offense under this chapter," including Defendant's offense under 18 U.S.C. § 2252A. See 18 U.S.C. § 2259(a), (b)(4)(A). The amount of restitution should equal "the full amount of the victim's losses," including "costs incurred, or that are reasonably projected to be incurred in the future" for, among other things, medical or psychological care, lost income, attorneys' fees, and "any other relevant losses incurred by the victim." 18 U.S.C. § 2259(b)(1), (c)(2).[1] The amount should include restitution for "future counseling expenses," United States v. Johnson, 680 F. App'x. 194, 200 (4th Cir. 2017) (unpublished) (citing, "e.g., United States v. Danser, 270 F.3d 451, 455 (7th

---

[1] A "victim" under § 2259 is "the individual harmed as a result of a commission of a crime under this chapter. In the case of a victim who is under 18 years of age … the legal guardian of the victim … may assume the crime victim's rights under this section … ." 18 U.S.C. § 2259(c)(4).

3

Cir. 2001)), "as long as the award is based on a reasonable estimate of those costs," United States v. Osman, 853 F.3d 1184, 1189-1190 (11th Cir. 2017) (citing United States v. Rogers, 758 F.3d 37, 39-40 (1st Cir. 2014); United States v. Pearson, 570 F.3d 480, 486-87 (2d Cir. 2009); United States v. Danser, 270 F.3d, 451, 455-56 (7th Cir. 2001); United States v. Julian, 242 F.3d 1245, 1246-48 (10th Cir. 2001); United States v. Laney, 189 F.3d 954, 966-67 (9th Cir. 1999)); and United States v. Hoskins, 876 F.3d 942, 946 (8th Cir. 2017).

Restitution orders are governed by the provisions set forth in 18 U.S.C. § 3664. 18 U.S.C. § 2259(b)(2). Under § 3664, the government must prove by a preponderance of the evidence "the amount of the loss sustained by a victim as a result of the offense." 18 U.S.C. § 3664(e). Section 3664 also provides a mechanism for further losses discovered after an initial restitution order has been entered. See § 3664(d)(5).

In Paroline, the Supreme Court addressed the application of § 2259 to child pornography offenders who, like Defendant, possessed images of child pornography but did not create the images or personally abuse the victims. 572 U.S. 434. The defendant, Paroline, had pled guilty to possessing two images of the victim in his case. The victim sought restitution because, as the court recognized, the original sexual abuse was "compounded by the distribution of images of her abuser's horrific acts, which meant

4

the wrongs inflicted upon her were in effect repeated; for she knew her humiliation and hurt were and would be renewed into the future as an ever-increasing number of wrongdoers witnessed the crimes against her." Id. at 441.

First, Paroline held that "[r]estitution is … proper under § 2259 only to the extent the defendant's offense proximately caused a victim's losses" and that that standard can be satisfied even where the victim does not know the defendant and where "none of [the victim's] claimed losses flowed from any specific knowledge about him or his offense conduct." 572 U.S. at 448, 450, 442. "[T]he victim's costs of treatment and lost income resulting from the trauma of knowing that images of her abuse are being viewed over and over are direct and foreseeable results of child pornography crimes, including possession, assuming the prerequisite of factual causation is satisfied." Id. at 449.

Second, Paroline addressed how courts should determine the "full amount" of losses "that are the proximate result of the offense conduct of a particular defendant who is one of thousands who have possessed and will in the future possess the victim's images but who has no other connection to the victim." Paroline, 572 U.S. at 449. The Court explained that "[t]he cause of the victim's general losses is the trade in her images," and a defendant who views her images is "a part of that cause." Id. at 456.

5

With these considerations in mind, Paroline concluded that a court should use its discretion to determine "restitution in an amount that comports with the defendant's relative role in the causal process that underlines the victim's general losses." 572 U.S. at 458-60, 462.

