IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

UNITED STATES OF AMERICA,

v.                                        CRIMINAL ACTION NO. 2:21-cr-00127

RAYMOND DUGAN


## ORDER

On October 27, 2022, the court sentenced Defendant Raymond Dugan to a 54-month term of imprisonment, followed by 5 years of supervised release, after he was found guilty of Accessing with Intent to View Child Pornography in violation of 18 U.S.C. §§ 2252A(a)(5)(B) and 2252A(b)(2). [ECF No. 118]. The court also ordered Mr. Dugan to pay a $100 mandatory special assessment and a $5,000 special assessment under the Justice for Victims of Trafficking Act. *Id.* The court, however, refrained from imposing restitution at the sentencing hearing because the United States failed to timely provide defense counsel with documentation supporting its proposed restitution amount of $17,000. [ECF No. 155, at 3:14–4:3]. Instead, I directed Mr. Dugan to deposit $17,000 with the Clerk to hold in trust until I resolved the issue of restitution. [ECF No. 119]. Mr. Dugan deposited the funds on December 30, 2022. [ECF No. 135].

On July 17, 2023, the court held a restitution hearing to determine the amount of restitution Mr. Dugan owes to five victims of his crime. [ECF No. 170]. At the hearing, the court heard arguments from the United States and defense counsel on the issue of restitution, and at the end of the hearing, both parties agreed to the court finalizing the restitution award in writing. *Id.*

18 U.S.C. § 2259(b)(2) states that a court *shall* order a defendant convicted of trafficking in child pornography to pay at least $3,000 in restitution to each of his or her victims. "The issuance of a restitution order under this section is mandatory," 18 U.S.C. § 2259(b)(4)(A), and the court may not decline to enter an award of restitution because of "the economic circumstances of the defendant," *id.* § 2259(b)(4)(B)(i).

In fixing restitution, the court must first calculate "the full amount of the victim's losses that were incurred or are reasonably projected to be incurred by the victim as a result of the trafficking in child pornography depicting the victim." *Id.* § 2259(b)(2)(A). Then, the court must "order restitution in an amount that reflects the defendant's relative role in the causal process that underlies the victim's losses." *Id.* § 2259(b)(2)(B). It is the United States' burden to quantify, by a preponderance of the evidence, a victim's losses resulting from the defendant's crime. *Id.* § 3664(e).

The United States Supreme Court has recognized that calculating restitution "involves the [court's] use of discretion and sound judgment." *Paroline v. United States*, 572 U.S. 434, 459 (2014). To aid district judges, the Court has suggested

several factors they might consider in determining a proper amount of restitution, including:

> the number of past criminal defendants found to have contributed to the victim's general losses; reasonable predictions of the number of future offenders likely to be caught and convicted for crimes contributing to the victim's general losses; any available and reasonably reliable estimate of the broader number of offenders involved (most of whom will, of course, never be caught or convicted); whether the defendant reproduced or distributed images of the victim; whether the defendant had any connection to the initial production of the images; how many images of the victim the defendant possessed; and other facts relevant to the defendant's relative causal role.

*Id.* at 460.

This court has thoroughly examined the evidence presented by the Government and analyzed the factors delineated by the Supreme Court. After careful consideration, the court **ORDERS** Mr. Dugan to pay restitution to the five victims in the following amounts: (1) $7,000 to Jenny; (2) $4,000 to Patty; (3) $3,000 to Maureen; (4) $5,000 to April; and (5) $3,000 to Moca. The total amount of restitution equals $22,000.

As previously stated, Mr. Dugan has already deposited $17,000 with the Clerk. The defendant shall pay the remaining restitution amount of $5,000 with interest during his term of incarceration through participation in the Bureau of Prisons' Inmate Financial Responsibility Program in quarterly installments of $25, with any balance to be paid through monthly installments of no less than $100 during his term of supervised release with the first installment to be paid within 30 days of release

3

from incarceration, until the full amount has been paid. Payments shall be paid to the Clerk of the Court at the following address: United States District Clerk's Office, Robert C. Byrd Federal Building, United States Courthouse, 300 Virginia Street East, Charleston, West Virginia, 25301.

The court recognizes this case is currently on appeal to the United States Court of Appeals for the Fourth Circuit.[1] [ECF No. 125]. The court therefore **DIRECTS** the Clerk to continue to hold in trust the $17,000 previously deposited by Mr. Dugan pending the resolution of his appeal. Additionally, the Clerk shall hold in trust Mr. Dugan's quarterly installments toward restitution. If the restitution award is affirmed, I will direct the Clerk to disburse the money, pro rata, to the victims at the following addresses:

- Marsh Law Firm PLLC, in trust for Jenny, P.O. Box 4668 #65135, New York, NY 10163-4668;
- Jones Day, in trust for Patty, Attn: Kelly Locher, 500 Grant St., Ste. 4500, Pittsburg, PA 15219-2514;
- Deborah A. Bianco, in trust for Maureen, P.O. Box 6503, Bellevue, WA 98008;
- Restore the Child, PLLC, in trust for April, 2522 N. Proctor St., Ste. 85, Tacoma, Washington, 98406; and
- Jones Day, in trust for Moca, Attn: Kaela Palmiter, 1221 Peachtree St. N.E., Ste. 400, Atlanta, Georgia 30361.

Upon Mr. Dugan's release, the Clerk shall likewise distribute his monthly restitution installments, pro rata, to the victims at the same addresses.

---

[1] On February 17, 2023, the Fourth Circuit remanded this case to this court for the limited purpose of determining restitution. [ECF No. 151].

4

The court **DIRECTS** the Clerk to send a copy of this Order to the defendant and counsel, the United States Attorney, the United States Probation Office, and the United States Marshal.

ENTER:     July 18, 2023

JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE

5