Subsequent to Paroline, Congress passed the Amy, Vicky, and Andy Child Pornography Victim Assistance Act of 2018 (AVAA). Among other provisions, the AVAA requires that after a determination of restitution is made, the court "shall order restitution in an amount that reflects the defendant's relative role in the causal process that underlies the victim's losses, but which is no less than $3,000." 18 U.S.C. § 2259 (b)(2)(B). Thus, a minimum restitution amount of $3,000 is required for each victim.

Future losses have been found to be reasonably ascertained when supported by the conclusions of licensed psychologists that have some knowledge of the child who has been abused. See e.g., Danser, 270 F.3d at 455. The Eighth Circuit has also held that restitution based on future losses may be properly awarded to victims whose images were possessed by a defendant in child pornography offenses. United States v. Funke, 846 F.3d 998, 1001 (8th Cir. 2017). In Funke, the Court held that, "[F]ive circuits hold that future losses are compensable under section 2259. See United States v. Rogers, 758 F.3d 37, 39 (1st Cir. 2014) (affirming restitution based on "an estimate of Vicky's future therapy costs,

6

occasioned by defendant's conduct"); United States v. Pearson, 570 F.3d 480, 486 (2nd Cir. 2009) (holding that costs incurred "may include restitution for estimated future medical expenses"); United States v. Danser, 270 F.3d 451, 455 (7th Cir. 2001) (holding that future counseling expenses are compensable under § 2559); United States v. Julian, 242 F.3d 1245, 1246-48 (10th Cir. 2001); United States v. Laney, 189 F.3d 954, 966-67 (9th Cir. 1999)(same)." Funke, 846 F.3d at 1001.

The Eleventh Circuit's decision in Osman illustrates the point. There, the defendant was ordered to pay restitution to his young daughter, of whom he took and shared images of him sexually abusing and molesting when she was an infant. 853 F.3d at 1185. The restitution amount accounted for the victim's predicted losses and future counseling expenses as predicted by a licensed counselor experienced in working with trauma victims. Id. at 1186, 1190-92. The Eleventh Circuit affirmed, reasoning that "[t]here can be no doubt that [the victim] eventually will learn of the abuse and her father's incarceration in connection with that abuse, either from her mother or through her own research." Id. at 1190-91. The court also relied on the psychologist's conclusion that "the question was not whether [the victim] would learn of the abuse, only when." Id. at 1191. The court concluded that therapy would inevitably be necessary at some relevant time in the future. Id. at 1192.

7

## III. <u>RESTITUTION</u>

In this matter, five victims have requested restitution – April, Jenny, Maureen, Patty, and Moca. PSR ¶¶ 140-146. Defense counsel has raised objections to all five requests.

Defense counsel has been provided with the requests and supporting documentation received from all five victims. While the United States is unable to negotiate the amounts requested by each victim, defense counsel is able to directly negotiate final restitution amounts with each victim's legal representative. The United States has explained that many victims' representatives are willing to negotiate amounts and often do so when approached by defense counsel. The United States has repeatedly encouraged defense counsel to reach out to the victims' legal representatives to resolve the outstanding restitution issues in this matter.

The summary chart attached as sealed Exhibit One indicates the outstanding requests, as well as information to aid the Court in making its determination. Each victim has provided a victim impact statement, as well as reports and evaluations to support the claim for restitution in this matter. Given the information submitted for each child requesting restitution, the United States believes there is a more than sufficient basis to support orders for restitution in the amounts requested by each victim.

## IV.   CONCLUSION

The United States respectfully requests that restitution be ordered in accord with the requests previously submitted and the additional information provided herein.


Respectfully submitted,

WILLIAM S. THOMPSON
United States Attorney


By:   s/Julie M. White
      JULIE M. WHITE
      Assistant United States Attorney
      WV State Bar No. 13971
      300 Virginia Street East Room 4000
      Charleston, WV  25301
      Telephone:  304-345-2200
      Fax:  304-347-5104
      E-mail: Julie.white@usdoj.gov